IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

FILED
MAR 30 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

No objection having been timely filed pursuant to the Local Rules for the District of Rhode Island, the within motion is hereby granted.
Deputy Clerk
Date: 4/15/05

JAMES C. MARCELLO, et al ]
Plaintiffs ]
vs. ] CA NO. 05-004 ML
JOHN A. DESANO, et al ]
Defendants ]

**PLAINTIFFS MOTION TO AMEND COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

Now comes plaintiffs, and hereby moves this honorable court, and prays for leave to amend their complaint by fixing the "State of Rhode Island" as the real party defendant to the suit,as a nexus joint participant with the named private party defendants and the named local official defendant, who all acted under color of state law, and whose conduct is chargeable to the state, without the sovereign's consent.

In support of this motion to amend complaint, plaintiffs rely on their memorandum of law as follows:

**Memorandum of Law**

There Are 2 Reasons Why The Plaintiffs Should Be Permitted Leave To Amend Complaint:

**1st Reason**

**PLAINTIFFS SUIT IS IN REALITY AGAINST THE STATE OF RHODE ISLAND**

The criminal justice system is a division of the state by



19

which the other named private party defendants and named local official defendant, while acting under color of state law, were drapped with the power of the state, to cast willfully the plaintiff husband into the prison systems twice claiming he was a trespasser in his own home, and further through the plaintiffs wife to the side of the road, knowing her disability needs and disregarding them, never processing the charge, but moving the state criminal justice system in submission to their tyrannical abuse, violating all constitutional rights of plaintiffs with intent to maliciously bring injury to them.

But for the state's willful permission of these deliberated and harmful acts, beneath it's noise, the plaintiffs real property and personal property in approximate value of ($600,000.00), would not have been fraudulently sold and stolen while he plaintiff husband was illegally held in prison and she plaintiff wife was left homeless, as purposely designed by the state and it's co-defendants.

59 Corpus Juris Law § 463 Provides:

**[§ 463] What Constitutes Suits against States:**

**Although there are a considerable number of early cases to the contrary, it is now well settled that the question of whether a particular suit is one against a state is not to be determined solely by reference to the nominal parties to the record, and the fact that the state is not named as a party defendant does not conclusively establish that the suit is not within the rule prohibiting suits against the sovereign without its consent. (73) [R.I.--GLADDING V. ATCHISON, 115 A. 423, 44 R.I. 69.]**

## 2nd Reason

**PLAINTIFFS PRO SE LITIGANTS ARE ENTITLED TO AMEND COMPLAINT TO STATE CAUSE OF ACTION, AFFORDED OPPORTUNITY TO STATE CIVIL RIGHTS CLAIM, WHEN JUSTICE REQUIRES PARTICULARITY**

Plaintiffs have not yet had benefit of discovery, and have been delayed by the clerk's office in sealing, dating, and signing two summons addressed to the governor and attorney general of Rhode Island on behalf of the state of Rhode Island as a real party defendant in this suit. Furthermore, plaintiff needs to provide particularity, as a bill of particulars, to the defendants, siting the numerous constititional crimes committed, as a fair opportunity to defendants in respect to their due process rights under the law. (SEE ATT SUMS & CLK LET AT ADD:1-3)

Title 42 USCS Law § 1983 Provides:

**§ 1983, n 1992. c. Amendment of Complaint:**

**Leave to amend complaint should be freely given when justice requires particularity in case of pro se civil rights plaintiff who has not yet had the benefit of discovery. MATHIS V. CLERK OF FIRST DEPT. APPELLATE DIV. (1986, SD NY) 631 F Supp 232 (criticized in CURRO V WATSON (1995, ED NY) 884 F Supp 708).**

**When plaintiff is permitted to amend complaint to add allegations required to state cause of action under 42 USCS § 1983, defendant should also be afforded opportunity to file answer raising defense of qualified immunity. KELSON V SPRIINGFIELD (1985, CA9 Or) 767 F2d 651 (criticized in ROBLE-VAZQUEZ V GARCIA (1997, CA1 Puerto Rico) 110 F3d 204, 37 FR Serv 3d 517) and criticized in HARBURY V DEUTCH (1999, DC Dist Col) 1999 US Dit LEXIS 22414).**

Complaint alleging violation of 42 USCS § 1983 and § 1985 must be specifically pleaded in order to avoid motion to dismiss, however, this rule is not intended to be applied so as to subvert liberal policy favoring amendment of complaints as expresed in FRCivP Rule 15(a), and considerations underlying requirement of specificity must be balanced against equally important policies that pro se litigants not be denied opportunity to state civil rights claim because of techicalities, and that litigation, where possible, shoulbe decided on the merits. KAUFFMAN V MOSS (1970, CA3 Pa) 420 F2d 1270, cert den (1970) 400 Us 846, 27 L Ed 2d 84, 91 S Ct 93 and (criticized in JONES BY + THROUGHT JONES V BERWICK AREA SCH. DIST. (1995, MD Pa) 1995 US Dist LEXIS 21164).

## CONCLUSION

WHEREFORE, the plaintiffs pray:

1. That the motion to amend complaint may be permitted.

2. That the court may order the clerk to seal, sign, and date, the necessary summons attached to plaintiff motion.

3. That the court may fix a time framed for plaintiff's service of process of the amended complaint and the necesary service of summons upon the governor and/or attorney general of Rhode Island on the behalf of defendant state.

4. That the plaintiff may have any and all other relief as this honorable court deems necessary and just.

Respectively Submitted,

Olivia Marcello

James Marcello

JAMES C. MARCELLO
OLIVIA A MARCELLO
152 Cross Rd.
Stetson, ME 04488
(207) 296-3433

**CERTIFICATION**

I hereby certify, that I mailed a copy of the within on MARCH 26, 2005, by regular mail, postage prepaid, to counsels of record as below:

Marc DeSisto(#2757)
211 Angell Street
Providence, RI 02906-2563
(401) 272-4442

Robert W Smith(#1874)
155 South Main Street
Providence, RI 02903
(401) 751-4124

James Marcello

JAMES C. MARCELLO