**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES C. MARCELLO AND**
**OLIVIA A. MARCELLO**

**V.** **C.A. NO. 05-004 ML**

**JOHN A. DESANO, ET AL.**

**MOTION TO DISMISS**

Now come Defendants, State of Rhode Island (the "State"), Governor Donald Carcieri (the "Governor") and Attorney General Patrick Lynch (the "Attorney General") (collectively, the "State" or "Defendants") and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss the Amended Bill of Complaint filed by pro se Plaintiffs, James C. Marcello and Olivia A. Marcello ("Plaintiffs"), for failure to state a claim on which relief can be granted. In support hereof, Defendants respectfully submit the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully request that the Motion Dismiss be granted; that the Amended Bill of Complaint be denied and dismissed with prejudice; and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

25

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Motion to Dismiss by first class mail, postage pre-paid, on this 24th day of May, 2005 to those indicated below:

Melissa Sitfmez

**James C. Marcello and Olivia A. Marcello, pro se**
152 Cross Road
Stetson, ME 04488

**Marc DeSisto, Esquire**
DESISTO LAW
211 Angell Street
Providence, RI 02906

**Robert W. Smith, Esquire**
ARMSTRONG, GIBBONS AND GNYS
155 South Main Street
Providence, RI 02903

FILED
MAY 2 4 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

**JAMES C. MARCELLO AND
OLIVIA A. MARCELLO**

**V.** **C.A. NO. 05-004 ML**

**JOHN A. DESANO, ET AL.**

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS AMENDED BILL OF COMPLAINT**

**INTRODUCTION**

This Memorandum of Law supports the Motion to Dismiss Amend Bill of Complaint (the "Complaint") filed by Defendants, State of Rhode Island (the "State"), Governor Donald Carcieri (the "Governor") and Attorney General Patrick Lynch (the "Attorney General") (collectively, the "State" or "Defendants"), pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

With all due respect, Defendants hereby oppose the misguided and futile attempt by pro se Plaintiffs, James C. Marcello and Olivia A. Marcello ("Plaintiffs" or the "Marcellos"), to sue the Governor and Attorney General. For the reasons set forth, Defendants respectfully request that the Motion to Dismiss be granted; that Plaintiffs' Amended Bill of Complaint be denied and dismissed with prejudice; and such other and further relief as justice may require.

**PLAINTIFFS' COMPLAINT**

Plaintiffs' pro se Complaint, fairly read and liberally construed, alleges the following. The Marcellos are citizens of the State of Maine. The named Defendants are Attorneys John P. DiSano and Bernard P. Healy; Town of Barrington Police Chief John LaCross; Barrington residents Albert Mastriano and Arthur T. Marcello; and the State of Rhode Island by and through Governor Carcieri and Attorney General Lynch. Complaint, ¶ 2.

Allegedly, on August 13, 2003, DeSano, Healy, Marcello and Mastriano conspired with Chief LaCross "to commit crimes against the constitutional rights of the plaintiffs...by depriving them of their 'Life, liberty and Property' without due process of law." Complaint, ¶ 3. Plaintiffs invoke 42 U.S.C. § 1983. Id. Plaintiffs further aver that on December 10, 2003, these same Defendants committed the same crimes and deprivation. Complaint, ¶ 4.

In addition, Plaintiffs allege that Defendants entered into a RICO enterprise in violation of 18 U.S.C. § 1961. Complaint, ¶ 5. Lastly, Plaintiffs aver that on February 6, 2004, Diamond Funding Corporation President Ava Martinelli "engaged in a fraudulent scheme with said defendants in financing and assigning the mortgage...of the said embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, RI." Complaint, ¶ 6. Plaintiffs pray for $1.5 Million, the vacation of "the fraudulent sale," "possession" of the premises, and that "the occupant purchasers...be ordered to vacate the premises." Complaint, page 3.

Clearly, the Marcellos assert a legal dispute over real estate located in Barrington. Accordingly, they sue the parties involved in the matter. However, there are no allegations whatsoever as to the State of Rhode Island, the Governor or the Attorney General. Plainly, the State's executive and chief law enforcement officer had no involvement in the Barrington real estate matter. Indeed, their only mention in the Complaint is in the so-called "prayer for process:" "commanding them [all Defendants, including the Governor and Attorney General]...to appear before this Honorable Court to answer under oath all and singular the matters and things hereinbefore set forth and complained of... ." Complaint, page 4.

**ARGUMENT**

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading a claim for relief in a civil action. A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). In Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957), our Supreme Court stated:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Even in a civil rights case, there is no "heightened pleading standard;" instead, there is a "liberal system of 'notice pleading' set up by the Federal Rules." Leatherman v. Tarrant County, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993). The First Circuit, however, recognizes the limits of liberality in Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995):

> The bottom line is simply this: while courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him. [Citations omitted.] A fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest. [Citation omitted.]

Earlier this year, in Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005), the First Circuit affirmed Rule 12(b)(6) dismissal of constitutional and civil rights claims, reasoning:

> In considering a motion to dismiss for failure to state a claim, a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff. ... A complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Citations and quotations marks omitted.)

Applying these teachings, liberal "notice pleading" notwithstanding, the Marcellos' Complaint clearly cannot survive Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. Even when this pro se Complaint is "h[e]ld to less stringent standards than formal pleadings drafted by lawyers", Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), there are simply no allegations or claims as against the State, the Governor or the Attorney General. Thus, the Complaint should be dismissed.

## CONCLUSION

Accordingly, and with all due respect to the pro se Plaintiffs, the Complaint absolutely fails to state a claim against the Governor and Attorney General. Therefore, for the reasons set forth above, Defendants, Governor Carcieri and Attorney General Lynch, respectfully request that their Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) be granted; that Plaintiffs' Amended Bill of Complaint be denied and dismissed with prejudice; and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANTS

Governor Donald Carcieri and
Attorney General Patrick Lynch

By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum of Law by first class mail, postage pre-paid, on this 24th day of May, 2005 to those indicated below:

Melissa L DiFruscio

**James C. Marcello and Olivia A. Marcello, pro se**
152 Cross Road
Stetson, ME 04488

**Marc DeSisto, Esquire**
DESISTO LAW
211 Angell Street
Providence, RI 02906

**Robert W. Smith, Esquire**
ARMSTRONG, GIBBONS AND GNYS
155 South Main Street
Providence, RI 02903