IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARCELLO, et<br><br>Plaintiffs<br><br>vs.<br><br>DESANO, et al and the<br>STATE OF RHODE ISLAND<br><br>Defendants | CA NO. 05 004 ML |

**OBJECTION TO MOTION TO DISMISS**

Now come Plaintiffs, James C. Marcello and Olivia A. Marcello, and hereby object to "State" or "Defendants" motion to dismiss respectively dated May 24, 2005 and for good cause shown. In support hereof, Plaintiffs respectively submit the accompanying Memorandum of Law.

**WHEREFORE,** Plaintiffs respectively request that the Objection to Motion to Dismiss be granted, that the "State" Motion to Dismiss be denied with prejudice; and such other and further relief as justice may require.

Respectively Submitted,

JAMES C. MARCELLO
OLIVIA A. MARCELLO
152 Cross Road
Stetson, ME 04488
(207) 296-3433

IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARCELLO, et al | ) | |
| Plaintiff | ) | |
| vs. | ) | CA NO. 05 004 ML |
| DESANO, et al and the "STATE OF RI" | ) | |
| Defendants | ) | |

## PLAINTIFFS' OBJECTION TO STATES' MOTION TO DISMISS WITH INCORPORATED SUPPORTING MEMORANDUM OF LAW

### COUNTER-INTRODUCTION

This Memorandum of Law supports the Objection to Motion to Dismiss, filed by plaintiffs, James C. Marcello and Olivia A. Marcello

With all due counter-respect, plaintiffs hereby object to the mis-interpreted and diversive attempt by the defendants "STATE OF RI" through represented attorney Thomas a. Palombo,(#4212) pretending that the Governor and Attorney General Patrick Lynch are being sued. States Motion to Dismiss p.1 ¶ 2. For the reasons set forth, plaintiffs respectively request that the State's Motion to Dismiss be denied with prejudice.

### STATES' MOTION TO DISMISS

State's motion to dismiss alleges the following. There are no allegations whatsoever as to the State of Rhode Island, the Governor or the Attorney General (involved). The State's executive and chief law enforcement officer had no involvement in the Barrington real estate matter. State's M Dismiss p.2 ¶ 3.

**ARGUMENT**

There Are 4 Reasons Why The Defendant "State of Rhode Island's" Motio To Dismiss Should Be Denied and The Suit Proceed To Trial:

**1. STATE'S MOTION ADMITTS BEING MISCONSTRUED**

The state has interpreted the service upon the Attorney General of RI Mr. Patrick Lynch and the Governor of RI Mr. Donald Carcieri as a suit against the "them" personally as grounds of dismissal. See State's Motion P.1, ¶ 2. This is a mere misconstrued interpretation and without basis in law as substantial grounds for dismissal.

RIGL § 9-31-7 provides:

> **ATTORNEY FOR SERVICE.**-- In any action pursuant to this chapter against the state of Rhode Island, the attorney general is hereby designated as attorney for service for the state in the action.

59 CORPUS JURIS § 489 provides:

> **PROCESS AND APPEARANCE.**-- If a statute specifically designates that process, in an aciton, against a state shall be served upon the governor or attorney-general, the court can acquire no jurisdiction over the state by service of process upon some other officer. (Company A, First Regiment, National Guard Training School v. State, 224 N.W. 661, 58 N.D. 66.).

**2. DEFENDANT CHIEF LAW ENFORCEMENT OFFICER WAS INVOLVED**

The state has denied that Chief John LaCross of the Barrington Police Department had no envolvement in the Barrington real estate matter. See State's Motion P.2, ¶ 3. This in entirely not true. The Defendant state official Chief John LaCross was directly involved with (2) illegal arrests, (2)

illegal incarserations, (2) illegal alledged violations of alledged probations, (1) conspiracy to commit said plaintiff to IMH facility, (2) obstructions of justice, (1) conspiracy with co-defendants to embezzle and fraudulently convert plaintiffs real estate, (2) violation of federal Constituional Laws of said plaintiffs (VI and XIV Amendments) without due process of law; to wit the state of Rhode Island has denied representation thereof.

