UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO AND
OLIVIA A. MARCELLO

V. C.A. NO. 05-004 ML

JOHN A. DESANO, ET AL.

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants, State, Carcieri and Lynch, respectfully submit this brief Reply Memorandum of Law in response to Plaintiffs' Memorandum in Opposition (Opp. Memo.) to the Motion to Dismiss filed by Defendants.

First, Defendants recognize that Plaintiffs served the State by and through the Attorney General and Governor. (Opp. Memo. at 3.) Plaintiffs' Complaint, however, fails to state a claim against the State. Indeed, there are plainly no allegations as to any act or omission by State officials or employees.

Second, Barrington Police Chief John LaCross is not a "state official" as Plaintiffs argue. (Opp. Memo. at 3-4.) He is a town police chief. Under the case law, his acts or omissions may be "state action;" however, Plaintiffs are misguided to think this means they can sue the State, Governor and Attorney General. In addition, the Attorney General has no statutory duty under R.I. Gen. Laws § 9-31-8 to defend Chief LaCross. Plaintiffs misread and misunderstand the statute. (Opp. Memo. at 4.) Moreover, the Attorney General has not refused to defend Chief LaCross pursuant to R.I. Gen. Laws § 9-31-9 (Opp. Memo. at 4.) and has made no determination whatsoever under said statute.

Third, contrary to Plaintiffs' argument (Opp. Memo. at 5-6), there is no "sufficient nexus between the conduct complained of and state to attribute conduct to

state." The papers Plaintiffs have filed in this case aver constitutional and civil rights claims against Barrington's police chief and private parties arising from a real estate matter. These allegations have no nexus to and are not attributable to the State.

Fourth and lastly, Plaintiffs' argument (Opp. Memo. at 6-7.) as to "petition for removal" and "joinder" have no bearing on whether the State is a proper party Defendant in this civil action. Plaintiffs wrongly and without basis assert that the State is a necessary party for the just adjudication of this case. Finally, Plaintiffs' bald statement as to "prejudice and local influence" are not worthy of a response.

Therefore, for the reasons set forth herein and in the initial Memorandum, Defendants respectfully request that their Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss be granted; that Plaintiffs' Amended Bill of Complaint as against Defendants be denied and dismissed, with prejudice; and other and further relief as justice may require.

Respectfully submitted,

DEFENDANTS

Governor Donald Carcieri and
Attorney General Patrick Lynch

By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum of Law by first class mail, postage pre-paid, on this 8th day of June, 2005 to those indicated below:

Melissa S DiFonzo

**James C. Marcello and Olivia A. Marcello, pro se**
152 Cross Road
Stetson, ME 04488

**Marc DeSisto, Esquire**
DESISTO LAW
211 Angell Street
Providence, RI 02906

**Robert W. Smith, Esquire**
ARMSTRONG, GIBBONS AND GNYS
155 South Main Street
Providence, RI 02903