IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARCELLO, et al<br><br>Plaintiffs<br><br>vs.<br><br>DESANO, et al and the "STATE OF RHODE ISLAND"<br><br>Defendants | CA NO. 05 004 ML |

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF OBJECTION TO MOTION TO DISMISS**

Plaintiffs, James & Olivia Marcello, respectively ask leave to submit this reply memorandum of law in counter-response to defendants' "STATE OF RI" reply memorandum of law of June 8, 2005.

After leave granted, plaintiffs replys as follows:

First, Co-Defendant Barrington Police Chief John LaCross is a "State Official" as defendant "State of RI" argue (See States' reply memo at P.1, ¶ 3).

> **42 USCS § 1983, n 2001 provides:**
> complaint alleging Fifth Amendment due process violation will be dismissed for failure to state claim, because defendant police officers are state, not federal officials. (Martinez v Cordova (1987, DC NM) 676 F Supp 1068)

Second, Co-Defendant Barrington Police Chief John LaCross's acts or ommissions under his badge of authority and under color of state law caused 14th Amendment deprivation (See Plain Amend Comp at P.2, ¶ 3+4), and is chargable to the defendant "STATE of RI" as state argue, quote: "think this means they can sue the state" (See States' reply memo at P.1, ¶ 3).

**42 USCS § 1983, n 786 provides:**

Commission of tort by person acting under color of state law does not create liability unless it results of violation of United States Constitution or federal law. (Sullivan v Marshall (1985, DC Mass) 628 F Supp 1080)

In § 1983 action, fact that tort was committed by individual employed by state does not, ipso facto, warrant attributing all of "state actor's" actions to state, but, rather, conduct must involve using badge of authority to effect constitutional infringement alledged to have occurred. (Cornelisen v Gunnarson (1998, DC Utah) 24 F Supp 2d 1246, affd (1998, CA10 Utah) 1998 Colo J C A R 5450)

Third, Defendants "STATE of RI" and "Chief John LaCross" is a 'Person' who in joint nexus with other co-defendants RI Attorneys John A. DeSano and Bernard P. Healy, Arthur T. Marcello, and Albert Mastriano, conspired under color of state law in 14th Amendment deprivation and at common law against plaintiffs (See Plain Amend Comp P.2, ¶ 3,4,5, and P.3, ¶ 6), as defendant "State of RI" argue, quote: "no sufficient nexus ....", and has waived their 11th Amendment Immunity right to be sued, (See States' Reply memo P.1, ¶ 4).

**42 USCS § 1983, n 127 provides:**

State official who is sued in official capacity for nonprospective relief is not "person" under 42 USCS § 1983, because state is not "person" under § 1983 suit for such relief against state official in official capacity is not suit against official, but rather is suit against official's office and as such is no different from suit against state itself. (Will v Michigan Dep't of State Police (1989) 491 US 58, 105 L Ed 2d 45, 109 S Ct 2304, 49 BNA FEP Cas 1664, 50 CCH EPD ¶ 39067)

**42 USCS § 1983, n 128 provides:**

Suits against state officers in their individual capacities are not barred by Elevent Amendment inasmuch as such suits proceed on theory that when officer acts unconstitutionally he is stripped of his official or representative character and is subjected to consequences of his official conduct. (Medcalf v Kansas (1986, DC Kan) 626 F Supp 1179)

**42 USCS § 1983, n 110 provides:**

Rhode Island has waived its Eleventh Amendment immunity (R.I.G.L. § 9-31-1) in cases in which alledged constitutional violations arises from activities in nature of tort at common law. (Marrapese v Rhode Island (1980, DC RI) 500 F Supp 1207)

State which has waived Eleventh Amendment immunity is person for § 1983 purposes. (Della Grotta v Rhode Island (1986, CA1 RI) 781 F2d 343, 5 FR Serv 3d 807)

**THEREFORE,** for the reasons set forth herein and in the initial objection memorandum, plaintiffs respectively request that their Objection to Motion to Dismiss be granted; that Defendant "STATE of RI" Motion to Dismiss be denied with prejudice, and such other and further relief as justice may require.

Respectively Submitted,

James Marcello

JAMES C. MARCELLO
OLIVIA A. MARCELLO
152 Cross Road
Stetson, ME 04488
(207) 296-3433

CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum of Law by first class mail, postage pre-paid, on this 13th day of JUNE, 2005 to counsels of record: Marc DeSisto, 211 Angell St, Providence,RI 02906, Robert W Smith, 155 S Main St, Providence,RI 02903, and Thomas Palombo,AAG, 150 S Main St, Providence,RI 02903.

James Marcello