UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO and OLIVIA A. MARCELLO, Plaintiffs, | : | |
| v. | : | CA 05-004ML |
| JOHN A. DESANO, BERNARD HEALY, JOHN LACROSS, ALBERT MASTRIANO, and ARTHUR T. MARCELLO, Defendants. | : | |

**ORDER**
**DENYING IN PART**
**AND GRANTING IN PART**
**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Before the court is Plaintiffs' Motion for Protective Order (Document #30) (the "Motion"). Plaintiff James C. Marcello ("Mr. Marcello") has received a letter from Attorney Michael A. DeSisto ("Attorney DeSisto"), counsel for Defendant John LaCross, which states that Attorney DeSisto would like to schedule Mr. Marcello's deposition during the month of July 2005 at Attorney DeSisto's office in Providence, Rhode Island. See id., Attachment 1 (Letter from Attorney DeSisto to Mr. Marcello of 6/21/05). Plaintiffs object on two grounds to the proposed deposition.

First, citing Fed. R. Civ. P. 28(c),[1] they allege that

---

[1] Fed. R. Civ. P. 28(c) provides:

> (c) Disqualification for Interest. No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action.

Fed. R. Civ. P. 28(c).

Attorney DeSisto "is a relative and/or employee of Chief John LaCross's defense attorney of record[,] Marc DeSisto." Plaintiffs' Motion for Protective Order with Incorporated Supporting Memorandum of Law ("Plaintiffs' Mem.") at 3.[2] Plaintiffs misapprehend the meaning of Rule 28(c). Rule 28(a)[3] provides that "depositions shall be taken before an officer authorized to administer oaths by the laws of the United States or of the place where the examination is held ...." Fed. R. Civ. P. 28(a). It is the practice in this District for the oath to be administered by the court reporter recording the deposition. The court does not read the letter from Attorney DeSisto as indicating that he will administer the oath to Mr. Marcello, but only that Attorney DeSisto will conduct the questioning of Mr. Marcello. Attorney DeSisto is an attorney of record for Defendant LaCross, see Entry of Appearance (Document #17), and he

---

[2] Plaintiffs' Motion for Protective Order with Incorporated Supporting Memorandum of Law ("Plaintiffs' Mem.") begins with page 2. To avoid confusion, the court in this order cites to the pages as numbered by Plaintiffs. However, Plaintiffs are advised that in the future a motion and the memorandum in support of that motion should be separately paginated. Thus, the first page of the memorandum should be considered to be page 1.

[3] Fed. R. Civ. P. 28(a) provides:

> (a) Within the United States. Within the United States or within a territory or insular possession subject to the jurisdiction of the United States, **depositions shall be taken before an officer authorized to administer oaths by the laws of the United States or of the place where the examination is held**, or before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony. The term officer as used in Rules 30, 31 and 32 includes a person appointed by the court or designated by the parties under Rule 29.

Fed. R. Civ. P. 28(a) (bold added).

may question Mr. Marcello at the deposition. Accordingly, **to the extent that the Motion seeks a protective order to prohibit Attorney DeSisto from conducting Mr. Marcello's deposition, the Motion is DENIED.**

Second, Plaintiffs object on the ground that Mr. Marcello is "400 miles away and lives on $434.50 per month fixed income while State & Def deliberate undue expense [sic]." Plaintiffs' Mem. at 3. Although the meaning of the phrase "while State & Def deliberate undue expense" is unclear, the court takes this ground as a claim that it is a hardship for Mr. Marcello to be deposed in Providence because he lives 400 miles away and has a limited income. However, Plaintiffs in their prayer for relief request that the court designate the federal courthouse in Providence as the location for Mr. Marcello's deposition. See Plaintiffs' Mem. at 4.[4] Thus, it appears that Plaintiffs' objection is not to Mr. Marcello traveling to Providence, but rather to having the deposition conducted at Attorney DeSisto's office which is not located within walking distance of the courthouse.[5]

Because it was not clear from the objection to the Motion whether Defendant LaCross objected to the deposition being conducted at the courthouse, see Objection to Plaintiffs' Motion for Protective Order (Document #34), the court directed the clerk to contact Attorney DeSisto and make this specific inquiry. The clerk has reported that Attorney DeSisto does not object to Mr.

---

[4] For Plaintiffs' future guidance, a prayer for relief is part of a motion, and it should be included in the motion and not in the memorandum.

[5] The court does not intend to suggest that were Plaintiffs to object to Mr. Marcello having to travel to Providence their objection would be sustained. Plaintiffs brought this action in Rhode Island against Rhode Island Defendants. It is not too much to require that Mr. Marcello make himself available so that counsel for Defendants do not have to travel out of state to obtain his deposition.

Marcello's deposition being conducted at the courthouse. Accordingly, **to that extent that the Motion seeks to have Mr. Marcello's deposition conducted at the United States Courthouse in Providence, Rhode Island, the Motion is GRANTED.**

Mr. Marcello shall contact Attorney DeSisto within seven days of the date of this order to schedule a mutually convenient date and time for Mr. Marcello's deposition. Attorney DeSisto shall then contact Deputy Clerk Martha Saucier at (401) 752-7218 and inform her of the date and time. Ms. Saucier will then reserve Courtroom C, second floor, John O. Pastore Building, Two Exchange Terrace, Providence, Rhode Island, for the date and time requested by Attorney DeSisto. If due to unusual circumstances on the day and time scheduled for the deposition Courtroom C is not available, the deposition shall be conducted in another room which will be designated by the court for that purpose.

**In all other respects, the Motion is DENIED.**

ENTER:

David L. Martin
United States Magistrate Judge
July 19, 2005

BY ORDER:

Deputy Clerk