IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARCELLO, et al<br><br>Plaintiffs<br><br>vs.<br><br>DESANO, et al and<br>STATE OF RHODE ISLAND<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 05-004 ML |

**MOTION TO VACATE
ORDER DENYING/GRANTING IN PART
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Now come Plaintiffs', James C. Marcello and Olivia A. Marcello and, hereby motion to vacate the order denying/granting in part plaintiffs' motion for protective order respectively dated July 19, 2005 for being void and prejudicial or dangerous to the substantial rights and interests of the plaintiffs and for good cause shown. Plaintiffs respectively submit the accompanying Memorandum of Law.

**WHEREFORE,** Plaintiffs respectively request that the Motion to Vacate be granted, and that the plaintiffs' prayer for relief hereby attached to this motion be granted; and such other and further relief as justice may require.

Respectively Submitted,

PLAINTIFFS

James C. Marcello
Olivia A. Marcello
152 Cross Road
Stetson, ME 04488
(207) 296-3433

## PRAYER FOR RELIEF

**WHEREFORE, The Plaintiffs Pray:**

1. That the Motion to Vacate Order Denying/Grantig in Part Plaintiffs' Motion for Protective Order is hereby **GRANTED.**

2. The Order dated July 19, 2005 is hereby **VACATED.**

3. That Plaintiff Mr. Marcello and Defendant Mr. LaCross are hereby Ordered to submit to deposition at a mutual concurrent time and date at the John O. Pastore Building, Two Exchange Terrace, Providence, Rhode Island in reserved Courtroom C, second floor.

4. Tha Plaintiff Mr. Marcello may have leave to refuse deposition if Defendant Mr. LaCross refuses to submit to deposition or fails to appear at deposition time, date, and place as mutually stated in above paragraph 3.

5. That the court may Order that the deposition be conducted with no one present except the persons designated by the court in said order as follows: Deputy Clerk Martha Saucier, a mutually agreed officer authorized to administer oaths and who is not related or employeed by any attorney or counsel of record or any party, plaintiff Mr. Marcello, defendant Mr. LaCross, and defendants attorneys Marc & Michael DeSisto.

6. That the deposition, after being sealed, be opened only by order of the court.

7. That the court shall grant any and all other relief to the plaintiffs as the circumstances of the case and justice requires.

Respectively Submitted,

PLAINTIFFS

James C. Marcello
OLivia A. Marcello
152 Cross Road
Stetson, ME 04488
(207) 296-3433

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Motion to Vacate with Supporting Memorandum of Law & attached Addendum p.1+2, by first-class mail, postage pre-paid, on the 26th day of July, 2005 to those indicated below:

Marc DeSisto(#2757)
211 Angell Street
Providence, RI 02906

Robert W Smith(#1874)
155 S Main Street
Providence, RI 02903

Thomas A Palombo(#4212),AAG
OFFICE OF THE ATTORNEY GENERAL
150 S Main Street
Providence, RI 02903

Joe Moretti(#5092)
300 Centerville Rd - Suite 300
Warwick, RI 02886

IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARCELLO, et al | ) | |
| Plaintiffs | ) | |
| vs. | ) | C.A. NO. 05-004 ML |
| DESANO, et al and STATE OF RHODE ISLAND | ) | |
| Defendants | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDER DENYING/GRANTING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

This Reply Memorandum of Law supports the Motion to Vacate filed by plaintiffs, James C. Marcello and Olivia A. Marcello.

With all due respect, plaintiffs hereby motion to vacate the Order Denying/Granting in Part Plaintiff's Motion for Protective Order respectively dated July 19, 2005, signed by U.S. Magistrate Judge David Martin, for being void and prejudicial or dangerous to the substantial rights and interests of the plaintiffs and for good cause shown. For the reasons set forth, plaintiffs respectively request that the Motion to Vacate the Order be granted; and a new order be issued respectively in accordance to plaintiff's attached prayer for relief.

