UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO and
OLIVIA A. MARCELLO

v.                                                                                          C.A. No. 05-004ML

JOHN A. DESANO, et al.

**MEMORANDUM AND ORDER**

This case is before the court on the Motion to Dismiss the Amended Complaint filed by the State of Rhode Island (the "State"), Attorney General Patrick Lynch (the "Attorney General") and Governor Donald Carcieri (the "Governor") (collectively, the "State Defendants"). For the reasons discussed below, the motion is granted.

I. FACTS

On January 6, 2005, Plaintiffs James Marcello and Olivia Marcello filed a complaint, pro se, against the State of Rhode Island by and through the Attorney General and the Governor, various individuals, and the Town of Barrington, RI. Plaintiffs allege that, on or about August 13, 2003 and on or about December 10, 2003, Defendants DeSano, Healy, Marcello, and Mastriano, "under color of state law, conspired [sic] a local official[,] one Chief John LaCross of the Barrington Police Department, and reached an understanding to commit crimes against the constitutional rights of the

plaintiffs...by depriving them of their 'Life, Liberty, & Property' [sic] without due process of law[,]" all in violation of 42 U.S.C. § 1983. (Compl. ¶¶ 3-4.) Plaintiffs further allege that Defendants "knowingly and willingly entered into an enterprise, (RICO), and further agreed that only the members of this said enterprise, (RICO), are to violate this statute." (Id. ¶ 5.) Finally, Plaintiffs claim that "Diamond Funding Corporation president treasurer [sic] in Cranston[,] Rhode Island, Ms. Ava Martinelli, engaged in a fraudulent scheme with said defendants in financing and assigning the mortgage to Mortgage Electronic Registration System in Flint, MI, of the said embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, R.I." (Id. ¶ 6.) Plaintiffs seek $1.5 million in damages, the vacation of "the fradulent sale," possession of the premises, and an order that "the occupant purchasers...vacate the premises."

## II. DISCUSSION

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), "a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." Id. (quoting Pena-Borrero v. Estremeda, 365 F.3d 7, 11 (1st Cir. 2004)) (internal quotation marks omitted).

The Court acknowledges that Plaintiffs' pro se status requires a liberal reading of their complaint. See Rodi v. Southern New England School of Law, 389 F.3d 5, 13 (1st Cir. 2004); Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). Nonetheless, while "inartful" pleading is not

grounds to dismiss a complaint by a pro se plaintiff, the complaint must set forth some factual basis to support the claims asserted therein. Ducally v. Rhode Island Dept. of Corrections, 160 F.Supp.2d 220, 228 (D.R.I. 2001).

Specific factual allegations against the State Defendants are wholly absent from Plaintiffs' complaint. Plaintiffs make no allegation as to any act or omission made by officials or employees of the State of Rhode Island..

Plaintiffs argue that their complaint does state a cause of action against the State Defendants because Defendant LaCross is a "state official" who "acted under color of state law" when he allegedly violated their constitutional rights. LaCross, however, is not a state official. He is identified as the Chief of the Barrington Police Department..

Even when the complaint is "held to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972), it fails to state a claim made against the State, the Governor, or the Attorney General.

### III. CONCLUSION

For the reasons set forth above, the motion to dismiss brought by the State of Rhode Island, Governer Donald Carcieri, and Attorney General Patrick Lynch is GRANTED.

SO ORDERED:

Mary M. Lisi
United States District Judge
September 9 , 2005