IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES C. and OLIVIA A. MARCELLO<br><br>Plaintiffs<br><br>vs.<br><br>JOHN A. DESANO, BERNARD P HEALY<br>JOHN LACROSS, ARTHUR T MARCELLO<br>ALBERT MASTRIANO & RHODE ISLAND<br><br>Defendants | C.A. NO. 05-004 ML |

**MOTION TO COMPEL PRODUCTION OF SPECIFIC DOCUMENTS**

Now come Plaintiffs, James C. and Olivia A. Marcello and, pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, hereby moves this Court for an Order compelling Defendant, Chief John LaCross of the Barrington P.D., to produce to Plaintiffs First Request for Production of Specific Documents dated August 12, 2005. As grounds, Plaintiffs relies on the Memorandum of Law filed herewith.

**CERTIFICATION**

The movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Respectively Submitted,

PLAINTIFFS

JAMES C. MARCELLO
OLIVIA A. MARCELLO
In Pro se,

James Marcello

Mr. James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296-3433

**CERRTIFICATION**

I, James C. Marcello, hereby certify that I mailed a true copy of this MOTION TO COMPEL PRODUCTION OF SPECIFIC DOCUMENTS, by first-class mail, postage prepaid, on **SEPTEMBER 10, 2005**, to those indicated below:

James Marcello

JAMES C MARCELLO

Marc DeSisto,Esq
211 Angell St
Providence, RI 02906

Robert W Smith,Esq
155 S Main St
Providence, RI 02903

Thomas Palombo,Esq,AAG
150 S Main St
Providence, RI 02903

Joe Moretti,Esq
300 Centerville Rd
Warwick, RI 02886

IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES C. and OLIVIA A. MARCELLO<br><br>Plaintiffs<br><br>vs.<br><br>JOHN A. DESANO, BERNARD P HEALY<br>JOHN LACROSS, ARTHUR T MARCELLO<br>ALBERT MASTRIANO & RHODE ISLAND<br><br>Defendants | C.A. NO. 05-004 ML |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FIRST REQUEST FOR PRODUCTION OF SPECIFIC DOCUMENTS**

**INTRODUCTION**

This Memorandum of Law supports the Motion to Compel Production of Specific Documents filed by Plaintiffs, James C. and Olivia A. Marcello, pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure for Defendant Chief John LaCross of Barrington P.D. failure to produce for inspection and copying Plaintiffs First Request for Production of Specific Documents dated August 12, 2005. A copy of Plaintiffs First Request for Production of Specific Documents is attached and viewed at (Add: 1+2).

With all due respect, Defendant Chief John LaCross has deliberately failed to produce at the plaintiffs' request paragraph (2) "The entire record, certified, of the legal proceedings for which the above specific execution was alledgely issued. (See Amend Compl at 2 ¶ 3)." See Add: 1, ¶ 2. Furthermore, Defendant LaCross deliberately failed to produce at the plaintiffs' request paragraph (4) "The entire record, certified, of the legal proceedings for which the above specific execution

was alledgedly issued. (See Amend Comp at 2 ¶ 4)." See (ADD: 2 ¶ 4). For the reasons set forth, Plaintiffs' request that the Motion to Compel Production of Specific Documents be granted; that the Defendant Chief John LaCross be ordered to produce for inspection and copying over to the Plaintiffs certified copyies of the (2) lawsuits filed by Defendant attorney Bernard P. Healy against James C. Marcello on June 6, 2003 in the 6th District Court of RI - C.A.No. 03-5880, and on November 14, 2003 in the Providence Superior Court of RI - C.A.No. 03-6003, and such other and further relief as justice may require.

**ARGUMENT**

First, dated July 28, 2005, Defendant Chief John LaCross serves a First Set of Interrogatories to Plaintiff James C. Marcello. On page (3), paragraph 9, Defendant Chief LaCross's requested the follow:

> "9. Please state whether a lawsuit has ever been filed or a claim made by you or against you, ..., and if so, please identify the claim/lawsuit by name, identity the court, if a lawsuit was brought, give a brief account of the subject matter of the claim or lawsuit, and the name and address of each party against whom, or by whom, a claim was made and/or lawsuit was brought, and the disposition thereof."

A copy of page 3 ¶ 9 is seen at (ADD: 3).

