IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. and OLIVIA A. MARCELLO<br><br>Plaintiffs<br><br>vs.<br><br>JOHN A. DESANO, BERNARD P HEALY<br>JOHN LACROSS, ARTHUR T MARCELLO<br>ALBERT MASTRIANO & RHODE ISLAND<br><br>Defendants | ) | **C.A. NO. 05-004 ML** |

**MOTION TO VACATE ORDER**

Now come Plaintiffs, Mr. James C. and Olivia A. Marcello, and hereby move this court to vacate it's order granting the Defendant State of Rhode Island's motion to dismiss itself as a party defendant to the action respectively dated September 9, 2005 on the grounds of it being entirely void for without authority and obtained by fraud. In support thereof, plaintiffs respectively submit the accompanying Memorandum of law.

Therefore, Plaintiffs respectively request that the Motion to Vacate be granted; that the order dated September 9, 2005 be vacated; that the action proceed to trial, and such other and further relief as justice may require.

Respectively Submitted,

PLAINTIFFS

JAMES C. MARCELLO
OLIVIA A. MARCELLO
In Pro se,

James Marcello

Mr. James & Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296-3433

IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. and OLIVIA A. MARCELLO<br><br>Plaintiffs<br><br>vs.<br><br>JOHN A. DESANO, BERNARD P HEALY JOHN LACROSS, ARTHUR T MARCELLO ALBERT MASTRIANO & RHODE ISLAND<br><br>Defendants | ) | C.A. NO. 05-004 ML |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDER**

This Memorandum of Law supports the Motion to Vacate Order filed by Plaintiffs, Mr. James C. and Olivia A. Marcello for being entirely void for without authority and obtaied by fraud.

Respectfully, Plaintiffs object to this unfounded attempt of the Defendant State of Rhode Island to obtain an unenforceable order of no force or effect on the trivial based grounds presented by said Defendant State of RI of the question whether Defendant Chief John LaCross is a "State Official" or not. For the reasons set forth, Plaintiffs respectfully request that the Motion to Vacate Order be granted; that the order dated September 9, 2005 be vacated; that the action proceed to trial; and such other and further relief as justice may require.

**MEMORANDUM AND ORDER**

Judge Lisi's Order 9/9/05, fairly read and liberally construed, alledges the following: Specific factual allegations against the State Defendants are wholly absent from Plaintiffs' complaint. Plaintiffs make no allegation as to any act or

omission made by officials or employees of the State of Rhode Island. LaCross, however,is not a state official. Even when the complaint is "held to less strignent standards..., it fails to state a claim made against the State, the Governor, or the Attorney General. For the reasons set forthe above, the motion to dismiss brought by the State of Rhode Island, Governor Donald Carcieri, and Attorney General Patrick Lynch is GRANTED. See Memorandum and Order p.3.

**ARGUMENT**

First, on principle the true test for determing whether a particular suit is against a state is whether the state is a party defendant; i.e., whether it is in fact sued". See Bromwell Brush & Wire Goods Co. v. State Board of charities and Corrections, 279 F. 440, 442.

Specific allegations against the State is wholly present because the named defendant private citizens in the amended complaint one Arthur T Marcello, one Albert Mastriano, one attorney John A. DeSano, one attorney Bernard P. Healy from the Law Firm of Kiernan, Plunkett, & Redihan of 91 Friendship St Providence RI involved in a conspiracy, even though not official of state, can be liable under § 1983, being jointly engaged with state officials in prohibited action, are acting under color of law for purpose of § 1983, since to act "under color of law" does not require that accused be officer of state since it is enough that he is willful participant in joint activity (see amend compl ¶ 5) with state, a named Defendant, or its agents. See Moro v Telemundo Incorporado (1974, DC Puerto Rico) 387 F Supp 920.

Second, the question whether named Defendant Chief John LaCross is a state official or local official is of no importance nor grounds for premature dismissal, the question of importance is whether named Defendant Chief John LaCross' conduct complained of is chargeable to the Defendant State of Rhode Island. See Roberts v Louisiana Downs, Inc. (1984,CA5 La).

The named Defendant State of Rhode Island has deprived the plaintiffs of the 14th Amendment Rights of "life, Liberty, and Property", as alledged in the amended complaint, when the Defendant State of Rhode Island conspires with any private citizen, officer, agency, etc., who act under color of state law pretending they have authority on the behalf of the state in the absence of due process of law.

Third, District Court must be sensitive to problems of pro se plaintiffs in civil rights actions and not be too quick to dismiss complaint for failure to state techincal cause of action. See Martin v Wainwright (1976, CA5 Fla) 526 F2d 938.

It is only necessary to alledge in complaint that there was deprivation of constitutional right under color of law; in procedural due process cases, and plaintiff must alledge and prove at trial that: (1) there was deprivation of constitutional right, (2) that it was under color of law, and (3) state remedy was inadequate, both in form and in substance. See Haag v Cuyahoga County (1985, ND Ohio) 619 F Supp 262, affd without op (1986, CA6 Ohio) 798 F2d 1414.

Forth, there are two essential elements which must be proven by plaintiff in order to state claim upon which relief can be granted under 42 USCA § 1983: first, conduct complained of must have been done by some person acting under color of law and second, such conduct must have subjected complainant to deprivation of rights, privileges, or immunites secured to him by Constitution and laws of United States. See Wirth v Surles (1977, CA4 SC) 562 F2d 319, 45 ALF Fed 864, cert den (1978) 435 US 933, 55 L Ed 2d 531, 98 S Ct 1509.

This proof is founded upon the trial and not upon deliberate misconstrued attempts by the Defendant State of RI in word playing.

## CONCLUSION

Accordingly, and with all due respect to the Defendant State of RI and the court, the order is absolutely unfounded and premature. Therefore, for the reasons set forth above, Plaintiffs, Mr. James C. and Olivia A. Marcello, respectfully request that their Motion to Vacate Order be granted; that the Order be vacated; that the Order dated 9/9/05 is Void; that the action proceed to trial; and such other and further relief as justice may require.

Respectively Submitted,

PLAINTIFFS

JAMES C. MARCELLO
OLIVIA A. MARCELLO
In Pro se,

Mr. James and Olivia Marcello
152 Cross Rd.
Stetson, ME 04488
(207) 296-3433

## CERTIFICATION

I, James C. Marcello, hereby certify that I have mailed a true copy of the following:

1. **MOTION TO VACATE ORDER**

2. **MEMORANDUM OF LAW IN SUPPORT OF**

3.

4.

5.

by regular mail, postage prepaid, on **SEPTEMBER 13, 2005**specified below to the following:

Marc DeSisto,Esq
211 Angell Street
Providence, RI 02906

Robert Smith,Esq
155 South Main Street
Providence, RI 02903

Thomas Palombo,Esq,AAG
150 South Main Street
Providence, RI 02903

James Moretti,Esq
300 Centerville Rd - 300W
Warwick, RI 02886

I swear under penalty of perjury that this is true and correct.

JAMES C MARCELLO