UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO and OLIVIA A. MARCELLO, Plaintiffs, | : | |
| v. | : | CA 05-004 ML |
| JOHN A. DESANO, BERNARD HEALY, JOHN LACROSS, ALBERT MASTRIANO, and ARTHUR T. MARCELLO, Defendants. | : | |

**ORDER**
**REQUIRING JAMES MARCELLO**
**TO ATTEND DEPOSITION**
**WITHIN THIRTY DAYS**

Before the court is the Motion of Defendant, John LaCross, to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition (Document ("Doc.") #55) (the "Motion"). By the Motion, Defendant LaCross seeks to have the court order Plaintiff James C. Marcello ("Mr. Marcello") to attend his deposition or, in the alternative, to dismiss the Complaint because of Mr. Marcello's failure to attend his scheduled deposition on September 8, 2005.[1] A hearing was conducted on the Motion on October 25, 2005.

At the hearing, counsel for Defendant LaCross agreed to limit the relief requested to an order requiring Mr. Marcello to attend his deposition. The court, after finding that Mr.

[1] At the October 25, 2005, hearing the court asked counsel for Defendant LaCross if he wished to amend the motion and have it treated as a motion to compel as opposed to a motion to dismiss. Following the hearing, the court realized that the oral amendment of the motion was unnecessary because the motion requested relief in the alternative. See Motion of Defendant, John LaCross, to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition (Document #55). Accordingly, the court treats the motion in its original form and disregards the oral amendment (which the court suggested be made).

Marcello's failure to attend his previously scheduled depositon on September 8, 2005, was unjustified, granted the Motion.

Accordingly, Mr. Marcello shall submit to being deposed by counsel for Defendant LaCross by November 25, 2005. Said deposition may be taken by telephone. However, if counsel for Defendant LaCross determine that conducting the deposition by telephone is not feasible or satisfactory, Mr. Marcello must appear in person. In such case the deposition is to be conducted at the Pastore Building in accordance with the procedure set forth in the Order Denying in Part and Granting in Part Plaintiffs' Motion for Protective Order (Doc. #35) dated July 19, 2005. Counsel for other defendants may attend the deposition. However, they may not ask questions of Mr. Marcello without first obtaining permission from the court.

Immediately following Mr. Marcello's deposition, he may take the deposition by telephone of Defendant LaCross. However, Plaintiffs are responsible for the cost of the deposition of Defendant LaCross. Plaintiffs are advised that if they wish to utilize the services of the same court reporter who records the deposition of Mr. Marcello they should make financial arrangements with the court reporter prior to the date of the deposition.

**Lastly, Mr. Marcello is advised that if he fails to submit to being deposed by counsel for Defendant LaCross by November 25, 2005, Plaintiffs' claims against Defendant LaCross may be dismissed.**

ENTER:

David L. Martin
United States Magistrate Judge
October 25, 2005

BY ORDER:

Deputy Clerk