UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO and OLIVIA A. MARCELLO, Plaintiffs, | : | |
| v. | : | CA 05-004 ML |
| JOHN A. DESANO, BERNARD HEALY, JOHN LACROSS, ALBERT MASTRIANO, and ARTHUR T. MARCELLO, Defendants. | : | |

**ORDER**
**RE SIX MOTIONS**
**HEARD ON OCTOBER 25, 2005**

On October 25, 2005, the court conducted a hearing on the motions described below and made the rulings indicated:[1]

**I. Motion to Compel Production of Specific Documents (Document ("Doc.") #49) ("Motion to Compel").** By this motion, Plaintiffs seek to have Defendant John LaCross produce certified copies of the records from two lawsuits filed by Defendant Bernard P. Healy against Plaintiff James C. Marcello ("Mr. Marcello"). **The Motion to Compel is DENIED** because: 1) the records are not in the possession of Defendant LaCross, see Federal Rule Civil Procedure ("Fed. R. Civ. P.") 34(a) (requiring production of tangible things within the scope of Rule 26(b) "and which are in the possession, custody or control of the party upon whom the request is served"); 2) the records are as accessible by Plaintiffs as they are by Defendants; 3) Plaintiff James Marcello

[1] At the same hearing, the court also heard the Motion of Defendant, John LaCross, to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition (Doc. #55). That motion is addressed in a separate order. See Order Requiring James Marcello to Attend Deposition within Thirty Days.

SCANNED

was a party to the lawsuits and likely already has possession of some or all of the documents.

**II. Consolidated Motion to Set Aside Orders (Doc. #69) ("Motion to Set Aside").** By this Motion, Plaintiffs seek to set aside orders granting two motions, Defendant LaCross's Motion to Compel Answers to Interrogatories (Doc. #45) and Defendant John LaCross's Motion to Compel Responses to His First and Second Requests for Production of Documents (Doc. #44), by local rule of court, see Doc. #52, #53. Mr. Marcello argued at the October 25, 2005, hearing that Plaintiffs needed more time to respond to Defendant LaCross's interrogatories and requests for production at issue. However, after determining that Plaintiffs' failure to timely respond to the interrogatories and requests for production was due at least in part to a misapprehension as to what they were required to produce,[2] the court concluded that there was no need to vacate the orders. Accordingly, **the Motion to Set Aside is DENIED.**

**III. Petition for Order of Enforcement (Doc. #63) ("Martinelli Petition").** By this petition, Plaintiffs seek an order requiring Ava M. Martinelli, president and treasurer of Diamond Funding Corporation, 872 Park Avenue, Cranston, Rhode Island 02910, to comply with a civil investigative demand which Plaintiffs state was served upon her on September 6, 2005, by

---

[2] Mr. Marcello told the court at the October 25, 2005, hearing that Plaintiffs were attempting to obtain information and documents from Ms. Ava M. Martinelli ("Ms. Martinelli") which they believe are responsive to the requests for production, but Ms. Martinelli had failed to respond to Plaintiffs' civil investigative demand. The court advised Mr. Marcello that Plaintiffs were not obliged to produce documents which were not in their possession and noted that it had denied Plaintiffs' Motion to Compel Production of Specific Documents (Doc. #49) for that very reason. Counsel for Defendant LaCross indicated that he was not seeking any documents that were in the possession of Ms. Martinelli and that Plaintiffs did not have to obtain documents from her on Defendant LaCross's account.

certified mail pursuant to 18 U.S.C. § 1968(d)(3). **The Martinelli Petition is DENIED** because 18 U.S.C. § 1968 does not grant authority to private litigants to issue civil investigative demands pursuant to the statute.[3]

**IV. Plaintiffs' Motion to Compel Answers to Interrogatories (Doc. #62) ("Motion to Compel").** By this Motion to Compel, Plaintiffs seek to compel Defendants John A. DeSano, Bernard P. Healy, Albert Mastriano, and Arthur T. Marcello to answer Plaintiffs' interrogatories. The court, noting that the Motion to Compel had been filed by Plaintiffs on September 23, 2005, and that Defendants DeSano, Healy, Mastriano, and Marcello had not filed an objection to it, directed the clerk to enter that the Motion to Compel is granted pursuant to the Local Rules.

**V. Petition for Order of Enforcement (Doc. #77) ("Barney Petition").** By this petition, Plaintiffs seek to have Betty Barney, 77 Dorr Avenue, East Providence, Rhode Island 02915, comply with a civil investigative demand which was served upon her on September 12, 2005, by certified mail pursuant to 18 U.S.C. § 1968(d)(3). **The Barney Petition is DENIED** because 18 U.S.C. § 1968 does not grant authority to private litigants to issue civil investigative demands pursuant to the statute.[4]

**VI. Motion to Assign (Doc. #82).** By this Motion, Plaintiffs seek to have the motions identified above as III, IV,

---

[3] The court observed at the hearing that if Plaintiffs believe that Ms. Martinelli possesses information or documents relevant to the instant lawsuit they can take her deposition and obtain the information sought in that manner. See Fed. R. Civ. P. 30(a) (allowing a party to take the testimony of any person by deposition upon oral examination); Fed. R. Civ. P. 30(b) (allowing a subpoena duces tecum to be served on the person to be examined).

[4] As was true for Ms. Martinelli, if Plaintiffs believe that Ms. Barney possesses information or documents relevant to the instant lawsuit they may seek to take her deposition and obtain the information sought in that manner.

and V assigned for hearing on October 25, 2005. The Motion to Assign is granted as to motions III and V. Because the court has directed that Motion IV be granted by rule of court, it is moot.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 25, 2005

BY ORDER:

Deputy Clerk