UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO and
OLIVIA A. MARCELLO
v. CA 05-004ML

JOHN A. DESANO, et al.

MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Request for Leave to Appeal In Forma Pauperis. For the reasons stated below, Plaintiffs' request is denied.

I. Facts

Plaintiffs filed their Complaint on January 6, 2005, and filed an Amended Complaint on April 27, 2005. Plaintiffs allege that, on or about August 13, 2003 and on or about December 10, 2003, Defendants DeSano, Healy, Marcello, and Mastriano, "under color of state law . . . conspired with a local official[,] one Chief John LaCross of the Barrington Police Department, and reached an understanding to commit crimes against the constitutional rights of the plaintiffs . . . by depriving them of their 'Life, Liberty, & Property' without due process of law[,]" all in violation of 42 U.S.C. § 1983. (Am. Compl. ¶¶ 3-4.) Plaintiffs further allege that Defendants "knowingly and willingly entered into an enterprise, (RICO), and further agreed that only the members of this said enterprise, (RICO), are to violate this statute." (Id. ¶ 5.) Finally, Plaintiffs claim that "Diamond Funding Corporation president treasurer [sic] in Cranston[,] Rhode Island,

Ms. Ava Martinelli, engaged in a fraudulent scheme with said defendants in financing and assigning the mortgage to Mortgage Electronic Registration System in Flint, MI, of the said embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, R.I." (Id. ¶ 6.) Plaintiffs seek $1.5 million in damages, the vacation of "the fradulent sale," possession of the premises, and an order that "the occupant purchasers . . . vacate the premises." (Id. 3)

Plaintiffs now apply for leave to appeal in forma pauperis from the following three orders: (1) Order denying Plaintiffs' Consolidated Motion for Joinder of Claims, Remedies, Persons Needed for Just Adjudication & Permissive Joinder; (2) Order denying Plainitffs' Motion for Entry of Judgment; and (3) Order granting the Motion to Dismiss brought by the State of Rhode Island, Governor Donald Carcieri, and Attorney General Patrick Lynch.

II. Discussion

The statute authorizing proceeding in forma pauperis, 28 U.S.C. § 1915, states in relevant part, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The requirement of demonstrating good faith is met by an applicant's presentation of any issue that is not clearly frivolous. Coppedge v. U.S., 369 U.S. 438, 445 (1962). The Supreme Court has defined "frivolous" in this context to mean "lack[ing] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, Plaintiffs are attempting to appeal interlocutory orders denying certain of their motions and granting a motion to dismiss the claims made against several Defendants. These orders, however, resolve interim questions on the way to an ultimate determination of the

dispute and are not "final judgments" subject to appeal. A "final judgment" is generally "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. U.S., 324 U.S. 229, 233 (1945). The orders referred to by Plaintiffs are merely rulings on motions, and do not dispose of the whole case, or even a particularly signficant part of it. Courts of appeals may only hear appeals from final judgments of the trial court, subject to a few narrow exceptions. 28 U.S.C. § 1291. Because the orders Plaintiffs attempt to appeal from are interlocutory and not final, they may not be reviewed by the appeal court.

Moreover, Plaintiffs' attempted appeal does not qualify as an exception to the "final judgment rule" through either the "collateral order doctrine," or permission of the court pursuant to 28 U.S.C. § 1292(b). The "collateral order doctrine" permits interlocutory review of trial court orders that determine matters collateral to the rights underlying an action, "when they have a final and irreparable effect on the rights of the parties." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545 (1949). Here, Plaintiffs ask leave to appeal orders denying Plaintiff's motions titled, "Consolidated Motion for Joinder of Claims, Remedies, Persons Needed for Just Adjudication, & Permissive Joinder," and "Motion to the Court for Entry of Judgment on Grounds of Want of Necessary Parties," as well as the Court's dismissal of the claim as to several Defendants pursuant to Fed. R. Civ. P. 12(b)(6). These denials do not concern matters collateral to the rights underlying this action, nor do they have a final or irreparable effect on the rights of the parties, and are therefore ineligible for the "collateral order doctrine."

Similarly, Plaintiffs did not apply for, and do not qualify for, certification pursuant to 28 U.S.C. § 1292(b). Section 1292(b) allows, in exceptional circumstances, appeals from interlocutory orders. Fisons Ltd. v. U.S., 458 F.2d 1241, 1248 (7th Cir. 1972), cert. denied, 405

U.S. 1041 (1972). Before certifying the issue for appeal, a district court judge must be convinced by the moving party "that the interlocutory order (1) involves a controlling question of law as to which (2) there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Ungar v. Palestinian Auth., 228 F. Supp. 2d 40, 50 (D.R.I. 2002)(citing 28 U.S.C. § 1292(b))(internal quotation marks omitted). Plaintiffs have not requested certification pursuant to 28 U.S.C. § 1292(b), and are therefore ineligible for appeal on those grounds.

III. Conclusion

As an interlocutory appeal without § 1292(b) certification or the aid of the "collateral order doctrine," Plaintiff's appeal has no basis in law. Because there is no basis in law for Plaintiff's appeal, this Court hereby certifies that it is not taken in good faith. Consequently, Plaintiff's Request for Leave to Appeal In Forma Pauperis is DENIED.

SO ORDERED.

Mary M. Lisi

Mary M. Lisi

United States District Judge

October 31, 2005