UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO & OLIVIA A. MARCELLO | : | |
| VS. | : | C.A. NO. 05-004 ML |
| JOHN A. DE SANO, BERNARD P. HEALY, JOHN LACROSS, ALBERT MASTRIANO, ARTHUR T. MARCELLO and the STATE OF RHODE ISLAND | : : | |

DEFENDANTS, JOHN A. DE SANO, BERNARD HEALY, ALBERT MASTRIANO AND ARTHUR T. MARCELLO'S, MOTION TO DISMISS

Now come defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello, and move this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiffs' complaint against said defendants for failure to state a claim upon which relief can be granted, as more particularly set forth in the accompanying memorandum of law and incorporated herein by reference.

By their Attorney,

Robert W. Smith - #1874
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Providence, Rhode Island 02903
401-751-1500
FAX 401-751-4124

CERTIFICATION

I hereby certify that a copy of the within motion was forwarded to James and Olivia Marcello, 152 Cross Road, Stetson, Maine 04488; **Marc DeSisto, Esquire,** 211 Angell Street, Providence, Rhode Island 02906 and **Thomas A. Palombo, Assistant Attorney General,** Department of Attorney General, 155 South Main Street, Providence, Rhode Island 02903 on the 31st day of October, 2006, postage prepaid, regular mail.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO & OLIVIA A. MARCELLO :

VS. : C.A. NO. 05-004 ML

JOHN A. DE SANO, BERNARD P. HEALY, JOHN LACROSS, :
ALBERT MASTRIANO, ARTHUR T. MARCELLO and
the STATE OF RHODE ISLAND :

DEFENDANTS, JOHN A. DE SANO, BERNARD P. HEALY, ALBERT MASTRIANO AND ARTHUR T. MARCELLO'S, MEMORANDUM OF LAW IN SUPPORT OF SAID DEFENDANTS' MOTION TO DISMISS

**Statement of Facts**

On or about December 23, 2004, plaintiffs, James and Olivia Marcello, filed with this Court what is framed as "Bill of Complaint" against defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello **(hereinafter "said defendants")**, and defendant, John LaCross. Plaintiffs subsequently filed an amended complaint framed as "Plaintiffs' Amended Bill of Complaint" against the aforementioned defendants, together with the State of Rhode Island. Plaintiffs' amended complaint, attached hereto as **Exhibit A,** is comprised of six paragraphs, a prayer for relief and a prayer for process. In paragraphs 1 and 2, plaintiffs make jurisdictional allegations and list the addresses of the aforementioned defendants.

In paragraph 3 of their amended complaint, plaintiffs allege that, on or about August 13, 2003, defendants, DeSano, Healy, Marcello and Mastriano, under color of State law, did then and there in the Town of Barrington, Rhode Island, conspired with defendant, LaCross, Chief of the Barrington Police Department and reached an understanding to commit crimes against the constitutional rights of the plaintiffs by depriving them of their life, liberty and property without due process of law. Paragraph 3 further alleges that this violation is made pursuant to Tile 42

USCS §1983. Paragraph 4 of the plaintiffs' amended complaint is identical to paragraph 3, other than the date which is December 10, 2003. Paragraph 5 of the plaintiffs' amended complaint alleges that defendants knowingly and willingly entered into an enterprise (RICO) and further that only the members of said enterprise (RICO) are in violation of this statute. Paragraph 5 adds that the violations are pursuant to Title 18 USCS §1961. Paragraph 6 of the plaintiffs' amended complaint alleges that on February 6, 2004, Ms. Ava Martinelli, the President and Treasurer of Diamond Funding Corporation, Cranston, Rhode Island, engaged in a fraudulent scheme with the defendants in financing and assigning the mortgage to Mortgage Electronic Registration System in Flint, Michigan of the said embezzled and fraudulent converted property of the plaintiffs located at 557 Maple Avenue in the Town of Barrington. Paragraph 5 also adds that the violation is made pursuant to Title 18 USCS §1961.

Following paragraph 6 of the plaintiffs' amended complaint is what is entitled "Prayer for Relief" in five paragraphs. Paragraph 1 appears to ask that the defendants be ordered to pay $1.5 million dollars to the plaintiffs. Paragraph 2 requests that the fraudulent sale of the property at 557 Maple Avenue in Barrington be vacated for fraud. Paragraph 3 requests that the plaintiffs be granted possession. Paragraph 4 requests that the occupant purchasers, Mr. Nuno & Natalia Paiva-Neves, be ordered to vacate the premises. Paragraph 5 requests that the plaintiffs may receive any and all other relief as the circumstances in the case may require. The last section of the plaintiffs' amended complaint is entitled "Prayer for Process," and although very unclear, is demanding that all defendants be brought before the Court to answer the allegations in the plaintiffs' complaint.

