**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JAMES C. MARCELLO
OLIVIA A. MARCELLO

VS C. A. NO. 05 004 ML

JOHN A. DESANO, BERNARD P. HEALY
JOHN LACROSS, ALBERT MASTRIANO,
ARTHUR T. MARCELLO AND THE
STATE OF RHODE ISLAND

**MOTION OF DEFENDANTS, JOHN A. DESANO BERNARD P. HEALY, ALBERT MASTRIANO AND ARTHUR MARCELLO, FOR PERMISSION TO INTERROGATE JAMES C. MARCELLO**

Now come the defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur Marcello, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and hereby move for permission to examine the plaintiff, James C. Marcello, at his deposition when scheduled. As grounds therefore, defendants state that pursuant to the Court order entered on October 25, 2005, these defendants may not examine the plaintiff without first obtaining permission from the Court. In this case, examination of the plaintiff is clearly warranted. To allow the examination at this time will serve judicial economy and is in accord with the Rules of Civil Procedure. In support thereof, the defendants submit their Memorandum of Law.

The defendants, by their attorney,

Robert W. Smith (1984)
ARMSTRONG, GIBBONS & GNYS
155 South Main Street
Providence, RI 02903
(401) 751 1500

to

James and Olivia Marcello
152 Cross Road
Stetson, Maine 04488

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Thomas A. Palombo, Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, Rhode Island 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel and all parties, as above.

Dated: NOVEMBER 2, 2005

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO
OLIVIA A. MARCELLO

VS C. A. NO. 05 004 ML

JOHN A. DESANO, BERNARD P. HEALY
JOHN LACROSS, ALBERT MASTRIANO,
ARTHUR T. MARCELLO AND THE
STATE OF RHODE ISLAND

**MEMORANDUM OF DEFENDANTS IN SUPPORT OF THEIR MOTION FOR LEAVE TO EXAMINE JAMES C. MARCELLO AT HIS DEPOSITION WHEN SCHEDULED**

Statement of Facts and Travel of the Case

The plaintiffs, James C. Marcello and Olivia A. Marcello, commenced this action against, among others, Bernard P. Healy, John A. DeSano, Albert Mastriano and Arthur T. Marcello. These defendants have filed a motion to dismiss alleging insufficiency of the allegations contained in plaintiffs' complaint. A co-defendant, Chief John LaCross of the Barrington Police Department, has noticed the deposition of James C. Marcello, plaintiff. James C. Marcello failed to appear at his deposition when originally scheduled. Chief LaCross, through counsel, then filed a motion to dismiss. James C. Marcello in response objected to the motion to dismiss, and the Court conducted a hearing on October 25, 2005. Pursuant to the Order, this Court directed that counsel for other defendants may attend the deposition. However, counsel for other defendants, including the present movants, may not ask questions of James C. Marcello without obtaining permission from the Court. The defendants in their motion seek that specific permission.

Issue

Should counsel for defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello, be allowed to examine James C. Marcello at his deposition when scheduled?

Argument

Rule 30 of the Federal Rules of Civil Procedure governs depositions upon oral examination. Rule 30(c) provides, "Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." This means that all parties to an action are allowed to examine the deponent. Rule 26(c) does give a Court power to make any order which justice requires to protect a part or person from annoyance, embarrassment, oppression. Rule 26(c) does not expressly allow a party to an action to be barred from examining the deponent. The implicit power to do so may arguably be found in Rule 26(c). For example, Rule 26(c)(5) directs that the Court may limit discovery with no one present except persons designated by the Court. In this case, however, there is absolutely no just basis to foreclose examination of James C. Marcello by the attorney for the above defendants. Until October 25, 2005, these defendants pursuant to the rules naturally assume that their attorney would have the right to examine Mr. Marcello at the deposition. These defendants therefore did not sleep on their rights by not independently noticing the deposition of James C. Marcello. To foreclose their right to do so now, when discovery has otherwise closed, works a real injustice upon them. This is acutely so in this case because the allegations of the plaintiffs in their complaint are incredibly vague. Without an opportunity to examine the plaintiff, James C. Marcello, these defendants will be placed in the unenviable position of having to move to reopen discovery to allow notice of a second deposition. This will require the attendance of the plaintiff, James C. Marcello, if allowed, at a second and separate deposition. Judicial economy would mandate that they be allowed to examine Mr. Marcello at a time and place to which he has already agreed. To allow the examination not only further judicial economy and saves the plaintiff, James C. Marcello, unnecessary and duplicative travel time, it is the most economical way to proceed. There are absolutely no countervailing equities which would warrant a limitation of Mr. Marcello's examination at his deposition when scheduled. The defendants therefore respectfully request

permission to examine Mr. Marcello at his deposition when scheduled by co-defendant, Chief John LaCross.

Conclusion

Based upon the foregoing, the defendants, John DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello, respectfully request that they be granted leave to examine the plaintiff, James C. Marcello, through counsel, at his deposition, when scheduled.

The defendants, by their attorney,

Robert W. Smith (1984)
ARMSTRONG, GIBBONS & GNYS
155 South Main Street
Providence, RI 02903
(401) 751 1500

to James and Olivia Marcello
152 Cross Road
Stetson, Maine 04488

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Thomas A. Palombo, Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, Rhode Island 02903

CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel and all parties, as above.

Dated: November 3, 2005