UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO and OLIVIA A. MARCELLO, Plaintiffs, | : | |
| v. | : | CA 05-004 ML |
| JOHN A. DESANO, BERNARD HEALY, JOHN LACROSS, ALBERT MASTRIANO, and ARTHUR T. MARCELLO, Defendants. | : | |

**ORDER**
**GRANTING TWO MOTIONS**
**FILED BY DEFENDANT JOHN LACROSS**

Before the court are two motions which were filed by Defendant John LaCross on October 19, 2005:

1. **Motion of Defendant, John LaCross, to Extend Time to File Motion to Amend Pretrial Order** (Document ("Doc.") #79);

2. **Motion of Defendant, John LaCross, to Extend Time to File Motion for Conditional Order of Dismissal** (Doc. #81).

The court refers to the motions collectively as the "Motions."

Plaintiffs filed a consolidated objection to the Motions on October 25, 2005. See Objections of Plaintiffs to Defendant Chief John LaCross's Motions to Extend Time and Amend Pretrial Order (Doc. #84) ("First Objection"). Subsequently, on October 31, 2005, Plaintiffs filed another objection to the Motions. See Objections of Plaintiffs to Defendant Chief John LaCross's Motions to Extend Time and Conditional Order of Dismissal (Doc. #88) ("Second Objection").

In their First Objection, Plaintiffs argue that the Motions are untimely and not the result of excusable neglect as required by Fed. R. Civ. P. 6(b). See First Objection at 1. Plaintiffs' objection is not well taken as they failed to answer Defendant LaCross's interrogatories prior to the close of discovery on

September 30, 2005. See Pretrial Order (Doc. #18) at 1. Defendant LaCross diligently sought to compel Plaintiffs' compliance by filing a Motion to Compel Answers to Interrogatories (Doc. #45) ("Motion to Compel Answers") on September 1, 2005. The Motion to Compel was granted by Local Rule on September 19, 2005. See Doc. #53. It is Plaintiffs' failure to answer Defendant LaCross's interrogatories which has made the Motions necessary.[1] Accordingly, Plaintiffs' First Objection is overruled.

In their Second Objection, Plaintiffs accuse counsel for Defendant LaCross of practicing deceit upon the court. See Second Objection at 1. They cite two alleged "[f]act[s]," id., in support of this accusation: 1) that on August 25, 2005, they served on counsel for Defendant LaCross objections to the deposition of James Marcello, the interrogatories, and the requests for production, see id.; and 2) that on September 15, 2005, they served a response to Defendant LaCross's first and second requests for production, see id. Plaintiffs do not explain how these two alleged "facts" demonstrate that Defendant LaCross's counsel has practiced deceit upon the court. See id. at 1-2.

Plaintiffs may contend that counsel for Defendant LaCross should have disclosed the first "fact" in his motions to compel answers to interrogatories and to provide responses to the first and second requests for production which were filed on September 1, 2005. See Motion to Compel Answers (Doc. #45); Defendant John LaCross's Motion to Compel Responses to his First and Second

[1] During the October 25, 2005, hearing on the Motion of Defendant, John LaCross, to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition (Doc. #55), counsel for Defendant LaCross indicated that he had received some documents from Plaintiffs in response to his first request for production but no answers to the interrogatories which he had propounded or responses to his second request for production. See Tape of 10/25/05 Hearing.

Requests for Production of Documents (Doc. #44) ("Motion to Compel Production"). If so, such failure only exists as to the alleged failure to disclose that Plaintiffs had objected to the interrogatories. Defendant disclosed that Plaintiffs had objected to the requests for production. See Memorandum in Support of Defendant John LaCross's Motion to Compel Responses to his First and Second Requests for Production of Documents (filed in support of Doc. #44) at 1 (quoting Plaintiffs' Objection to Production of Documents).

While including in the Motion to Compel Answers (or the memorandum filed in support thereof) a statement that Plaintiff had objected to the interrogatories may have provided a somewhat fuller picture of the status of the outstanding interrogatories as of September 1, 2005, the court is unaware of any rule which requires that this information be included in either document. In the face of Plaintiffs' refusal to answer the interrogatories, Defendant LaCross acted appropriately in filing his Motion to Compel Answers (Doc. #45). If Plaintiffs wished to preserve their objections to the interrogatories, they were obliged to file an objection to the Motion to Compel. See D.R.I. Local Rule 12(a)(2) (stating that "[i]f no response to a motion is served and filed, the court may make such orders as are just, including an order that the motion is unopposed and ... is deemed granted ...."). They failed to do so. The court finds no deceit on the part of counsel for Defendant LaCross for allegedly failing to disclose the first alleged "fact."

With regard to Plaintiffs' claim of deceit based on the "fact" that they allegedly served a response to Defendant LaCross's first and second requests for production on September 15, 2005, Plaintiffs again do not clearly explain what constitutes the deceit. Presumably, Plaintiffs' ire stems from the following statement in Defendant LaCross's Memorandum in

Support of Defendant's Motion to Extend Time to File Motion to Amend Pretrial Order:

> Second, while discovery may have "closed" on September 30, 2005, Plaintiffs have not answered Defendant's discovery and have not complied with this Court's Order, dated September 19, 2005, compelling Plaintiffs to respond to Defendant's discovery. The pending discovery motion scheduled for October 25, 2005, the failure to comply with this Court's Order compelling discovery and the failure to file substantive discovery answers favor the granting of this motion.

Memorandum in Support of Defendant's Motion to Extend Time to File Motion to Amend Pretrial Order at 1 (filed in support of Doc. #79). The court assumes Plaintiffs contend that Defendant LaCross should have also included the second "fact" in the above recitation.

Again, while it may have been preferable for Defendant LaCross to have included this information in his memorandum, its omission is not a reason to deny the instant Motions. The court finds no deceit on the part of counsel for Defendant LaCross. He made clear at the October 25, 2005, hearing that he had received some documents in response to his first request for production. More significantly, there is no dispute that as of October 25, 2005, Plaintiffs had yet to answer the outstanding interrogatories. This fact by itself amply justifies the granting of the instant Motions.[2] Accordingly, Plaintiffs'

---

[2] It is unnecessary for the court to resolve at the present time the disputed issue of whether or not as of October 25, 2005, Plaintiffs had provided any documents in response to Defendant's second request for production. See Second Objection at 1 (stating that on September 15, 2005, Plaintiffs served a response to Defendant LaCross's first and second request for production); Tape of 10/25/05 Hearing (Defendant LaCross's counsel stating that he had received some documents in response to his first request for production but no answers to interrogatories or responses to his second request for production). The court suspects that at bottom this dispute is really over whether the documents produced by Plaintiffs are in fact

Second Objection is overruled.

For the reasons stated above, the Motions are GRANTED.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
November 8, 2005

BY ORDER:

Deputy Clerk

---

responsive to Defendant LaCross's second request for production.