UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO and OLIVIA A. MARCELLO, Plaintiffs, | : | |
| v. | : | CA 05-004 ML |
| JOHN A. DESANO, BERNARD HEALY, ALBERT MASTRIANO, CHIEF JOHN LACROSS, and ARTHUR T. MARCELLO, Defendants. | : | |

**ORDER**
**GRANTING MOTION FOR**
**PERMISSION TO QUESTION DEPONENT**

Before the court is the Motion of Defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur Marcello, for Permission to Interrogate James C. Marcello (Document ("Doc.") #92) ("Motion for Permission" or "Motion"). These Defendants ("Movants") seek permission for their counsel to question Mr. Marcello when he is deposed by counsel for Defendant LaCross. Such permission is required pursuant to the court's order of October 25, 2005. See Order Requiring James Marcello to Attend Deposition within Thirty Days (Doc. #85) dated October 25, 2005 ("Order of Oct. 25, 2005").

The Motion was filed on November 3, 2005, and referred to this Magistrate Judge for determination on November 14, 2005. On the latter date, the court learned that the deposition of Mr. Marcello was scheduled for 1:30 p.m. on November 17, 2005. Attempting to address the Motion prior to that date, the court directed the clerk to notify the parties telephonically that it would conduct a hearing at 4:00 p.m. on November 15, 2005, and that Mr. Marcello, who resides in Maine, could participate in the hearing via telephone. Although the deputy clerk was able to

contact Defendants, she was unable to reach Mr. Marcello despite making a total of eleven telephone calls to his number at various times on November 14 and 15, 2005.

Shortly after 4:00 p.m. on November 15, 2005, the court rescheduled the hearing on the Motion to the time of Mr. Marcello's impending deposition on November 17, 2005. The court reasoned that Mr. Marcello would then be in attendance (via telephone), and the Motion could be addressed immediately prior to the commencement of the deposition. In order to facilitate this procedure, the court directed that counsel for Defendant LaCross have the court reporter who was to record the deposition in attendance at the hearing so that the deposition could proceed immediately after the hearing.

Attorney Michael A. DeSisto ("Mr. DeSisto"), representing Defendant LaCross, and Attorney Robert W. Smith ("Mr. Smith"), representing Movants, appeared before the court at 1:30 p.m. on November 17, 2005, as directed. Although the deputy clerk placed repeated telephone calls to the number which Mr. Marcello had provided to Mr. DeSisto for the deposition which was to be conducted telephonically, there was no answer. Mr. DeSisto, informed the court that his office had received a telephone message from Mr. Marcello at 10:58 a.m. that morning. The person who took the message had difficulty understanding Mr. Marcello, but reported that he had said something about a continuance and "Rule 27(b)." Mr. DeSisto stated that since receiving this message he had tried without success to reach Mr. Marcello by telephone.

After the deputy clerk made another attempt at 1:45 p.m. to reach Mr. Marcello by telephone, the court stated that it appeared that he did not intend to be deposed as scheduled and that Mr. DeSisto could take whatever steps he deemed appropriate under the circumstances. The court noted that Mr. DeSisto had

engaged a court reporter to take Mr. Marcello's deposition and that the court reporter had appeared for that purpose.

Turning to the Motion, the court observed that the Order of Oct. 25, 2005, required that Mr. Marcello submit to deposition by November 25, 2005, that there were only a few days remaining until that date, and that it did not know whether Mr. DeSisto would give Mr. Marcello another opportunity to be deposed before that date. Given these circumstances, the court deemed it advisable to address the Motion without further delay so that all parties will know whether the requested questioning will be permitted should the deposition occur.

The objections voiced by Mr. Marcello at the October 25, 2005, hearing[1] to being questioned by other counsel were: 1) that counsel had not asked for permission; 2) that he would not have time to depose Defendant LaCross if other counsel were allowed to question him; 3) that such questioning was unfair and oppressive; and 4) that the questioning had not been mentioned in Mr. DeSisto's original letter to Mr. Marcello concerning the deposition. Movants have filed the instant Motion, so the first objection is moot.

The second objection also appears to be moot. Mr. Marcello was advised by the court at the October 25th hearing that he would be financially responsible for the cost of deposing Defendant LaCross and that if he wished to utilize the services of the same court reporter who records his own deposition he should make arrangements with the court reporter prior to the date of his deposition. After being so informed, Mr. Marcello stated that the court was aware that he was on disability. The court interprets this statement to mean that Mr. Marcello is

[1] As of the date of this order no objection to the instant Motion has been filed by Mr. Marcello. Such objection was due not later than November 17, 2005.

financially unable to pay for the services of a court reporter and that he does not intend to depose Defendant LaCross. There is no indication that Mr. Marcello made such arrangements with the court reporter who appeared on November 17, 2005.

As for the contention that the questioning would be unfair or oppressive, the court rejects this argument. Such questioning comports with common practice. Moreover, judicial economy favors consolidating the questioning of a deponent so that he is not subjected to multiple depositions.

With regard to the fourth objection, there is no requirement that Mr. DeSisto advise Mr. Marcello that he may be questioned by other counsel. Even if there were, any possible prejudice to Mr. Marcello from the lack of notice has long since been cured. This Order provides further notice to Mr. Marcello that he may be questioned by Mr. Smith if he is deposed by Mr. DeSisto.

Accordingly, the Motion is granted. Counsel for Movants is granted permission to question Mr. Marcello at any deposition scheduled by counsel for Defendant LaCross. However, such questioning shall not commence until Mr. DeSisto has completed his questions[2] and shall not be repetitious or cover matters which have already been covered by Mr. DeSisto.

So ordered.

ENTER:

David L. Martin
United States Magistrate Judge
November 18, 2005

BY ORDER:

Deputy Clerk

[2] Once Mr. DeSisto states that he has completed his questioning and Mr. Smith commences questioning, Mr. DeSisto may not ask Mr. Marcello any additional questions.