UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO and OLIVIA A. MARCELLO, Plaintiffs, | : | |
| v. | : | CA 05-004 ML |
| JOHN A. DESANO, BERNARD HEALY, JOHN LACROSS, ALBERT MASTRIANO, and ARTHUR T. MARCELLO, Defendants. | : | |

**ORDER**
**GRANTING PLAINTIFFS' REQUEST**
**TO EXCEED LIMITATION ON EXHIBITS AND**
**DENYING REQUEST FOR INDICTMENT FOR PERJURY**

Before the court are Plaintiffs' Motion to Exceed (Document ("Doc.") #127) and a document which Plaintiffs entitle Indictment for Perjury (Doc. #126). The Motion to Exceed seeks relief from the page limitation on exhibits contained in Amended General Order 2002-01. Because the exhibits explain Plaintiffs' reasons for filing the Indictment for Perjury, the Motion to Exceed is GRANTED.

The court treats the Indictment for Perjury as a motion by Plaintiffs. By this motion, Plaintiffs appear to request that Defendants John A. DeSano, Bernard P. Healy, Albert Mastriano, and Arthur T. Marcello ("Defendants") be indicted and/or criminally prosecuted for allegedly committing perjury in their answers to Plaintiffs' interrogatories. See Indictment for Perjury at 1.

The apparent basis for the motion is that Defendants answered negatively four interrogatories posed by Plaintiffs. Plaintiffs contend that one or more of the interrogatories should have been answered positively to conform with the facts alleged by Plaintiffs. Plaintiffs allege that Defendants have embezzled

and/or committed larceny of the real and personal property belonging to Plaintiffs located at 557 Maple Avenue, Barrington, Rhode Island. The first three interrogatories ask, in essence: 1) if Defendants have possession of any of Plaintiffs' real or personal property, 2) if Defendants have at any time transferred any of Plaintiffs' property to a family member or to another person in trust for Defendants, and 3) if Defendants have at any time transferred any of Plaintiffs' property to a purchaser. The fourth interrogatory directs Defendants to annex to their answers records "regarding the ... legal justification ...," Indictment for Perjury, Exhibit ("Ex.") 2 (Interrogatories for the Examination of the above Named Defendants) at 3, for the transfer of Plaintiffs' property, see id.

Plaintiffs contend Defendants' negative responses to these interrogatories are untruthful primarily for three reasons. First, Plaintiff James Marcello affirms in an affidavit that:

> 12. On October 29, 2003, Mr. Jerry & Carol O'Donnell made a report to me that he observed Defendant Arthur T. Marcello and Defendant Albert Mastriano with a crew at my property during the month of August, 2003, removing my possessions and a dumpster in my yard while I was illegally held without bail.
>
> ....
>
> 20. On February 11, 2004, Nuno & Natalia Paiva-Neves admitted that on February 6, 2004[,] Defendant Arthur T. Marcello fraudulently sold the property to them and they [were] going to lose their money. (See: Ex. 4, Counterfeit Executor Deed 2/6/04)

Id., Ex. 4 (Affidavit and Memorandum in Support of Plaintiffs' Motion to Compel Answers to Interrogatories) at 3-4.

Second, Plaintiffs point to the fact that Defendant Arthur T. Marcello admitted the genuineness of an executor's deed executed by him on February 6, 2004, for the property located at 557 Maple Avenue, Barrington, Rhode Island. See id., Ex. 5

(Defendant, Arthur T. Marcello's, Response to Plaintiffs' Request for Admission, Framed as "Demand for Admission of Execution of Document"); see also id., Ex. 3 (Plaintiffs' Demand for Admission of Execution of Document), Attachment 1 (Executors' Deed) at 2 (Exhibit A).

Third, Plaintiffs state that on March 9, 2004, Defendants John A. DeSano, Bernard P. Healy, and Arthur T. Marcello, through the law firm of Kiernan, Plunkett & Redihan, sent Plaintiff James Marcello:

> an unsigned and unnot[a]rized purported "First and Final Account" of a purported estate of Nicholas Marcello located at 557 Maple Avenue[,] Barrington, RI, purporting to spend $264,213.02 dollars out of the purported sale of the purported estate to ... Nuno & Natalia Paiva-Neves for purported amount of $275,000.00 ....

Memorandum in Support of Indictment for Perjury at 5. Plaintiffs state that in the same envelope which contained the above described document, there were two additional documents: a Miscellaneous Petition for Approval of Fiduciary's Fees for Defendant Arthur T. Marcello in the amount of $22,907.88 and another miscellaneous petition seeking approval of attorney's fees for Defendant Bernard P. Healy in the amount of $20,390.87. See id. at 6.

Having explained the basis for Plaintiffs' belief that Defendants' answers to the interrogatories are false and perjurious, the court turns to the merits of the motion. It is clear that Plaintiffs' request must be denied. The relief Plaintiffs seek by the Indictment for Perjury is not recognized or authorized by any of the Federal Rules of Civil Procedure. Indictments are not brought by courts but by grand juries. Although a federal court may, on relatively rare occasions, refer a matter to the U.S. Attorney for investigation of possible criminal conduct, there is no basis for such action here.

Plaintiffs appear to assume that it is a proven fact that the real and personal property at 557 Maple Street, Barrington, belongs to them. However, the trial has not yet occurred, and this allegation remains to be proved by Plaintiffs. Defendants are not required to accept Plaintiffs' version of the facts. They are free to disagree with Plaintiffs' contention that the property belongs to Plaintiffs. Thus, Defendants' negative answers may simply reflect Defendants' belief that Plaintiffs' claim of ownership is not valid.

For these reasons, the Indictment for Perjury, which the court treats as a motion by Plaintiffs, is DENIED.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
December 7, 2005

BY ORDER:

Deputy Clerk