**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JAMES C. MARCELLO
OLIVIA A. MARCELLO

VS C. A. NO. 05 004 ML

JOHN A. DESANO, BERNARD P. HEALY
JOHN LACROSS, ALBERT MASTRIANO,
ARTHUR T. MARCELLO AND THE
STATE OF RHODE ISLAND

**MOTION FOR SUMMARY JUDGMENT**

Now come the defendants, John A. DeSano, Bernard P. Healy, Arthur T. Marcello and Albert Mastriano, and hereby move pursuant to FRCP 56 that the complaint of the plaintiffs against them be dismissed for failure to state a claim upon which relief can be granted or alternately that these defendants be granted summary judgment. As grounds therefore, the defendants state that there are no issues of fact to be decided by a finder of fact and that these defendants are entitled to judgment as a matter of law. In support thereof, these defendants submit their memorandum of law and statement of undisputed facts.

The defendants, by their attorneys,

Robert W. Smith (1874)
ARMSTRONG, GIBBONS & GNYS
155 South Main Street
Providence, RI 02903
(401) 751 1500

to James and Olivia Marcello
152 Cross Road
Stetson, Maine 04488

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Thomas Palumbo
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

I hereby certify that I mailed a copy of the within to counsel of record and all parties, as above.

Dated: 1/3/06

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO & OLIVIA A. MARCELLO

VS. C.A. NO. 05-004 ML

JOHN A. DE SANO, BERNARD P. HEALY,
JOHN LACROSS, ALBERT MASTRIANO,
ARTHUR T. MARCELLO and
the STATE OF RHODE ISLAND

**DEFENDANTS, JOHN A. DE SANO, BERNARD HEALY, ALBERT MASTRIANO AND ARTHUR T. MARCELLO'S, MEMORANDUM OF LAW IN SUPPORT OF SAID DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF FACTS AND TRAVEL**

On or about December *23,* 2004, plaintiffs, James and Olivia Marcello, filed a "Bill of Complaint" against defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello (hereinafter "said defendants"), and defendant, John LaCross. Plaintiffs subsequently filed an Amended Bill of Complaint adding the State of Rhode Island as a defendant. In their amended bill of complaint, the plaintiffs allege that on August 13, 2003, and December 10, 2003, said defendants, in addition to LaCross, the Town of Barrington Chief of Police, committed crimes against the constitutional rights of the plaintiffs by depriving them of life, liberty and property without due process of law, in violation of Title 42 USCS § 1983. Plaintiffs further allege that the defendants violated the "RICO" Statute, codified as Title 18 USCS §1961. The plaintiffs further alleged in their amended complaint that, on or about February 6, 2004, the defendants entered into a fraudulent scheme with Ava Martinelli, the President and Treasurer of Diamond Funding Corporation, in financing and assigning the mortgage to Mortgage Electronic Registration System in Flint, Michigan, and fraudulently

converting property of the plaintiffs located at 557 Maple Avenue in the Town of Barrington. The amended complaint never alleges that the plaintiffs had any right, title or interest in the property at Maple Avenue but requests, in a prayer for relief, that the fraudulent sale of the property be vacated for fraud and that the occupant purchasers, Nuno C. Neves and Natalia Paiva-Neves be ordered to vacate the premises.

Although inartfully drafted, the allegations in the plaintiffs' "Amended Bill of Complaint" appear to stem from an estate matter in the Town of Barrington.

James C. Marcello, plaintiff, is the son of Nicholas Marcello who died on September 28, 2002. Olivia Marcello is James C. Marcello's wife. **Attached as Exhibit A is a copy of the Last Will and Testament of Nicholas Marcello.** John DeSano, Esq., prepared the Will at the request of Nicholas Marcello. Nicholas Marcello appointed his brother, Arthur Marcello, Executor under the Will. The sole involvement of Albert Mastriano in this case is his witnessing the Will of Nicholas Marcello.

