15
State Wide

**STATE OF RHODE ISLAND**
**COUNTY OF BRISTOL**

**PROBATE COURT OF THE**
**TOWN OF BARRINGTON**

## Office of the Clerk

## CERTIFICATE

I, Lorraine A. Derois, Clerk of the Probate Court of the Town of Barrington, having by law the custody of the seal and all the records, books, documents and papers of or pertaining to said Court hereby certify the paper hereto attached to be a true copy of the paper appertaining to said Court and on file and of record in said office, to wit: Petition for Probate of Will; Will; Universal Letter; Order entered on November 12, 2002; James C. Marcello cover letter dated November 9, 2002 and filed on November 12, 2002; Order entered on May 18, 2004; Order entered on July 23, 2004; Order entered on June 6, 2005; and First and Final Account filed on March 10, 2004 for the Estate of Nicholas F. Marcello a/k/a Nicholas Rudolph Marcello a/k/a Rudolph Nicholas Marcello of Barrington, Rhode Island.

In attestation whereof I have hereunto set my hand and have affixed the seal of said Court this 20th day of October A.D. 2005.

Lorraine A. Derois, Probate Clerk

#2

**WILL OF NICHOLAS F. MARCELLO**
**a/k/a NICHOLAS RUDOLPH MARCELLO**

I, Nicholas F. Marcello, a/k/a Nicholas Rudolph Marcello, of the Town of Barrington, County of Bristol, State of Rhode Island, make this my Will and revoke any and all Wills and Codicils previously made by me.

**SECTION 1**

**DEFINITIONS**

Each reference hereinafter contained:

1.1 to "my son" is to my son, **JAMES C. MARCELLO;** and

1.2 to "my grandchildren" when referring to a grandchild or grandchildren of mine is to my grandchildren, **PETER MARCELLO, NICHOLAS MARCELLO, JAMES C. MARCELLO, JR. and JENNY MARCELLO.**

**SECTION 2**

**PAYMENT OF DEBTS, EXPENSES AND TAXES**

I direct my executor hereinafter named to pay from the residue of my estate my debts (including any debts secured by mortgages on real estate), funeral expenses, all proper expenses incurred in the administration of my estate and all taxes imposed because of my death on my estate, on any interest therein, or on any property which does not come into the possession of my executor, including any jointly held property. Without limiting the foregoing

Nicholas F Marcello AKA Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

generality, it is my intention that all devisees, legatees and beneficiaries hereinafter named or otherwise and beneficiaries of insurance on my life or other contracts with insurance companies receive their respective interests without diminution by reason of any of said taxes, so that only the residue of my estate will be thereby reduced.

**SECTION 3**

**RESIDUE OF MY ESTATE**

If they survive me, I give, devise and bequeath all the rest, residue and remainder of the property and estate, whenever acquired and wherever located, which I own or am entitled to at the time of my death, but excluding any property over which I have any power of appointment, which power I do not exercise, to the following persons in the percentages indicated herein:

A) 15% to my son, **JAMES C. MARCELLO,**
B) 20% to my brother, **ARTHUR T. MARCELLO,**
C) 25% to be equally divided amongst my grandchildren, namely, **PETER MARCELLO, NICHOLAS MARCELLO, JAMES C. MARCELLO, JR. and JENNY MARCELLO,**
D) 10% to my niece, **MARY ANNE MARCELLO,**
E) 10% to my nephew, **ARTHUR T. MARCELLO, JR.,**
F) 10% to my nephew, **GAYTON MARCELLO, JR.,** and
G) 10% to my nephew, **THOMAS A. MARCELLO.**

**SECTION 4**

**NOMINATION OF EXECUTOR**

4.1 I nominate my brother, **ARTHUR T. MARCELLO,** as executor of this Will. If my brother predeceases me, declines, or for any reason fails or ceases

Nicholas F Marcello AKA
Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

to serve as executor, I nominate my nephew, **THOMAS A. MARCELLO,** as executor of this my will or administrator with the will annexed, as the case may be. I direct that my executors shall be exempt from furnishing surety on any bond required of them by any court.

4.2 Each reference contained in this will to "executor" and any pronoun referring thereto shall be deemed to include any executor or any administrator with the will annexed.

