**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

JAMES C. MARCELLO & OLIVIA A. MARCELLO

VS. C.A. NO. 05-004 ML

JOHN A. DE SANO, BERNARD P. HEALY,
JOHN LACROSS, ALBERT MASTRIANO,
ARTHUR T. MARCELLO and
the STATE OF RHODE ISLAND

**AFFIDAVIT**

I, Bernard P. Healy, having been duly sworn, state:

1. At the request of John A. DeSano, Esq., I represented Arthur T. Marcello who was nominated as the Executor of the Last Will and Testament of Nicholas F. Marcello executed by Nicholas F. Marcello on March 6, 2002.

2. In that capacity, I filed with the Probate Court of the Town of Barrington, a Petition for Admission of that Will to probate.

3. The plaintiff in this pending action, James C. Marcello, originally appeared in Probate Court for the Town of Barrington and contested the admission of the Will of March 6, 2002, to probate.

4. Judge Homonoff of the Probate Court of the Town of Barrington originally ordered a discovery schedule and directed me to prepare an order embodying the discovery schedule and to deliver it to James C. Marcello. I did so.

5. James C. Marcello at that time prepared an order which contradicted the direction and order of Judge Homonoff.

6. Judge Homonoff in the Probate Court ultimately struck Mr. Marcello's proposed discovery order.

7. Pursuant to the valid order of the Probate Court, I noticed the deposition of James C. Marcello on several different occasions.

8. James C. Marcello, despite notice to him, failed to attend the depositions when scheduled.

9. Judge Homonoff in the Probate Court for the Town of Barrington granted the petition of Arthur T. Marcello for admission of the Will of Nicholas Marcello executed March 6, 2002, to probate.

10. At the time of the original petition to admit the Will of March 7, 2002, to Probate Court, the plaintiff in this action, James C. Marcello, was residing at the property at 557 Maple Avenue, Barrington, Rhode Island, which property was the major asset of the estate of Nicholas F. Marcello.

11. While the Probate Petition was pending, James C. Marcello and any co-residents absented themselves from the Maple Avenue property.

12. When I learned that the Maple Avenue property was unoccupied, I petitioned the Probate Court for appointment of a custodian.

13. Judge Homonoff duly appointed David Strachman, Esq., as custodian of the property.

14. Upon Arthur T. Marcello's appointment as Executor of the Estate of his late brother, Nicholas F. Marcello, David Strachman, Esq., delivered custody and control of the Maple Avenue property to Arthur T. Marcello.

15. After Arthur T. Marcello's appointment as Executor, James C. Marcello re-entered the Maple Avenue property and began to reside at the property once again.

16. On behalf of Arthur C. Marcello, Executor, I requested James C. Marcello to quit and leave the premises and upon his refusal to do so, I commenced an action for Trespass and Ejectment against him in the District Court, Sixth Division.

17. James C. Marcello answered the eviction action but, despite notice, failed to appear at the time of trial.

18. The District Court, Sixth Division, entered judgment on behalf of Arthur T. Marcello, Executor of the Estate of the Estate of Nicholas F. Marcello, granting him possession of the property.

19. Pursuant to the judgment of the Court, I engaged a constable to evict James C. Marcello from the premises.

20. James C. Marcello never appealed the decision and judgment of the District Court, Sixth Division, in reference to Trespass and Ejectment action, and James C. Marcello never filed a motion to vacate the judgment which entered against him.

21. After James C. Marcello's eviction from the premises, James C. Marcello re-entered the premises and again began occupation of the property.

22. Upon James C. Marcello's re-entry upon the premises, I filed in the Superior Court, Providence County, a Petition for a Preliminary Injunction.

23. Mr. Justice Edward C. Clifton heard the Petition/Complaint for Preliminary Injunction and after hearing thereon, granted Arthur T. Marcello's Complaint for a Preliminary Injunction.

24. Arthur T. Marcello did thereafter in his capacity as Executor of the Estate of Nicholas F. Marcello, sell the property at Maple Avenue.

25. Pursuant to his duties and responsibilities as Executor of the Estate of Nicholas F. Marcello, Arthur Marcello did thereafter file in the Probate Court of the Town of Barrington, accounts in reference to the disbursement of the proceeds of the sale and other assets of the estate.

26. The Probate Court of the Town of Barrington, after hearing, duly approved the accounts of Arthur T. Marcello in reference to his disbursement of the assets of the estate.

27. James C. Marcello at no time appealed any decision, judgment or decree of the Probate Court of the Town of Barrington.

28. I duly gave James C. Marcello notice of each and every hearing, whether in Probate Court of the Town of Barrington, District Court, Sixth Division or the Superior Court, Providence County.

Bernard P. Healy

Subscribed and sworn to before me under penalty of perjury this 27th day of December, 2005.

Michael S. Kiernan
NOTARY PUBLIC