UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. MARCELLO and
OLIVIA A. MARCELLO

v. CA 05-004 ML

JOHN A. DESANO, BERNARD HEALY,
JOHN LACROSS, ALBERT MASTRIANO,
and ARTHUR T. MARCELLO

## ORDER

On December 7, 2005, this Court issued an order denying plaintiffs' second application to proceed on appeal without prepayment of fees. The December 7, 2005 order also specifically prohibited plaintiffs from filing any additional motions until the Court had disposed of all pending motions. Plaintiffs were warned that "a failure to comply with the [December 7, 2005] order will result in the Court imposing sanctions which may include dismissal of this action with prejudice."

On December 27, 2005, Magistrate Judge Martin conducted a hearing on defendants DeSano, Healy, Mastriano, and Arthur Marcello's Motion to Dismiss (doc. #91), defendants DeSano, Healy, Mastriano, and Arthur Marcello's Motion to Dismiss for plaintiffs' failure to attend deposition, (doc. #111) and defendant LaCross' Motion to Dismiss for Plaintiffs' Failure to Attend Deposition (doc. #118). At the conclusion of that hearing, Magistrate Judge Martin announced that he would take the matters under advisement and issue a written Report and Recommendation. Plaintiffs were present

at that hearing.

On January 17, 2006, plaintiffs filed a "Motion by Plaintiffs to Suppress Affidavit." The document is signed only by James Marcello, although he purports to sign on behalf of both Olivia and himself. As of January 17, 2006, Magistrate Judge Martin had not yet issued his Report and Recommendation on the motions to dismiss that had been the subject of the December 27, 2005 hearing. The filing of this most recent motion is not only in direct contravention of this Court's December 7, 2005 order, it is yet another in a long series of baseless, incoherent pleadings filed by plaintiffs.

This Court has accorded plaintiffs great latitude because of their *pro se* status. Notwithstanding the Court's many indulgences, plaintiffs' actions throughout this litigation make clear that they have no interest in an orderly resolution of their claims. See doc. #55 (defendants' Motion to Compel Plaintiff to Attend Deposition), doc. #85, (order requiring plaintiff to attend deposition within 30 days), doc. # 111 and 118 (defendants' Motion to Dismiss for Plaintiffs' Failure to Attend Deposition).

Plaintiff's latest filing, made in flagrant derogation of a direct order of the Court, therefore, merits a severe sanction. This Court warned plaintiffs that the filing of any additional motions before the Court had ruled on all pending motions would result in the imposition of sanctions, expressly including the sanction of a dismissal of this action with prejudice.

Plaintiffs have seen fit to violate that order with the filing of another frivolous motion. Taking into account plaintiffs' consistent pattern of filing baseless pleadings, their failure to comply with previous orders of the court, and their flagrant violation of

this Court's December 7, 2005 order, this Court has concluded that the only meaningful sanction is that of a dismissal of this action with prejudice.

It is so ordered.

Mary M. Lisi
Mary M. Lisi
United States District Judge
January 19, 2006