IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

JAMES C. and OLIVIA A. MARCELLO )
Plaintiffs )
vs. ) C.A. NO. 05-004 ML
JOHN A. DESANO, BERNARD P HEALY )
JOHN LACROSS, ARTHUR T MARCELLO )
ALBERT MASTRIANO & RHODE ISLAND )
Defendants )

**PLAINTIFFS AFFIDAVITS AND CONSOLIDATED MEMORANDUMS OF LAW IN OPPOSITION TO AND IN SUPPORT OF A MOTION FOR SUMMARY JUDGMENT**

Summary of Facts

On 9/28/02, plaintiffs father, Nicholas F. Marcello, died intestate, insane/incompetent last 10 years, Alzheimer Dementia. Estate Title passed, on day of death, entirely to plaintiff. He executized entire estate immediately, ministering and paying entire father's funeral approx. ($5,000.00), paying entire father's mortgage ($24,007.62), lifting the lien on 10/17/02. No necessity for administration, probate jurisdiction never attached. However, a fraudulent scheme to obtain the real property, racketeering activity, ascended from life-time of decedent on 3/6/02 to the present, by concealment phase. Corrupt organization of will attorneys John A DeSano, Bernard P Healy, Chief John LaCross, Arthur T Marcello, & Albert Mastriano, established formal procedure & working relationship with state of RI, draping these private citizens with power of state, to use criminal justice system as a mechanism to commit constitutional crimes against plaintiff & wife, depriving them of "LIFE,LIBERTY,&PROPERTY", without due process of law, fraudulently converting estate to defendants, aware, on 2/6/04.

# MEMORANDUM OF LAW

## LAW

### 34 C.J. JUDGMENTS

### XXI. RES JUDICATA

### B. Merger and Bar of Causes of Action and Defenses

### 2. Judgments Operative as Bar / Validity of Judgment

### (1) Void Judgments [§ 1183] p.768

Where a judgment is void for want of jurisdiction, whether of the subject matter or of the person of defendant, it is of no effect whatever as an estoppel, does not merge the cause of action, and constitutes no bar to further litigation upon the same cause of action, (7)

7 (R.I.--WESTERLY PROB. CT. v. POTTER, 26 R.I. 202, 58 A 661.)

7[a] Unauthorized judgments --(1)

The effect of res judicata cannot be ascribed to a judgment rendered without authority of law, as where it assumes to determine the rights of a party not before the court. **Westerly Prob. Ct. v. Potter, 26 R.I. 202, 58 A 661.**

## FACTS

1. The probate court lacked competent jurisdiction over the plaintiffs' father's estate.

2. The parties in the probate court, as alledged by defense, are not the same parties before this court.

3. The issue before the probate court, as alledged by defense, is not the same issue before this court.

4. The probate court order, as alledged by defense, is void and not a final judgment.

## ARGUMENT AND LAW

There Are 10 Reasons Of Good Cause Shown Why The Defendants Motion For Summary Judgment Should Be Denied; & plaintiffs Granted:

### 1st Reason

**DEFENSE ALLEDGED IS CLEARLY A SHAM OR FRIVOLOUS, EVEN THOUGH IT IS NECESSARY TO DECIDE AN IMPORTANT QUETION OF LAW**

The probate of a will does not necessarily settle any question of title to real estate arising under such will. It establishes the due execution of the will by the testator, and is conclusive thus far; but as to his title, or his right to devise the property named in the will, it binds nobody who has any adverse interest. Questions of that character are to be settled by proper proceedings at law or in equity.

(Dewey, J., Holman v. Perry, 4 Metc. (Mass.) 492.)

Even if, the probate court had competent jurisdiction over my father's estate, and even if, the purported will of 3/6/02 was admitted for probate and order entered 4/21/03, as alledged by defense (Ex.G), it means nothing, to the extent of the question of title in this action, between plaintiff, only child of decedent, vs. defendants, alledged bona fide purchasers.