RIGL § 9-31-8 provides:

> DEFENSE OF STATE EMPLOYEES - ATTORNEY GENERAL. - Except as provided in § 9-31-9, the attorney general shall, upon written request of an employee or former employee of the state of Rhode Island, defend any action brought against the state employee or former state employee, on account of an act or omission that occurred within the scope of his or her employment with the state.

Chief John LaCross acted under color of state law and committed numerous offenses against said plaintiff's constitutional rights, and has been denied defense representation from the attorney general's office because of his conduct being determined as fraud, willful misconduct, or actual malice and not in scope of legal employment, to which he had to hire a private attorney for such misconduct alledged.

RIGL § 9-31-9 provides:

> REFUSAL TO DEFEND -- ATTORNEY GENERAL. -- The attorney general may refuse to defend an action referred to in § 9-31-8 if he or she determines that: (1) The act or omission was not within the scope of employment; (2) The act or the failure to act was because of actual fraud, willful misconduct, or actual malice;

3. <u>COMPLAINT ALLEDGES CONDUCT COMMITTED UNDER COLOR OF STATE LAW BETWEEN STATE & PRIVATE INDIVIDUALS & SUFFICIENT NEXUS</u>

The Defendant "State's" Motion asserted grounds for dismissal under R12(b)(6) for failure to state a claim upon which relief can be granted, is unfounded against the sufficiency presented in said Plaintiffs' Amended Complaint dated 4/25/05, and further unfounded against said Plaintiffs' Certified Notice of Law Suit with attached Original Complaint and attached Motion to Amend Complaint with Memorandum of Law dated and certified served 4/4/05 on Attorney General Patrick Lynch and Governor Donald Carceiri. See State's Motion P.1 ¶ 1.

A copy of the Plaintiffs Certified Notice of Law Suit with attached Original Complaint and attached Plaintiffs Motion to Amend Complaint dated 4/4/05 is viewed at (ADD:<u>1-16 </u>).

42 USCS § 1983, n 1998 provides:

<u>COLOR OF STATE LAW</u>

> Complaint alledging conduct committed under color of state law will not be dismissed for failure to state claim merely because plaintiff fails to recite words "under color of state law" (<u>Verment v Hough</u> (1984 WD Mich) 606 F Supp 732, 37 BNA FEP Cas 1624).

Plaintiffs' Amend Complaint alledged conduct under color of state law. See Plaintiffs' Amend Complaint P.2 ¶ 3 + ¶ 4. Defendant "<u>State's Motion recites in ommission</u> plaitniffs' amended complaint "under color of state law". See State's Motion P.2 ¶ 1.

> To state claim of action taken under color of state law within meaning of 42 USCS § 1983, relationship or nature of cooperation between state and private individual must be pled in some detail. (<u>Glaros v Perse</u> (1980, CA1 Mass) 628 F2d 679, 30 RF Serv 2d 52)

Plaintiffs' Amended Complaint and Certified Notice of Law Suit with attached Original Complaint and Motion to Amend Complaint served certified on Attorney General Patrick Lynch and Governor Donald Carcieri, shows sufficient nexus between conduct complained of and state to attribute conduct to state. See Plaintiffs Amend Complaint P.2 ¶ 3 thru 5, P.3 ¶ 6. See Plaintiffs' Motion to Amend Complaint P.1 thru 5.

> In 42 USCS § 1983 action it is not proper to enter judgment for defendants based on lack of "state action" if in complex of facts and regulations present at this stage there is sufficient nexus between conduct complained of and state to attribute conduct to state. (Roberts v Louisiana Downs, Inc. (1984, CA5 La) 742 F2d 221.