<u>THE "ORDER - 7/19/05"</u>

Court's Order alleges the following. Attorney DeSisto is an attorney of record for defendant LaCross,..., and he may question Mr. Marcello at the deposition. See Order p.2 ¶ 1 con. p.3. Plaintiffs disapprehend the meaning of Rule 28(c). See Order p.2 ¶ 1. "While State & Def deliberate undue expense" is unclear,..See Order p.3 ¶ 2. It is not too much to require that [illegible]

Mr. Marcello make himself available so that counsel for Defendants do not have to travel out of state to obtain his deposition. See Order p.3 sub ¶ 5. In all other respect, the Motion is Denied. See Order p.4 ¶ 3.

First, the plaintiffs extend their appreciation to the court indicating in it's order (p.2 sub ¶ 2) for the plaintiffs to stucture this motions in the appropriate form.

There Are 5 Reasons Why The Plaintiffs' Motion to Vacate the Order Denying/Granting in Part Plaintiffs Motion for Protective Order be Granted:

**1st Reason**

The order dated July 19, 2005 was received by plaintiff on July 23, 2005. It indicates that Attorney Michael DeSisto attorney of record for defendant Chief John LaCross may question Mr. Marcello at the deposition, however he (Attorney DeSisto) may not take the deposition as disqualified under Rule 28(c) because being rule quote: "attorney or counsel of any of the parties,...". (Attorney DeSisto's) letter to plaintiffs dated June 21, 2005 provided no indication or designation of an "officer authorized" as required under Rule 28(a) and requesting plaintiff to be deposed at (Attorney DeSisto's) office giving the impression to plaintiff that attorney DeSisto will be taking the deposition and having a written stipulation of agreement under Rule 29(1) waiting in his office upon plaintiff's arrival.

A copy of Att DeSisto's letter 6-21-04 is viewed at (A: 1).

**2nd Reason**

The order further indicates it is not too much to require that Mr. Marcello make himself available so that counsel for the defendants do not have to travel out of state to obtain his

deposition. See Order p.3 ¶ 5. The court has recognized in it's order plaintiffs limited income status and plaintiffs willingness to travel to USDC OF RI for deposition, but the court has not fairly weigh plaintiff's being willing against being able. Their is no money for plaintiff to expeditiously travel at attorney DeSisto's desire expressed in his letter for plaintiff's deposition in this month of July. And for the court to suggest that the defendant attorneys would travel 400 miles to Maine to take plaintiff's deposition, see order p.3 ¶ 5, when other convenient methods of deposition such as written examination by mail, telephone, or designation Notary Public of Maine under Rule 28(b) are available, is questionable.

**3rd Reason**

On July 23, 2005, plaintiff received the order and called immediately (Attorney DeSisto) as suggested in the order. See Order p.4 ¶ 2. Getting a recording, plaintiff called on July 25, 2005 at 8:30 getting a recording again, and then received an incoming return call from Marc DeSisto at 8:31 am. Marc DeSisto stated facts unknown to plaintiff as follows:

1. That the (Attorney DeSisto) request for plaintiff's deposition will also include the presence of all attorneys for defendants, attorney Robert Smith, Thomas a Palombo, and Joe Moretti.

2. That above stated attorneys will also ask their questions of depostion directed against plaintif Mr. Marcello at the same (Attorney DeSisto) deposition appointment.

3. That (Attorney DeSisto) is unwilling to send a copy of deposition questions to pl Mr. Marcello in advance to hearing.

### 4th Reason

The Order indicates that in all other respects, the Motion is Denied. See Order p.4 ¶ 3. The Order is denying a substantial right of the plaintiff's prayer for relief asking the Court to invoke Rule 26(c)(1) thru (8) as deemed necessary and just. See Pl Mem of Law Prayer for Relief p.4 prayer par. 4. This the plaintiff views as a dangerous to the substantial rights of the plaintiffs, considering the surprises that were planned of (3) other defendant attorneys to be present with unknown questions to be awaiting Mr. Marcello at his (attorney DeSisto) defendant LaCross's depostion request.