Second, on August 25, 2005 Plaintiff filed an Objection to Defendants Request for Production of Documents, but included on page (1) paragraph (1) the following:

> "To the extent that attorney DeSisto's client John LaCross is withholding such records due to the question of his criminal and civil liabilities, the following actions may be inquired into:
>
> Arthur T Marcello v James C Marcello; in the 6th District Court of RI; (C.A.NO. 03-5880).
>
> Arthur T Marcello v James C Marcello; in the Providence Superior Court: (C.A.NO. 03-6003)."

A copy of page 1 ¶ 1 is seen at (ADD: 4).

Third, on August 30, 2005 at 10:30 A.M., Attorney Michael DeSisto phoned Plaintiff James C. Marcello and stated the following:

> "That he seen the files from the 6th District Court 03-5880 and Superior Court 03-6003 and knows there was no party plaintiff Arthur T Marcello, and knew that the default judgment enter only on the docket entry sheet was Void and conferred no authority to his client Chief LaCross to a writ of eviction. And further knew that his client Chief LaCross conspired with the defendant to a conspiracy to a misuse of process with the intent to deprive the plaintiff James C. Marcello and his wife of his property under color of state law."

> "He was familiar with RIGL § 11-41-3 Embezzlement and Fraudulent Conversion of Estates with the penalty of (3) times the value of the property and up to (20) years in prison and that was the reason for the amount demanded for in the amended complaint."

> "He was familiar with RIGL § 33-19-3 Authority of Courts that Probate court must grant an authorization order to sell to a executor along with a probated will, and that Arthur T Marcello had not obtained an authorization order to sell your father's house."

Forth, following the above conversation on Aug 30, 05 [illegible], Defendant Chief LaCross serves a Memorandum in Support of his Motion to Compel Responses to His 1st and 2nd Requests for Production of Documents dated August 31, 2005; and stated on page (1) paragraph (2) the following:

> "...<u>do not ask for court proceedings or police records</u> .... To the extent that any of these documents are contained in court proceedings or police records that are accessible by Defendant, Plaintiffs need only indentify them with sufficient specificity <u>to enable Defendant to retrieve them."</u>

A copy of page 1 ¶ 2 is seen at (ADD: 5).

Fifth, and finally, Defendant LaCross serves a Response to Plaintiffs' Request for Production of Documents dated September 6, 2005 and contradicts himself as follows:

> "2. The entire record, certified, of the legal proceedings for which the above specific execution was alledgedly issued. (See Amend Compl at 2 ¶ 3).
>
> RESPONSE: Objection on the grounds that this Request does not appear to apply to this Defendant...."
>
> A copy of page (1) response (2) is seen at (ADD: 7).
>
> "4. The entire record, certified, of the legal proceedings for which the above specific execution was alledgedly issued. (See Amend Compl at 2 ¶ 4).
>
> RESPONSE: Objection on the grounds that this Request does not appear to apply to this Defendant...."
>
> A copy of page (2) response (4) is seen at (ADD: 8).

**RULE 37 - FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY: SANCTIONS**

**Rule 37(a)(2)(B) provides that:**

> ...or if a party, in response to a request for inspection submitted under Rule 34, fails to respond or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

**RULE 34 - PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES**

**Rule 34(b) provides that:**

> The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

**WHEREFORE**, Plaintiffs, Mr. James C. and Olivia A. Marcello, respectfully requests that this Court grant their motion to compel Defendant Chief John LaCross to their First Request for Production of Specific Documents paragraph (2) and (4) as deemed necessary and just.

Respectively Submitted,

PLAINTIFFS

JAMES C. MARCELLO
OLIVIA A. MARCELLO
In Pro se,

James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296-3433

## CERTIFICATION

I, James C. Marcello, hereby certify that I mailed a true copy of this MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FIRST REQUEST FOR PRODUCTION OF SPECIFIC DOCUMENTS, by first-class mail, postage prepaid, on **SEPTEMBER 10, 2005,** to those indicated below:

JAMES C MARCELLO

Marc DeSisto,Esq
211 Angell St
Providence, RI 02906

Robert W Smith,Esq
155 S Main St
Providence, RI 02903

Thomas Palombo,Esq,AAG
150 S Main St
Providence, RI 02903

Joe Moretti,Esq
300 Centerville Rd
Warwick, RI 02886