Said defendants filed an answer to plaintiffs' amended bill of complaint, attached hereto as **Exhibit B,** denying the allegations set forth therein and raising certain affirmative defenses, including failure to state a claim upon which relief may be granted.

**Standard of Review**

The function of a Super. R. Civ. P. 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted is to test the sufficiency of the complaint. **Correa-Martinez v. Arrillaga-Belendez**, 903 F2d 49, 52-53 (1st Cir. 1990). In a Rule 12(b)(6) motion, the Court may examine only the pleading itself. **Arruda v. Sears, Roebuck & Co.,** 310 F.3d 13 (1st Cir. 2002). Rule 12 (b)(6) weeds out those allegations that, even with further factual development, will never grow into sustainable claims under the law. **Id at **8.**

Although a pleading is served primarily to put the other party on notice, the plaintiff must rely on more than subjective characterizations or conclusory descriptions. See **Correa-Martinez v. Arrillaga-Belendez, supra.** Additionally, the Court need not accept unsupported conclusions or interpretations of law. **Washington Legal Foundation v. Massachusetts Bar Foundation**, 993 F2d 962, 971 (1st Cir. 1993). If the pleading fails to make out a legal claim upon which relief can be granted or fails to allege any facts that would support a legal claim, the pleading is insufficient and should be dismissed. See **Correa-Martinez v. Arrillaga-Belendez**, **supra**.; **Arruda v. Sears, Roebuck & Co., supra.**

Rule 8 of the Federal Court Rules of Civil Procedure, entitled General Rules of Pleading, reads, in pertinent part, as follows: "A pleading which sets forth a claim for relief...shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to

relief, and (3) a demand for judgment for the relief the pleader seeks..." The function of pleading is to give fair notice of the claim and defenses of the parties. **1 Kent R.I. Civ. Prac. §8.1 at 81,** citing **Field and McKusick,** Maine Civil Practice, §8.1. Factual allegations in a complaint, however, "must be specific enough to justify dragging a defendant past the pleading threshold." **DM Research, Inc. v. College of American Pathologists,** 170 F.3d 53, 1st Cir. 1999.

"[M]inimal requirements are not tantamount to non-existent requirements. The threshold may be low, but it is real--and it is plaintiffs' burden to take the step which brings his case safely into the next phase of litigation." **Gooley v. Mobil Oil Corporation**, 851 F.2d 513, 514 (1st Cir. 1988). "Modern notions of 'notice pleading' notwithstanding, a plaintiff, we think, is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. We agree with the Seventh Circuit that if the facts narrated by the plaintiff 'do not at least outline or adumbrate′ a viable claim, his complaint cannot pass Rule 12(b)(6) muster." **Id.** at 515, quoting **Sutliff, Inc. v. Donovan Companies**, 727 F.2d 648, 654 (7th Cir. 1984). "The price of entry...is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." **DM Research, Inc. v. College of American Pathologists, supra**.

**Argument**

The plaintiffs have failed to meet their burden to set forth factual allegations, either direct or inferential, regarding any material elements necessary to sustain recovery under some actionable legal theory. The plaintiffs have failed to provide any factual allegation as to what interest, if any, they have in the property they refer to, located at 557 Maple Avenue, Barrington,

Rhode Island or if, how or when they acquired any such interest in the property and/or why they are entitled to possession of said property. The plaintiffs have failed to provide any factual allegations as to why the alleged "occupant purchasers," Nuno and & Natalia Paiva-Neves, do not have a valid ownership in the property. Plaintiffs have failed to provide any factual allegations as to what interest, if any, said defendants have or had with said property, or what involvement they had with any purchase or sale of said property, or with the sellers or buyers of said property. The plaintiffs have failed to provide any factual allegations as to whether they ever had an ownership interest in said property and/or any factual basis as to why they are entitled to possession.

The plaintiffs have failed to provide any factual allegations as to the nature of the alleged fraudulent scheme in the financing or assigning a mortgage regarding the property; the alleged fraudulent conversion of said property; the alleged embezzlement of said property or what involvement and/or on whose behalf either Diamond Funding Corporation or Mortgage Electronic System had regarding the property. The plaintiffs have failed to provide any factual allegations as to the nature of the alleged fraudulent conversion of the property; the date of the same or who was involved in the alleged fraudulent conversion. Finally, plaintiffs have failed to provide any factual allegations as to the identity, nature, and extent of any alleged crimes said defendants have committed against the plaintiffs. The plaintiffs' amended complaint is so lacking in factual allegations that it is impossible to determine what actionable legal theory the plaintiffs are relying on.