Arthur Marcello originally engaged John DeSano, Esq., to probate the Will in the Barrington Probate Court. Mr. DeSano retained Bernard P. Healy, Esq., to represent the Estate and to probate the Will. Mr. Healy filed with the Barrington Probate Court a Petition for the Admission of Nicholas Marcello's Will to Probate. **Affidavit of Bernard P. Healy - Exhibit M.** James C. Marcello, while named as a beneficiary in the Will, was not the sole beneficiary. James C. Marcello appeared at the initial hearing for admission of the Will to probate and contested the Will. **A copy of the Petition to Admit the Will is attached as Exhibit B.**

On November 12, 2002, Judge Homonoff of the Barrington Probate Court ordered that the parties agree to a discovery schedule, which included the depositions of relevant witnesses. **Affidavit of Bernard P. Healy - Exhibit M**. The Court directed Mr. Healy to prepare an order,

and Mr. Healy did so. The judge specifically directed that James Marcello receive a copy of the order before its entry, and he did. **Affidavit of Bernard P. Healy - Exhibit M.** Despite the Probate Court's clear order in reference to discovery, James Marcello submitted a discovery order which contradicted the judge's ruling. Specifically, James Marcello, in his proposed order directed that he not be deposed. **Affidavit of Bernard P. Healy - Exhibit M.** Ultimately, James Marcello's proposed order was stricken from the record, and the Probate Court entered the discovery order prepared by Mr. Healy. **A copy of the Discovery Order entered and James Marcello's proposed order are attached as Exhibit C; Affidavit of Bernard P. Healy - Exhibit M.**

James Marcello refused to comply with the discovery order and refused to appear at his deposition which was noticed on several different occasions. **Affidavit of Bernard P. Healy - Exhibit M**. James Marcello was found to be in contempt by the Probate Court; and. after his initial appearance, James Marcello absented himself from all further proceedings until after Arthur Marcello's appointment as executor. James Marcello was given every opportunity to appear and contest the Will. Finally, on April 7, 2003, the Probate Court admitted the Will and appointed Arthur Marcello Executor. **Affidavit of Bernard P. Healy - Exhibit M.**

James Marcello and Olivia Marcello occupied the home of Nicholas Marcello at the time of Nicholas' death, located at 557 Maple Avenue, Barrington, Rhode Island; and subsequently, during the fall or winter of 2002, vacated the premises without notice. **Affidavit of Bernard P. Healy - Exhibit M.** Arthur Marcello inspected the home, found that it was unheated and unoccupied and then filed a petition for the appointment of a custodian in the Probate Court. **Affidavit of Bernard P. Healy - Exhibit M.** The Probate Court appointed a custodian and later, after the appointment of Arthur Marcello as Executor, the custodian delivered possession

of the property to Arthur Marcello. **Affidavit of Bernard P. Healy - Exhibit M.**

Arthur Marcello, as Executor, took steps necessary to advertise and sell the Maple Avenue property. While he was doing so, James Marcello reappeared, entered the property and began again to occupy it. **Affidavit of Bernard P. Healy - Exhibit M.** At that point, Arthur Marcello gave his nephew notice to quit the Maple Avenue premises. James Marcello failed to respond to that notice and Arthur Marcello then commenced an action for Trespass and Ejectment against James Marcello in the District Court of the State of Rhode Island, Sixth Division. **Affidavit of Bernard P. Healy - Exhibit M. A copy of that complaint is attached hereto and labeled Exhibit D.**

James Marcello originally filed an **extensive answer and other pleadings in the District Court, Sixth Division suit, which are attached as Exhibit E.** The Trespass and Ejectment action proceeded to trial, and judgment for possession entered against James Marcello. **A copy of that judgment is attached as Exhibit F.** James Marcello refused to move from the property and a constable was engaged to execute the judgment and evict James Marcello and Olivia Marcello. **Affidavit of Bernard P. Healy - Exhibit M**. During the course of the eviction, the Barrington Police charged James Marcello with disorderly conduct and obstructing a police officer in the performance of his duty. Ultimately, James Marcello plead guilty to obstructing a police officer in the performance of his duty. **A copy of that plea and conviction is attached hereto as Exhibit G.**

On or about August 2002, James Marcello re-entered the Maple Avenue property. Arthur Marcello, in his capacity as Executor, brought an action in the Superior Court, Providence County, to restrain and enjoin James Marcello from his continued trespass. **Affidavit of Bernard P. Healy - Exhibit M.** After a full hearing, the Providence County Superior Court entered a

preliminary injunction, again restraining James Marcello from entry upon the property. **A copy of the preliminary injunction is attached hereto as Exhibit H.** The Barrington Police charged James Marcello with criminal trespass and breaking and entering. James Marcello plead nolo contendere to the charge of criminal trespass and received a suspended sentence. **A copy of that plea and conviction is attached hereto and labeled Exhibit I.**