**SECTION 5**

**POWERS OF EXECUTOR**

I specifically authorize and empower my executor, without application to any court for permission so to do, whenever in his sole discretion such action may be deemed advantageous or desirable during the period of administration of my estate:

5.1 To sell (at public or private sale), mortgage, pledge, lease or otherwise deal with or dispose of my estate or any part thereof, real or personal;

5.2 To execute and deliver all deeds and other instruments necessary or proper for such purpose;

5.3 To make any such sale for such price, for cash or on credit, and upon such terms as my executor deems advisable;

5.4 To invest cash in savings accounts in any bank, certificates of deposit, money market funds and United States government obligations, and

Nicholas F. Marcello AKA
Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

to invest or reinvest in such securities or other property as my executor deems appropriate;

5.5 To hold and continue in his discretion any investments of my estate existing at the time of my death even though hazardous or doubtful or not authorized by law as investments for executors, without liability for any loss occasioned thereby;

5.6 To employ agents, attorneys, accountants, appraisers, investment advisors and others to act for my executor, and to pay reasonable compensation for his services;

5.7 To use administration expenses as deductions for estate tax purposes or income tax purposes, to use date of death values or alternate values for estate tax purposes, and to make any other elections available to my estate under federal or state estate or income tax laws which my executor determines will result in the smallest tax liability to my estate, unless my executor for any reason deems that course unwise, regardless of the effect on any of the interests under this my will, and I direct that there shall be no adjustment of such interests by reason of any action taken by my executor pursuant hereto;

5.8 To make any division or distribution of my estate in kind or in money or partly in kind and partly in money, and to that end to allot specific

Nicholas F Marcello AKA
Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

securities or other property, real or personal, or an undivided interest therein, to any share;

5.9 To make any distribution or payment required to be made under the provisions of this will to any person who is under the age of majority or who is under any disability directly to such person upon his or her individual receipt therefor (which shall be a valid discharge in spite of the minority and/or disability of such person), or to make such distribution or payment to his or her legally appointed guardian, conservator or other legal representative, or to his or her custodian under a Uniform Gifts to Minors Act or a Uniform Transfers to Minors Act, or to make such distribution or payment to anyone who may have the actual custody of such person.

5.10 To compromise any and all claims that might be filed against my estate.

**SECTION 6**

**DISCLAIMER AS TO TITLES**

The Table of Contents and all section titles are used for convenience only and have no legal or binding effect upon this my will.

**IN WITNESS WHEREOF,** I have hereunto set my hand and have written my name in the margin of the four (4) preceding pages hereof this 5th day of March, 2002.

Nicholas F. Marcello AKA Nicholas Rudolph Marcello

**NICHOLAS F. MARCELLO, a/k/a**
**NICHOLAS RUDOLPH MARCELLO**

Signed, published and declared by the said **NICHOLAS F. MARCELLO, a/k/a NICHOLAS RUDOLPH MARCELLO** as and for his will, in the presence of us and each of us, and we, at his request and in his presence and in the presence of each other, have hereunto subscribed our names as witnesses to its execution.

Albert Mastriano ____ 431 Maple Ave. Barrington

Thomas P. Acciardo 170 Whipple St Barr

**AFFIDAVIT**

Albert Mastriano ____________________,

being duly sworn, deposes and says:

1. I witnessed the execution of the attached will of the testator, dated March 6 , 2002;

2. The signature to the will is in the handwriting of the testator;

3. The testator signed said will and declared the same to be his will in my presence and in the presence of the other witness;

4. The witnesses signed said will as witnesses in the presence of the testator and in the presence of each other;

5. At the time of execution of said will the testator appeared to be of sound mind and was eighteen (18) years of age or over; and

6. The signatures of the witnesses on the will are genuine.

Albert Mastriano

**STATE OF RHODE ISLAND**

**COUNTY OF** Bristol

Subscribed and sworn to before me at Barrington on this 6th day of March, 2002.

John A. DeSano

**NOTARY PUBLIC**
**MY COMMISSION EXPIRES:** 6/21/05

JOHN A. DESANO NOTARY PUBLIC RHODE ISLAND



Filed: Oct. 10, 2002

**FILMED** Sept. 30, 2003