### 2nd Reason

**DEFENDANTS ALLEDGED FACTS WHICH, IF PROVED, DOES NOT CONSTITUTE A GOOD DEFENSE TO THE ACTION**

34 C.J.S. § 303. Control of Court - P.129-130: Where an order of court is required by statute, the executor cannot sell without such order, even though the will authorizes him to sell without the consent of any person or court. So, where the will, although empowering the executor to sell, declares that this power is subject to the assent or an order of court first being

**ARGUMENT AND LAW**

had, the executor cannot convey land without the concurrance of the court in, or confirmation by the court of, his contract of sales;....

(R.I.--Wood v. Hammond, 16 R.I. 98, 17 A. 324 (1889).)

General Law Section § 33-19-3 States:

**RIGL § 33-19-3 Authority to sell real estate. -- The probate court which issued letters testamentary, of administration, guardianship, or conservatorship may grant authority to an executor or administrator to sell the real estate of a deceased person, or to a guardian or conservator to sell the real estate of his or her ward, for cash or on credit, upon a petition filed describing the particular estate to be sold and setting forth the facts on which the petition is founded.**

Defense alledges twice that quote: "The house was sold per the power of sale clause in the will", and, "The executor then property was then sold per the power of sale clause granted in the Will on 2/6/04". However, the defense favorably omits, the absence of the required RI Statutory Authorization Order of probate court pursuant to § 33-19-3, that purported executor, Arthur T. Marcello, did not in fact, acquire such authorization to sell said plaintiffs father's estate, at the time of the sale to said defendants on 2/6/04.

On May 10, 2004, Probate Judge Marvin Homonoff, admitts to the above stated fact that he did not grant Arthur T. Marcello the required authorization order to sell the estate of plaintiffs father, and to, admitting no order in file.

An Affidavit of plaintiff swearing to this fact is attached and seen at (ADD:1 ).

## ARGUMENT AND LAW

### 3rd Reason

**DEFENDANTS MOTION IS INTERPOSED OF UNMERITORIOUS DEFENSES FOR PURPOSES OF DELAY**

Even if purported probate order 4/21/03 was not void for lack of jurisdiction over persons and subject matter (See Defendants EX.G), the issues of alledgedly admitting a will then, against the issue of said defendants alledged rights to the alledged purchase of the property, ten months later, on 2/6/04, cannot act as an estoppel because the alledged rights acquired were not prior to nor contained in the prior judgment and not in issue nor involved at that time.

34 C.J.-Judgments-[§ 1338] states:

> [§ 1338] h. Matters Not in Issue -- (1): If a particular point was not in issue or necessarily involved in the former suit, either on the face of the pleadings or in the sense of being actually tried as the decisive question in the case, it is not concluded for the purposes of a subsequent suit on a different cause of action. A judgment is not and cannot be considered as operating as an estoppel as to facts which did not occur or rights which did not accrue until after the particular judgment was rendered and which were not involved in the suit in which it was rendered;...
>
> (R.I.--Providence v. Adams, 11 R.I. 190.)

## ARGUMENT AND LAW

### 4th Reason

### DEFENDANTS PRESENT CLEARLY NO SUBSTANTIAL DEFENSE TO THE ACTION AND NO LEGAL DEFENSE IN LAW

The defendants' argument A quote: "The estate's right to convey..." is a frivolous defense without legal basis in law simple because an "estate" is not an entity known to the law. However, if defendant's had presented the proper question in context with such as "Whether Arthur T. Marcello's right to convey...", this would graciously provide this trial justice with a more refined purpose of "Issue Finding", and a genuine issue of material fact would exist (See **R.I.--Saltman v. Atlantic Realty / Lennon v. MacGregor).**

The defendant's argument B quote: "Plaintiff has provided no basis to collaterally attack the probate court order" (See Def.Ex: G Ord.4/21/03), is also a frivolous defense without legal basis in law simple because it doesn't exist in fact nor law, but simply an illusion, conjured up by defense attorney. However, probate proceedings and orders and decrees of courts of probate jurisdiction are not subject to collateral attack. Where the probate court is a court of limited jurisdiction a lack of jurisdiction may be shown collaterally where the lack of jurisdiction appears on the record. (See **R.I.--Eckilson v. Greene, 61 R.I. 394, 1 A.2d 117 (1938).)**

An affidavit of plaintiff in support of a motion for summary judgment, swearing to, in proof of plaintiffs claim, that there is no defense to the action, is attached an seen at (ADD: 2 ).