**4. PLAINTIFF FILED PETITION FOR REMOVAL AND ENJOINER OF PERSONS NEEDED FOR JUST ADJUDICATION PURSUANT TO RULE 19**

On April 31, 2005, Plaintiffs filed in the USDC of RI a Petition for Removal of a state court action in the Providence Superior Court to be enjoined with this action (CA NO. PC-04-3972 - James C Marcello vs. Nuno C. Neves and Natalia Paiva-Neves) for trespass, ejectment, and to try title. Because prejudice or local influence exist in all the state court systems and in the action pending in said Superior Court, and as alledged by plaintiff that said defendants before this court in this action are controlling the state court systems as a superstructural control, and that these named defendants in said Superior Court has purchased plaintiffs stolen real estate property from said named defendants in this action, and plaintiffs relief requested indicates removing them from premises, vacating the fraudulent sale, they, the said defendants in Superior Court are in fact that any judgment of

this court in this action will, in the absence of the joiner, would impede their ability to protect themselves, complete relief may not be accorded among those already parties, etc.

Plaintiffs' received the State's Motion to Dismiss on above June 28, 2005, due to the 400 mile distant outside of Bangor Maine from the Providence RI.

F.R.Civ.P. RULE 19 provides:

> JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION.
> (a) Persons to be joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:
> (1) in the person's absence complete relief cannot be accorded among those already parties, or
> (2) the person claims an interest to the subject of the action and is so situated that the disposition of the action in the person's absence may
> (i) as a practical matter impair or impede the person's ability to protect that interest or
> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

A Copy of a purported executor's deed indicating on it's face the named defendant before this court, Arthur T Marcello, purporting to sell an alledged estate of said plaintiff's deceased father, Rudolph N. Marcello, a/k/a Nicholas F Marcello, to the named defendants in the Superior Court action, Nuno C. Neves and Natalia Paiva-Neves, in the alledged amount of ($275,000.00) on February 6, 2004, with attached exhibit deed, is viewed at (ADD:17-21).

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs Pray:

1. That the State's Motion to Dismiss shall be **DENIED.**

2. That in the alternative, the court shall order a hearing on the matter of said State's Motion to Dismiss and Plaintiffs' Objection.

3. That the court may order the clerk to schedule above said necessary hearing at 1:00 p.m. the earliest for accommodating said plaintiffs travel from Bangor Maine to Providence RI.

4. That the court shall order a stay of the above said proceedings stated till decision on said plaintiffs petition for removal and enjoiner of actions.

5. That the court shall grant any and all other relief to the plaintiffs as the circumstances of the case and justice requires.

Respectively Submitted,

James Marcello

JAMES C. MARCELLO
OLIVIA A. MARCELLO
152 Cross Road
Stetson, ME 04488
(207) 296-3433

IN THE

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF RHODE ISLAND

C.A. NO. 05-004 ML

JAMES C. MARCELLO & OLIVIA A. MARCELLO

- Plaintiffs -

vs.

ATTS: JOHN A. DESANO & BERNARD P. HEALY
CHIEF JOHN LACROSS, ARTHUR T. MARCELLO, ALBERT MASTRIANO
and the "STATE OF RHODE ISLAND"

## PROOF OF SERVICE

I James C. Marcello, hereby certify that I have mailed a conformed copy of the PLAINTIFFS' OBJECTION TO STATES MOTION TO DISMISS WITH INCORPORATED SUPPORTING MEMORANDUM OF LAW & ADDENDUM on **JUNE 3, 2005**, by regular mail, postage prepaid as specified below to the following:

| | | |
|---|---|---|
| Marc DeSisto(#2757) | Robert Smith(#1874) | Thomas Palombo(#4212 |
| 211 Angell St | 155 S Main St | Assistant At General |
| POB 2563 | Providence, RI 02903 | 150 S Main St |
| Providence, RI 02906 | 401 751 4124 | Providence, RI 02903 |
| 401 262 4442 | | 401 274 4400 |

I swear under penalty of perjury this is true and correct.

Respectively Submitted,

James Marcello

JAMES C MARCELLO
152 Cross Rd
Stetson, ME 04488
(207) 296-3433