### 5th Reason

Finally, the Order indicates that it is unclear to the court of plaintiffs' reason in his memorandum quote: "While State and Defendants deliberate undue expense". See Order p.3 ¶ 2. See Pl Mem of Law p.3 Reason 2. The plaintiffs apologizes of not providing court with facts of undue expense and hereby by submit them now as follows:

**Undue Expense 1** -- Defendants perpetrated a mortgage against plaintiff's father's house of $24,000.00 which plaintiffs paid off in full on Oct 17, 2002 on the death of his father by liquidating plaintiffs own assets and own money.

**Undue Expense 2** -- Defendants stole plaintiffs law books on Aug 13, 2003 immediately following the planned constitutional deprivation, approx value $5000.00, C.J.S. Law, RIGL, Federal, which plaintiff are slowly replacing.

**Undue Expense 3** -- Defendants stole plaintiffs office equipment (2) wordprocessors, (2) copiers, etc, approx value $1500.00, which plaintiff are slowly replacing.

**Undue Expense 4** -- Defendants conspired with local federal Official for the RI Social Security Administration under color of law causing disability suspension for (1) whole year of both plaintiffs income, without due process of law, notice, or grounds, causing more expense and hardship, on 2/6/04

**Undue Expense 5** -- Defendants caused undue expense to plaintiffs law suit filed against fraudulent purchases in Superior Court of RI (CA NO. 04-3972 Marcello v Neves, et al) and recent appeal expense of an order void and obtained by fraud in approx amount $1000.00. including numerous busing fees from Bangor Maine.

**Undue Expense 6** -- Plaintiffs paid sheriff fees in this case on (7) persons and (1) busing approx cost $500.00

**Undue Expense 7** -- Defendant State of Rhode Island caused undue expense against plaintiff's wife when made homeless on Aug 13, 2002 and December 10, 2003 illegal incarseration of Mr. Marcello approx cost $4000.00

**Attempted Undue Expense** -- This court denied petition for removal of the fraudulent purchases of plaintiff's real estate property to enjoin with said defendants sellors of $250.00

## ARGUMENT AND LAW

The Order denying to plaintiffs the protection that he is entitled to under Rule 26(c)(1) thru (8) as prayed for, in being deposed by the sole request of (Attorney DeSisto) attorney for defendant LaCross only, is causing the other (3) attorneys to be present and question Mr. Marcello, at the same attorney DeSisto request deposition, is without leave and void for irregularity and prejudicial or dangerous to the substantial rights and interests of the plaintiff parties affected. When in the Order the Court makes reference to quote: "... so that counsel for Defendants ... (See Order p.3 ¶ 5) plaintiffs impression is that the court may have been aware of this inappropriate circumstance.

34 C.J. Judgment - P.274 provides:

> **IRREGULARITY OF JUDGMENT** -- Irregularity in the proceeding leading to the entry of a judgment, as distinguished from mere error, is ground for vacating the judgment, (81) provided the irregularity renders the judgment void, or is prejudicial or dangerous to the substantial rights and interests of the parties affected. [(81)(N.C. WHITE V. SNOW, 71 N.C. 232)]
>
> **81(a) Judge's Signature** -- A judgment is not regular merely because signed by the judge. A judge may mistake or inadvertently disregard the practice of his own court.

THEREFORE, for reasons set forth here and in the initial Motion for Protective Order and Memorandum, plaintiffs respectively request that their Motion to Vacate be granted.

Respectively Submitted,

PLAINTIFFS

James C. Marcello
Olivia A. Marcello
152 Cross Road
Stetson, ME 04488
(207) 296-3433

## CERTFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Motion to Vacate with Suporting Memorandum of Law and attached Addendum by first-class mail, postage pre-paid, on the 26th day of July, 2005 to those indicated below:

Marc DeSisto(#2757)
211 Angell Street
Providence, RI 02906

Robert W Smith(#1874)
155 S Main Street
Providence, RI 02903

Thomas A Palombo(#4212),AAG
OFFICE OF THE ATTORNEY GENERAL
150 S Main Street
Providence, RI 02903

Joe Moretti(#5092)
300 Centerville Rd - Suite 300
Warwick, RI 02886