The complaint of James Marcello and Olivia Marcello is vague and unclear. In paragraphs 3 and 4, the plaintiffs allege that the defendants, John DeSano, Bernard Healy, Arthur T. Marcello and Albert Mastriano under color of State law did conspire with Chief John

LaCross of the Town of Barrington to reach an understanding to commit crimes against the constitutional rights of James and Olivia Marcello by depriving them of their "life, liberty and property" without due process of law. Plaintiffs' allegations of fraudulent conversion and fraudulent sale of the Maple Avenue property in Paragraph 6 of their complaint is equally devoid of an alleged factual basis for any fraud. In **Pavilonis v. King**, 626 F.2d 1075 (1st Cir. 1980), the First Circuit Court of Appeals upheld the dismissal of a complaint which was remarkably similar to the plaintiffs' complaint currently before this Court. In that case, the plaintiff simply stated that her suit was one to redress the deprivation under color of law of the State of Massachusetts of a right secured to plaintiff by Article 5, Amendment 14 of the Constitution of the United States. The plaintiffs' complaint in this suit is no clearer than that dismissed in **Pavilonis.** The Court in **Pavilonis** had little difficulty upholding the dismissal of the complaint. The Court held that the complaint was so hopelessly general that it could not give notice to the defendants of the specific claims. As in **Pavilonis,** the pleadings in this case do not meet the minimum standards applicable to Civil Right cases. A complaint based on Civil Rights statutes must do more than state simple conclusions. It must at least outline the facts constituting the alleged violation. The plaintiffs in this action simply have failed to do so. Their complaint is hopelessly flawed.

To the extent that the plaintiffs are attempting to sue said defendants pursuant to 42 USC 1983, the complaint is fatally flawed. In any 1983 action, the claim necessarily must include a showing that the conduct complained of deprived the plaintiffs of cognizable property and/or liberty interests and that the conduct was committed by persons acting under color of State law. **Lowe v. Scott**, 959 F.2d 323 (1st Cir. 1992). A jurisdictional requisite for a Civil Rights action is that the alleged wrongdoer was acting under color of State law. **Laurence v. Sollitto**, 788

A.2d 455 (RI 2002). The traditional definition of acting under color of State law requires that the defendants in a 1983 action have exercised power possessed by virtue of State law and made possible only because the alleged wrongdoers are clothed with the authority of State law. **<u>Forbes v. Rhode Island Brotherhood of Correctional Officers</u>**, 923 F.Supp. 315 (RI 1996). There are no factual allegations that either John DeSano, Bernard P. Healy, Arthur T. Marcello or Albert Mastriano were exercising power possessed by virtue of State law and made possible only because they were clothed with the authority of State law. There is no factual predicate for a Civil Rights action against any of said defendants. There are no factual allegations to suggest or imply that RICO has any viable application to the plaintiffs' amended complaint. Plaintiffs' legal theories sound only in a violation of the plaintiffs' Civil Rights pursuant to 42 USC 1983 and a violation of the RICO Statute pursuant to Title 18 USC 1961.

**<u>Conclusion</u>**

Plaintiffs' amended complaint against defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello, fails to state a claim upon which relief can be granted. It fails to satisfy the threshold requirements of notice pleading because it does not set forth the necessary elements of either a Civil Rights action or a RICO action. Even if the plaintiffs' allegations of fraudulent conversion might stand alone as a separate count, there are absolutely no factual allegations to determine the nature and extent of any fraud or what role, if any, any of said defendants played in the alleged fraud. There are no factual allegations, either direct or inferential, to determine whose interest Attorneys John A. DeSano and/or Bernard P. Healy represented or what interest, if any, either Arthur T. Marcello or Albert Mastriano had with any of the allegations set forth in the plaintiffs' amended complaint. The plaintiffs' amended complaint is a vague and ambiguous reference to an alleged claim of a Civil Rights violation

regarding property located at Maple Avenue in Barrington, Rhode Island, which is devoid of any factual allegations to suggest or imply any viable legal theories that the plaintiffs might have against said defendants. Without the necessary elements of a cause of action, plaintiffs' amended complaint must be dismissed because it fails to satisfy the notice pleading threshold.

Defendants, John A. DeSano,
Bernard P. Healy, Albert Mastriano
and Arthur T. Marcello
By their Attorney,

Robert W. Smith - #1874
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Providence, Rhode Island 02903
401-751-1500
FAX 401-751-4124

CERTIFICATION

I hereby certify that a copy of the within memorandum was forwarded to James and Olivia Marcello, 152 Cross Road, Stetson, Maine 04488; **Marc DeSisto, Esquire,** 211 Angell Street, Providence, Rhode Island 02906 and **Thomas A. Palombo, Assistant Attorney General,** Department of Attorney General, 155 South Main Street, Providence, Rhode Island 02903 on the 31st day of October, 2006, postage prepaid, regular mail.