After entry of the preliminary injunction, Arthur Marcello, as Executor, took the steps necessary to sell the Maple Avenue property. That sale occurred on February 1, 2004. **Attached as Exhibit J is a copy of the Executor's Deed** whereby the estate conveyed the premises to Nuno C. Neves and Natalie Paiva-Neves. With the proceeds of the sale, Arthur Marcello sought to distribute the estate in accord with the Will. He forwarded to James Marcello two checks representing reimbursement for expenditures made by James Marcello and his distributive share of his father's estate. James Marcello has refused to cash these checks. All the other beneficiaries named in the Will have received and accepted their bequests. Arthur Marcello has now completed the administration of the estate and deposited the funds due James Marcello into the Registry of the Barrington Probate Court. The estate is now closed. **Attached as Exhibit K are copies of the orders of the Probate Court** in reference to the allowance of accounts for the estate.

After the sale of the Maple Avenue property, James Marcello contested the Executor's right to sell the property and also alleged that the property was not sold for sufficient and adequate consideration. The Barrington Probate Court gave James Marcello an opportunity to present evidence in reference to those allegations. James Marcello presented no such evidence, and the judge approved the actions of the Executor. **A copy of the Judge's order is attached as Exhibit L.**

James Marcello never appealed any order or decree of the Probate Court of the Town of Barrington. James Marcello never appealed or moved to vacate the judgment of the District Court. **Affidavit of Bernard P. Healy - Exhibit M.** These judgments and orders are final. The preliminary injunction issued in the Superior Court remains in effect.

## STANDARD OF REVIEW

In **Morris v. High Mark Life Insurance Company,** 255 F.Supp.2d 16, 2003 W.L. 1821512 (D.R.I. 2003), Judge Lagueux explained the standard upon which a motion for summary judgment should be decided as follows:

> "Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions:
>
> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> "Fed.R.Civ.P. 56(c). The critical inquiry is whether a genuine issue of material fact exists. A genuine issue is one 'supported by such evidence that a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party.' *Hershey v. Donaldson, Lufkin & Jenrette Securities Corp.*, 317 F.3d 16, 19 (1st Cir.2003) (internal quotation marks omitted). Furthermore, a material fact is 'one that might affect the outcome of the suit under the governing law.' ***21** *United States v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.W. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> "****3** On a motion for summary judgment, the moving party bears the initial burden of showing that there are no genuine issues of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323,, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden may be met by showing the court that a lack of evidence exists to support the nonmoving party's case. *Rochester Ford Sales, Inc. v. Ford Motor Co.,* 287 F.3d 32, 39 (1st Cir. 2002). Upon discharging that burden, the nonmoving party must demonstrate that the trier of fact could reasonably find in the nonmoving party's favor with respect to each issue on which that party has the burden of proof at trial. *Id.* In the end, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *Id.* '[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary

> judgment stage." *Coyne v. Taber Partners I,* 53 F.3d 454, 460 (1st Cir. 1995). Indeed, as this writer has explained, '[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem most plausible, or because the opponent is unlikely to prevail at trial." *Gannon v. Narragansett Elec. Co.,*777 F. Supp. 167, 169 (D.R.I. 1991)."

**ARGUMENT**

Defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello, can only surmise the significance of the two dates mentioned by the plaintiffs in their complaint. These would be the dates on which James Marcello was arrested initially for his conduct at the time of execution of the judgment of trespass and ejectment and subsequently for the offense of criminal trespass. It should be noted that Mr. Marcello has plead nolo contendere to at least one offense for which he was charged on each occasion. In reference to the August 13 arrest, Mr. Marcello plead guilty to the offense of obstructing a police officer in the performance of his duty. In reference to the December 10, 2003 charge, James Marcello plead guilty to the offense of criminal trespass.

Why Olivia Marcello is named as a party plaintiff is a complete mystery. No one arrested Olivia Marcello. Olivia Marcello would have had no rights under the Will of Nicholas Marcello and certainly no rights under the intestacy laws of the State of Rhode Island.

To the extent that the plaintiffs are attempting to sue said defendants pursuant to 42 USC 1983, the complaint is fatally flawed. In any 1983 action, the claim necessarily must include a showing that the conduct complained of deprived the plaintiffs of cognizable property and/or liberty interests and that the conduct was committed by persons acting under color of state law. Lowe vs Scott, 959 F 2d. 323 (1st Cir. 1992). A jurisdictional requisite for a civil rights action is that the alleged wrong doer was acting under color of state law. Laurence vs Sollitto, 788 A 2d 455 (RI 2002).