## ARGUMENT AND LAW

### 5th Reason

**DEFENDANTS ARE NOT BONA FIDE PURCHASERS, ACTED IN BAD FAITH, COMMITTED FRAUD AND COVIN WITH IMPERSONATING EXECUTOR AND ATTORNEYS, HAD NOTICE OF PLAINTIFFS INTEREST PRIOR TO SALE,**

There Are 3 Sub-Reasons Of Good Cause Shown Why The Defendants Motion for Summary Judgment Should Be Denied:

**5.1: Notice of Plaintiffs Interest Prior to Sale:**

On October 14, 2003, the defendants came to the plaintiff's property in question and met them in occupacy. Plaintiff showed defendants all deeds of the estate history, self-indenification, relationship to deceased, deceased revoking letters 4/26/02 to Arthur T Marcello and John A DeSano revoking everything on purported will 3/6/02, plaintiffs payment of $24000.00 to deceased father's mortgage in full on 10/17/02 and lifting lien, ect., ect., and the absolute interest and right in keeping the property, and that Arthur T Marcello had no authorization order to sell the property to them. Defendants still entered into an alledged sale agreement on 2/6/04.

Plaintiff hereby charges defendants with notice effective on October 14, 2003, as the recording of an instrument prior to such purchase.

**5.2: Defendants Acted In Bad Faith:**

The defendants, on 2/6/04, knew Arthur T. Marcello was impersonating the office of executor, but also knew that he was not authorized by a will to make the sale to them, because of the documents personaly presented to him by plaintiff at said property in question on October 14, 2004.

## ARGUMENT AND LAW

5th Reason

### 5.2: Defendants Acted In Bad Faith:

Furthermore, on October 14, 2003, while defendants were examining plaintiff's document, defendants became so riddle with guilt that they began walking away quickly to their automobile trying their best to avoid and disregard the information presented to them.

### 5.3: Defendants Committed Fraud and Covin With Impersonating Executor and Their Attorneys:

Defendants, on and about August 13, 2003, entered into an agreement to an alledged sale with the prior knowledge that said plaintiff, who occupied the property in question, would be illegally inprison and held without bail, to accommodate said defendants entry into the property.

On August 13, 2003, when plaintiff was illegally arrested and in carserated, said defendants on August 14, 2004, went to the property and met said impersonating executor Arthur T Marcello there. Defendants openly admitted this fact to plaintiffs on October 14, 2003, when plaintiff returned legally back to the said property in question.

On November 1, 2003, defendants met again with attorneys Jeff Caffrey, the notary of said purported executor deed 2/6/04, and Arthur T Marcello and his attorneys John A DeSano and Bernard P Healy, and agreed to plan another illegal arrest and incarseration of said plaintiff, the only child of the decedent, and hold him three months unconstitutionally, to accommodate their conspiracy to defraud said plaintiff. Defendants agreed to the conditions, with guilty knowledge that the property would be

## ARGUMENT AND LAW

### 5th Reason

**5.3: Defendants Committed Fraud and Covin With Impersonating Executor and Their Attorneys:**

a purchase on their behalf of larceny, stolen property. But knowing that the stolen estate was being alledgedly sold for nearly (½) the market value, they could not resist. Furthermore knew at the time of alledged sale 2/6/04, that their deposit of approx. $115,000.00 was going to be used to offer a payoff to the heirs, after their wrongful entry into said property in question, as to a waiver of both legal and criminal liabilities against them and all others involved.

34 C.J.S. § 318 States:

[§ 318] Title and Rights of Purchaser - P.143

Where one purchases land from an executor as such, he is bound to know whether or not the executor is authorized by the will to make the sale, and if the executor has no such power the purchaser is not an innocent or bona fide purchaser. (Ky.--Buckner v. Buckner, 185 Ky. 540, 215 S.W. 420 (1919).)