The traditional definition of acting under color of state law requires that the defendants in a 1983 action have exercised power possessed by virtue of state law and made possible only because the alleged wrongdoers are clothed with the authority of state law. Forbes vs Rhode Island Brotherhood of Correctional Officers, 923 F Supp 315 (RI 1996). There are no factual allegations suggesting or implying the manner in which John DeSano, Bernard P. Healy, Arthur T. Marcello and Albert Mastriano were exercising power possessed by virtue of state law and made possible only because they were clothed with the authority of state law. There are no allegations that any of the said defendants are either agents, servants and/or employees of the State, City, Town or Municipality. They were and are private persons. In Laurence vs Sollitto, supra, the Supreme Court of Rhode Island held that an attorney appointed to represent a criminal defendant was not acting under color of state law. In so holding, the Supreme Court followed the decision of the First Circuit Court of Appeals in Page vs Sharpe, 487 F 2d 567 (1st Cir 1973).

In the present case, none of the said defendants exercised power possessed by virtue of state law and made possible because they were clothed with the authority of state law. Mr. DeSano and Mr. Healy were simply representing private clients. Mr. Marcello was acting only as Executor of his brother's estate. Mr. Mastriano's involvement was even more remote. He simply witnessed a Will. None of them acted under color of state law. Plaintiffs have not alleged in their complaint, nor have they established pursuant to discovery any factual basis for their general allegations of a civil rights action. Plaintiffs have not established any genuine issues of material fact to support a civil rights action.

In paragraph 5 of plaintiffs' Amended Bill of Complaint, they allege: "that the defendants knowingly and willingly entered into an enterprise, (RICO), and further agreed that only the members of said enterprise, (RICO), are to violate this statute." The Amended Bill of

Complaint further states;, "This violation is made pursuant to Tile 18 USC §1961." Plaintiffs have failed to make any factual allegations supporting their alleged RICO violation. In The Lares Group II, et al vs. Bentley Tobin, et al, 47 F.Supp.2d 223 (District of RI 1999). Judge Lagueux set forth the elements of a cause of action under the RICO Statute as follows:

> "[1] Federal law provides for both criminal penalties and civil remedies against individuals who participate in racketeering. The civil cause of action for victims of racketeering allows that: [a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.
>
> "18 U.S.C. § 1964(c). In addition to establishing a violation of § 1962, a RICO plaintiff must prove both factual and proximate causation between the racketeering and a legally-cognizable injury. *See Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed2d 532 (1992); *Pujol v. Shearson/American Express, Inc.,* 829 F.2d 1201, 1205 (1st Cir. 1987).
>
> "[2] [3] A violation of § 1962 consists of four essential elements: '(1) conduct (2) of an enterprises (3) through a pattern (4) of racketeering activity.' *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed. 346 (1985) (footnote omitted); *see* 18 U.S.C. §§ 1961-62. The RICO statute provides that an 'enterprise' may consist of 'any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not an entity.' 18 U.S.C. § 1961(4). The enterprise must form an entity 'separate and apart' from the pattern of racketeering activity with which it is charged. *Libertad v. Welch,* 53 F.3d 428, 441-42 & n. 10 (1st Cir. 1995). A pattern of racketeering activity 'requires at least two acts of racketeering, activity, ... the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). The crimes that qualify as racketeering activity are enumerated in § 1961 and include among many others, the crimes of bribery, extortion, and mail fraud, all of which are alleged in the Amended Complaint. *See id.* § 1961 (1)."

Plaintiffs' complaint has failed to make any of the necessary factual allegations to support a claim under the RICO statute. Accordingly, there are no genuine issues of material fact to support such a claim.

Whatever rights James Marcello or Olivia Marcello might have had regarding the Maple Avenue property, the doctrine of claim preclusion prevents them from raising them again in this action. The doctrine of claim preclusion renders a prior judgment by a court of competent jurisdiction conclusive as to any issues actually litigated in the prior action or that could have been presented and litigated therein. The goal of claim preclusion is to maximize judicial efficiency by eliminating duplicative litigation. A party defeated in one action may not maintain a later lawsuit based upon a ground that was or could have been asserted in the previous litigation. James Marcello had a right to contest his late father's will in the Probate Court of the Town of Barrington. He initially did so then abandoned that claim. The decisions and decrees of the Probate Court have now become final. James Marcello had a second opportunity to assert a right to ownership of his late father's Maple Avenue home. That was the District Court, Sixth Division, action for trespass and ejectment. Mr. Marcello answered the complaint but ultimately chose not to defend the action. The judgment became final. James Marcello did not appeal the judgment of the District Court nor did he at any time file a motion to vacate that judgment. Had there been any question at all regarding James Marcello's right to the Maple Avenue property, his plea of nolo contendere to the charge of criminal trespass conclusively resolves that question. Three courts have now made a final determination that James Marcello has no ownership interest and had no ownership interest in the Maple Avenue property.