A purchaser with notice of a defect in the executor's power to sell is not a bona fide purchaser; and if he has notice that the sale is made for a purpose other than that for which the will empowers the executor to sell, or is otherwise unauthorized, the legal title of the devisees is not divested. (Ky.--Buckner v. buckner,...).

Where the sale is tainted with fraud and covin between the executor and the purchaser, itis absolutely void and the title to the property remains unchanged. (Ga.--Wright v. Zeigler, 1 Ga. 324 (1846).)

## ARGUMENT AND LAW

### 6th Reason

### PLAINTIFF HAS NOT RATIFIED, NOR ACQUIESCED IN THE SALE, RECEIVED NO RESPECTIVE PORTIONS OF THE PURCHASE MONEY, NOR PARTICIPATED IN BENEFITS OF THE TRANSACTION TO ALLEDGED PURCHASING DEFENDANTS

#### 6.1: No Ratification Of Simulated Sale:

Plaintiff has never ratified this simulated and fraudulent sale, but with full knowledge of the fraud, maintains a Rejectment of it, and holds defendants for all claim of damages.

#### 6.2: No Acquiesced In The Simulated Sale:

Plaintiff never remained silent, but rather spoke out immediately on August 13, 2003 to Barrington Chief Of Police John LaCross at said plaintiff's father's estate, stating to the chief quote: "I'm charging you (Chief John LaCross with conspiracy with Arthur T Marcello of embezzling and fraudulent conversion of my father's estate", the day before said non bona fide purchaser defendants stepped onto the property.

On November 26, 2002, plaintiff filed in USDA of RI conspiracy charges against Arthur T Marcello, Albert Mastriano, John DeSano, for conspiracy to defraud the plaintiff's father's estate (see ADD: 173-239).

On September 24, 2003, plaintiff filed counterclaim charges for conspiracy to embezzle father's estate against Chief John LaCross, Alfred Harris, and Ptlm Handfield (SEE ADD: 240-241 ).

On February 10, 2004, plaintiff while held illegally and unconstitutionaly incarserated, filed in USDC of RI, Motion for Preliminary Injunction to Restrain Fraudulent Sale of Property & Habeas & Affid (SEE ADD: 242-251 ).

## ARGUMENT AND LAW

### 6th Reason

**6.3: No Respective Portions Of Purchase Money Received:**

Plaintiff has refused to accept respective portions of purchase money received, simply to maintain plaintiffs superior title rights to his property, and to maintain all criminal liabilities of all persons involved, particularly the trespass of defendants on my property, fraud and covin with impersonating executor, and purchasing and receiving stolen property with guilty knowledge thereof.

**6.4: No Participation In The Benefits Of The Transaction:**

It is entirely impossible, for plaintiff to participation in benefits of the transaction on 2/6/04, when defendants fraud and covin with impersonating executor Arthur T Marcello and attorney Jeff Caffrey, att John DeSano, att Bernard P Healy, Chief John·LaCross, and the State of Rhode Island, had plaintiff held hostage illegal incarserated on said date (see illegal arrest in 12/10/03 (ADD:165) & see discharge 2/24/04 (ADD:170).

34 C.J.S. § 319 States:

**§ 319. Setting Aside Sale**

**A sale may be set aside where it is made to appear that it is tainted with fraud and collusion between the executor and the purchaser by reason of which the interests of the estate or of the heirs or devisees have been injuriously affected. (Simulated Sale - Ala.--Hall v. Bushnell, 209 Ala. 173, 95 So. 824 (1923).**

**A purchaser of realty from an executor cannot usually have relief against the heirs or devisees in case the property is lost to him through a defeat of title or a lack of authority to sell in the executor (Ky.--Nicholas' Heirs v. Jones, 10 Ky. 385, 3 A.K. Marsh. 385 (1821).)**