There are three essential elements necessary to apply the doctrine of claim preclusion. There must be an identity of issues. The prior proceedings must have resulted in a final judgment on the merits. The party against whom claim preclusion is sought must be the same as or in privity with the party in the prior proceeding. Clearly, all three requirements apply to this action. The criminal pleas are final. The District Court, Sixth Division, judgment of eviction is

final. The Probate Decrees are final. James C. Marcello was in each and every action a party. The issue in each case is identical, that James C. Marcello's alleged entitlement to the Maple Avenue property. Liu vs Struli, 36 F Supp 2d 452 (D.RI 1999). In Pascoag Reservoir and Dam, LLC vs Rhode Island, 217 F Supp 2d 206 (D.RI 2002), the court held for identity of issues to exist for claim preclusion, the issue sought to be precluded must be identical to the issue determined in the earlier proceedings; the issue must actually have been litigated in the prior proceeding, and the issue must necessarily have been decided. In this case, both on the criminal and civil side of the prior suits, the issue of James Marcello's ownership and right of entry in and upon the Maple Avenue property has been conclusively determined several times over. In Skrzat vs Ford Motor Company, 389 F Supp 753 (D.R.I 1975), the court held that sound public policy should prevail over mechanical application of requirements of mutuality and privity in determining an issue of claim preclusion. James Marcello has had his days in court, and he was unsuccessful in establishing any title or interest in the Maple Avenue property. He should not now be allowed to sue the attorneys involved in the prior case or the Executor and/or witness to the Will at issue in the prior cases. In this action, the plaintiffs have made no allegations of any actionable conduct. Accordingly, plaintiffs have failed to raise any genuine issues of material fact. Plaintiffs' amended bill of complaint makes bold conclusionary statements of law and fact without the requisite factual allegations necessary to establish a genuine issue of material fact. As there are no genuine issues of material fact, said defendants' motion for summary judgment should be granted.

## CONCLUSION

Plaintiffs' Amended Bill of Complaint sounds in civil rights violations, RICO violations and some type of fraud or embezzlement. Plaintiffs' complaint stems from issues regarding the

Estate of Nicholas C. Marcello, James C. Marcello's father, and the real estate owned by Nicholas C. Marcello located at 557 Maple Avenue, Barrington, Rhode Island. The Probate Court of the Town of Barrington, admitted the Last Will and Testament of Nicholas C. Marcello, appointed Arthur C. Marcello Executor pursuant to the Will and ultimately allowed the final account of Arthur C. Marcello, in his capacity as Executor. Because James C. Marcello did not appeal any of these decisions, these decisions of the Probate Court are final. Plaintiffs have failed to establish any viable evidence to support any of the allegations set forth in the second amended complaint. There are no genuine issues of material fact to be decided by a jury.

The defendants, by their attorney,

Robert W. Smith (1874)
ARMSTRONG, GIBBONS & GNYS
155 South Main Street
Providence, RI 02903
401-751-1500
FAX: 401-751-4124

to

James and Olivia Marcello
152 Cross Road
Stetson, Maine 04488

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

Thomas A. Palombo
Assistant Attorney General
Department of Attorney General
151 South Main Street
Providence, RI 02903

I hereby certify that I mailed a copy of the within to counsel of record and all parties, as above.

Dated: 1/3/06

# EXHIBITS

| | |
|---|---|
| Copy of the Last Will and Testament<br>of Nicholas Marcello | A |
| Petition to Admit Will | B |
| Discovery Order | C |
| Copy of Complaint<br>District Court, Sixth Division | D |
| Answer, other pleadings | E |
| Copy of Judgment | F |
| Copy of Plea and Conviction | G |
| Copy of Preliminary Injunction | H |
| Copy of Plea and Conviction | I |
| Executor's Deed | J |
| Probate Court Documents | K |
| Probate Judge's Order | L |
| Affidavit of Bernard P. Healy | M |