## ARGUMENT AND LAW

7th Reason

### DEFENDANTS UNDER THE FACTS ARE NOT ENTITLED TO DEFEND, PRESENT NO REAL ISSUE OF FACT TO BE DETERMINED, AND NO DOUBT TO A DEFENSE

Defendants alledged facts of other non related proceedings held in the 6th District and Superior Courts between other parties, one Arthur T Marcello and plaintiff, (see Defendants II. Facts/Travel, p.2, par.3), present absolutely no defense, simple because, no title was put in issue, courts lacked jurisdiction, misuse of processes designed for ulterior purpose for the fraudulent convenience to defendants not legally attainable within the processess.

34 C.J. Judgments § 1360 states:

> **[§ 1360] - f. Trespass:**
> **A judgment in trespass does not necessarily settle anything beyond the particular facts of the trespass sued for.**
>
> **it is conclusive of whatever was actually litigated and determined, but so far as concerns the land itself, this generally includes nothing more than the right of possession, so that the judgment is not conclusive upon the title to the premises, at the time of the former action, unless the title of one or both of the parties was actually put in issue and tried and adjudicated, in which case the question of title is concluded, at least in a subsequent action of trespass.**
>
> **(R.I.--Schaeffer v. Brown, 23 R.I. 364, 50 A 640.)**
> **(R.I.--Providence v. Adams, 11 R.I. 190.)**

A copy of a purported charge of trespass of the non-resident Arthur T Marcello against the real owner resident James C Marcello to property in question is seen at (ADD: 165 ).

# PLAINTIFFS STRENGTH OF TITLE

## 8th Reason

## PLAINTIFFS IDENTITY & NON IDENTITY OF PARTIES IN CHAIN OF TITLE

### 8.1: Quit-Claim, Jennie N. Marcello to Nicholas F Marcello:

On September 1, 1968, plaintiffs grandmother, Jennie N. Marcello quit-claim and granted to her son Nicholas F. Marcello, the deceased father now of said plaintiff.

A copy of the deed is seen at (ADD:252).

There were two brothers of Nicholas F Marcello, Gayton P Marcello and Arthur T Marcello, and no considerations was granted to them.

Jennie N. Marcello died on January 29, 1970.

### 8.2: Quit-Claim, of Grandchildren to Nicholas F Marcello:

Jennie N. Marcello was survived by her husband Peter Marcello, who died intestate on March 14, 1973. Nicholas F. Marcello was a joint tenant with his father till his death. On May 1, 1974, all the the grandchildren quit claimed to plaintiffs father Nicholas F Marcello, and became then the sole title owner of said property in question.

A copy of the deed is seen at (ADD:253-254 ).

### 8.3: Quit-Claim of Nicholas F Marcellos Estate to plaintiff:

An estate deed was filed and record on July 8, 2003, book 0752 Page 0104, and establishes a notice to defendants prior to their purchase, and is seen at (ADD:255).

### 8.4: Void Executive Deed of Arthur T Marcello to Defendants:

On February 6, 2004, a void executive deed is seen at (ADD:256-7) evidencing a clear brake and no conveyance of title to said defendants.

# PLAINTIFFS STRENGTH OF TITLE

9th Reason

## OUSTER OF PLAINTIFF IN PRIOR POSSESSION AND SUBSEQUENT ENTRY OF DEFENDANTS UNDER VOID EXECUTIVE DEED EQUIVALENTS DISSEIZIN

As evident on the face of plaintiffs complaint, the character, nature, and extent of the ouster and disseizin of plaintiff on the second ouster December 10, 2003, and the entry an simulated sale to defendants on February 6, 2004, evident by the void executive deed, shows a taking of the property by defendnts.

2 C.J.S. Adverse Possession § 27 states:

**[§ 27] Disseizin or Ouster:**
**Adverse possession necessarily involves and requires a disseiznin or ouster of the true owner (46) and of any other person who may claim title or right of possession.**

**(46) Entry under Deed**
**Conveyance by warranty deed and entry of grantee thereunder claiming exlusive possession were the equivalent of actual disseizin.**
**(R.I.--Tiffany v. Babcock, 154 A. 784, 51 R.I. 350.)**

A copy of the illegal arrest and hold on December 10, 2003 is seen at (ADD:168); of the true owner plaintiff.

A copy of the void executive deed Dated February 6, 2004 showing subsequent entry and simulated sale is seen at (ADD:256-7), to the grantee defendants, trespassing onto plaintiff property.

# PLAINTIFFS STRENGTH OF TITLE

## 10th Reason

## PLAINTIFFS CLAIM OF TITLE BY DESCENT

**10.1: Plaintiffs Heirship:**

Plaintiff is the first and only direct decendant of his deceased father, Rudolph Nicholas Marcello, a/k/a Nicholas F. Marcello, born on February 7, 1954. See attached certificate of birth at (ADD:258).

There are no existing rights others in the whole world to claim before him. see (Cook v. Sinnamon, 47 Ill, 214.)

Their are (5) grandchildren from decedent, plaintiffs children, Jennie, James, Nicholas, and Peter, from plaintiffs first wife, and Olivia, who is a minor from plaintiffs present wife. I believe all first (4) children have accepted benefits from the invalid will and fraudulent sale to defendants from impersonating executor Arthur T Marcello, subsequent to this action, without knowing that the purported will 3/6/02 was invalid and the sale was fraudulent and without required authorization order pursuant to RIGL § 33-19-3 see law (ADD:162).

**10.2: Plaintiffs father died seized of the premises:**

Plaintiffs father was in possession and died in his bed at home located at 557 Maple Avenue Barrington RI, the property in question, and is evidence of title in the sole heir plaintiff see (Doe v. Garnard, 13 Q.B. 945, 66 ECL 945, 116 Reprint 1524, 3 + 4 Wm. IV c 27 § 34.)

# PLAINTIFFS STRENGTH OF TITLE

## 10th Reason

## PLAINTIFFS CLAIM OF TITLE BY DESCENT

10.3: Decedent died Intestate with his only child Plaintiff in possession:

Plaintiff is the heir at law of decedent, who for the last (10) years of his life, was insane/incompetent by reason of Alzheimers Dementia, and died intestate leaving no valid will. The probate court never had competent jurisdiction over the estate, and plaintiff was in possession and clear off all debts and expenses and chose to keep the property and not convert it into cash.

RIGL § 33-1-1 states:

**§ 33-1-1. Real estate descending by intesacy to children or descendants, parents, or brothers and sisters. --**

Whenever any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in equal portion to his or her kindred, in the following course:

(1) First to his children or their descendants, if there are any.

(2) Second if there be no children nor their descendants, then to the parents in equal shares, or to the surviving parent of such intestate.

(3) Third if there is no parent, then to the brothers and sisters of the intestate, and their descendants. (R.I.--Oldham v. OLdham, 58 R.I. 268, 192 A.758 (1937)

## CONCLUSION

Based on the above, plaintiff prays that the defendants motion for summary judgment be DENIED, and that the plaintiffs motion for summary judgment be GRANTED, whereby awarding all relief in plaintiffs complaint, AND FURTHERMORE, that the court may order the defendants to pay over to the plaintiff for rental use of the property of the plaintiffs, in the amount of ($1,500.00) per month, to be calculated from said defendants entry on February of 2004 up to and including the date of the judgment rendered in this aciton, all upon such terms as this honorable court deems fair and just.

Respectively Submitted,

PLAINTIFFS

JAMES C MARCELLO
OLIVIA A MARCELLO
In Pro se,

James Marcello

James & Olivia Marcello
152 Cross Rd
Stetson, ME 04488
207 296 3433

## CERTIFICATION

I hereby certify that on JAN 18, 2006, I mailed a copy of the within by regular mail, postage prepaid, to: Michael DeSisto,Esq,211 Angell St,Providence,RI 02906, Robert Smith,Esq,158 S Main St,Providence,RI 02903, & Thomas Palombo,Esq,AAG,150 S Main St,Providence,RI 02903.

James Marcello