UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES C. MARCELLO and OLIVIA A. MARCELLO, Plaintiffs, | : | |
| v. | : | CA 05-004 ML |
| JOHN A. DESANO, BERNARD P. HEALY, JOHN LACROSS, ALBERT MASTRIANO, and ARTHUR T. MARCELLO, Defendants. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the court are three motions to dismiss:

1. Defendants, John A. DeSano, Bernard Healy, Albert Mastriano and Arthur T. Marcello's, Motion to Dismiss (Document ("Doc.") #91) ("Moving Defendants' 12(b)(6) Motion to Dismiss");

2. Defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello's, Motion to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition (Doc. #111) ("Moving Defendants' Motion to Dismiss for Failure to Attend Deposition"); and

3. Motion of Defendant, John LaCross, to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition (Doc. #118) ("Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition") (collectively the "Motions to Dismiss").

Plaintiffs James C. Marcello and Olivia A. Marcello ("Plaintiffs") have filed objections to Moving Defendants' 12(b)(6) Motion to Dismiss and Moving Defendants' Motion to Dismiss for Failure to Attend Deposition. <u>See</u> Objection of Plaintiffs, to Defendants' Motion to Dismiss for Want of Jurisdiction Pending Appeal (Doc. #102); Objection of Plaintiffs,

to Defendant's [sic] Motion to Dismiss for Want of Jurisdiction Pending Appeal (Doc. #121).

The Motions to Dismiss have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was conducted on December 27, 2005. For the reasons stated herein, I recommend that Moving Defendants' 12(b)(6) Motion to Dismiss (Doc. #91) and Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition (Doc. #118) be granted and that Moving Defendants' Motion to Dismiss for Failure to Attend Deposition (Doc. #111) be denied.

## I. Facts and Travel[1]

Plaintiffs filed a Bill of Complaint (Doc. #1) ("Complaint") in this Court on January 6, 2005. They subsequently filed a motion to amend their Complaint, which was granted on April 15, 2005, by local rule, no objection having been timely filed. See Order of 4/15/05 (Doc. #19). Plaintiffs' Amended Bill of Complaint[2] (Doc. #20) ("Amended Complaint") was filed on April 27, 2005.

According to the Amended Complaint, Plaintiffs currently

---

[1] The travel of this matter is lengthy. The Court briefly summarizes the key filings and events in this section. More detailed discussion will follow as needed.

[2] An amended complaint normally is treated as completely replacing the original complaint. See Cicchetti v. Lucey, 514 F.2d 362, 366 n.5 (1st Cir. 1975); see also Austin v. Spaulding, C.A. No. 00-104 T, 2001 U.S. Dist. LEXIS 4955, at *3 (D.R.I. 2001)(noting that amended complaint superceded original complaint and rendered original complaint of no legal effect)(citing King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Cicchetti v. Lucey, 514 F.2d at 366 n.5; Lubin v. Chicago Title & Trust Co., 260 F.2d 411, 413 (7th Cir. 1958)). Plaintiffs have not referred to or explicitly incorporated the original complaint. See King v. Dogan, 31 F.3d at 346 ("An amended complaint supercedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

reside in Stetson, Maine. See Amended Complaint ¶ 2. Defendants John A. DeSano, Bernard P. Healy, John LaCross, Albert Mastriano, and Arthur T. Marcello (collectively "Defendants") are all Rhode Island residents. See id. ¶¶ 1-2. Plaintiffs state that Defendants DeSano and Healy are attorneys and that Defendant LaCross is the Chief of the Barrington Police Department. See id. ¶ 2. Plaintiffs allege, pursuant to 42 U.S.C. § 1983, that Defendants on two occasions, August 13, 2003, and December 10, 2003, "conspired ... and reached an understanding to commit crimes against the constitutional rights of the plaintiffs ... by depriving them of their 'Life, liberty, & Property,' without due process of law." Id. ¶¶ 3, 4. Plaintiffs additionally allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. See id. ¶ 5. Finally, Plaintiffs allege, also pursuant to 18 U.S.C. § 1961, that one Ava Martinelli, identified as the "president treasurer" of the Diamond Funding Corporation in Cranston, Rhode Island, engaged in a fraudulent scheme with Defendants to finance and assign to a Michigan company the mortgage "of the said embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, R.I." Id. ¶ 6. Plaintiffs request the following relief: (1) that Defendants be ordered to pay Plaintiffs the sum of $1,500,000.00; (2) that the allegedly fraudulent sale of the property located at 557 Maple Avenue in Barrington, R.I., be vacated; (3) that Plaintiffs be granted possession of the property; (4) that the occupant purchasers of the property, Nuno and Natalia Paiva-Neves, be ordered to vacate the premises; and (5) that Plaintiffs receive any and all other relief as the circumstances of the case may warrant. See Amended Complaint, Prayer for Relief.

On May 4, 2005, the Answer of John LaCross to Plaintiffs' Amended Bill of Complaint (Doc. #21) was filed. Defendants, John

A. DeSano, Bernard Healy, Albert Mastriano and Arthur T. Marcello's, Answer to Plaintiffs' Amended Bill of Complaint (Doc. #22) was filed on May 6, 2005.

On May 24, 2005, Defendant State of Rhode Island filed a motion to dismiss (Doc. #25), which was granted on September 9, 2005, by U.S. District Judge Mary M. Lisi, see Memorandum and Order of 9/9/05 (Doc. #48). Plaintiffs on September 26, 2005, appealed that dismissal, see Notice of Consolidated Appeals to a Court of Appeals from a Judgment or Order of a District Court (Doc. #58), among other orders, to the Court of Appeals for the First Circuit.[3] They subsequently filed a motion to vacate the dismissal (Doc. #65), which was denied by Judge Lisi on September 27, 2005, see Order of 9/27/05 (Doc. #66). Plaintiffs also filed a Motion for Stay of Proceedings (Doc. #76) pending their

---

[3] Plaintiffs filed an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #59) ("Application") with respect to their appeal. The Application was denied without prejudice by this Magistrate Judge on October 3, 2005. See Order Denying without Prejudice Application to Proceed without Prepayment of Fees (Doc. #71). Thereafter, Plaintiffs filed a revised Application to Proceed without Prepayment of Fees and Affidavit (Doc. #73) ("Revised Application"), which was denied by Judge Lisi on October 31, 2005, see Memorandum and Order of 10/31/05 (Doc. #89). Judge Lisi explained that "[c]ourts of appeals may only hear appeals from final judgments of the trial court, subject to a few narrow exceptions. 28 U.S.C. § 1291. Because the orders Plaintiffs attempt to appeal from are interlocutory and not final, they may not be reviewed by the appeal court." Memorandum and Order of 10/31/05 at 3. Judge Lisi further noted that Plaintiffs did not fall within either the collateral order doctrine or the permission of the court exception pursuant to 28 U.S.C. § 1292(b). See id. at 3-4. Thus, Judge Lisi concluded:

> As an interlocutory appeal without § 1292(b) certification or the aid of the "collateral order doctrine," Plaintiff's appeal has no basis in law. Because there is no basis in law for Plaintiff's appeal, this Court hereby certifies that it is not taken in good faith. Consequently, Plaintiff's Request for Leave to Appeal In Forma Pauperis is DENIED.

Id. at 4. Plaintiffs have appealed this denial as well. See Notice of Appeal (Doc. #103).

appeal(s), which was denied by Judge Lisi on October 24, 2005, see Order of 10/24/05 (Doc. #83).

Moving Defendants' 12(b)(6) Motion to Dismiss (Doc. #91) was filed on October 31, 2005. On November 22, 2005, Defendants' Motion to Dismiss for Failure to Attend Deposition (Doc. #111) was filed, followed on November 29, 2005, by Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition (Doc. #118).[4]

On December 7, 2005, Judge Lisi issued a Memorandum and Order (Doc. #134) in which she denied Plaintiffs' application to proceed without prepayment of fees with respect to another interlocutory appeal filed by Plaintiffs.[5] See Memorandum and Order of 12/7/05 at 1. Judge Lisi further ordered that Plaintiffs refrain from filing any additional motions until all pending motions had been decided. See id.[6]

---

[4] The Court discusses the relevant filings and events preceding Defendants' Motion to Dismiss for Failure to Attend Deposition and Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition in conjunction with those motions.

[5] Plaintiffs had filed an interlocutory appeal of this Magistrate Judge's Order Denying Plaintiffs' Motion to Vacate Order (Doc. #116). Plaintiffs argued that the Order Granting Two Motions Filed by Defendant Chief John LaCross (Doc. #93) was void because of this Court's alleged lack of jurisdiction pending Plaintiffs' appeal of Judge Lisi's Memorandum and Order of 9/9/05 (Doc. #48). See Motion to Vacate Order Granting Two Motions Filed by Defendant Chief John LaCross for Being Void for Want of Jurisdiction Pending Appeal (Doc. #101).

[6] Judge Lisi stated that:

> Plaintiffs ... have been afforded great latitude because of their pro se status. With this second application to proceed in forma pauperis, however, and taking into account the numerous baseless filings made by plaintiffs in this case, it appears that plaintiffs have abused their right of access to the Court. For that reason, this Court hereby orders plaintiffs James and Olivia Marcello to refrain from filing any additional motions until this Court has disposed of all pending motions. A failure to comply with this order will

Subsequently, on January 3, 2006, Defendants John A. DeSano, Bernard P. Healy, Albert Mastriano, and Arthur T. Marcello filed a Motion for Summary Judgment (Doc. #150). Defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello's, Motion for Conditional Order of Dismissal for Plaintiffs' Failure to Answer Interrogatories (Doc. #152) was filed on January 11, 2006.

On January 19, 2006, the Court of Appeals for the First Circuit issued a Mandate (Doc. #155) pertaining to a Judgment it had rendered on December 23, 2005, regarding three of Plaintiffs' appeals. See Docket. The First Circuit dismissed two of Plaintiffs' appeals, including their appeal of the Memorandum and Order of 9/9/05 granting the State of Rhode Island's motion to dismiss, for lack of jurisdiction and summarily affirmed the District Court's order of October 31, 2005, denying Plaintiffs' request for leave to proceed on appeal in forma pauperis, for the same reason.[7] See Mandate.

The same day, January 19, 2006, Judge Lisi signed an order dismissing Plaintiffs' action with prejudice for violating the Memorandum and Order of 12/7/05. See Order of 1/19/06 (Doc. #156). Judgment was entered in favor of all Defendants against Plaintiffs, see Judgment (Doc. #157), and the case was closed, see Docket. Plaintiffs on February 6, 2006, filed the Consolidated Motion of Plaintiffs to Set Aside Order [of 1/19/06] and Judgment (Doc. #159).

On March 1, 2006, Judge Lisi vacated the Order of 1/19/06

---

> result in the Court imposing sanctions which may include dismissal of this action with prejudice.

Memorandum and Order of 12/7/05 at 1-2.

[7] Two of Plaintiffs' appeals are still pending in the Court of Appeals for the First Circuit. See Docket entries for January 19, 2006, and February 2, 2006.

and Judgment and directed that Plaintiffs file their opposition to the Motion for Summary Judgment filed by Defendants DeSano, Healy, Mastriano, and Marcello on or before March 14, 2006. See Order of 3/1/06 (Doc. #160). Plaintiffs on March 8, 2006, filed a number of documents, including Plaintiffs' Motion for Summary Judgment (Doc. #163), Plaintiffs' Affidavit and Memorandum of Law in Opposition to a Motion for Summary Judgment (Doc. #164), Plaintiffs['] Affidavits and Consolidated Memorandums [sic] of Law in Opposition to and in Support of a Motion for Summary Judgment (Doc. #165), and a Motion to Set for Hearing the two motions for summary judgment and objections thereto (Doc. #166).

## II. Pro Se Status

Plaintiffs are proceeding pro se, and their Amended Complaint is held to a less stringent standard than one drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 652 (1972). It is to be "read ... with an extra degree of solicitude." Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). A court is required to liberally construe a pro se complaint, see Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir. 1997); Watson v. Caton, 984 F.2d 537, 539 (1st Cir. 1993), and may grant a motion to dismiss "only if plaintiff cannot prove any set of facts entitling him to relief," Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). At the same time, a plaintiff's pro se status does not excuse him from complying with procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 24 n.4 (1st Cir. 2000). The Court construes Plaintiffs' Complaint liberally in deference to their pro se status.

## III. Discussion

### A. Moving Defendants' 12(b)(6) Motion to Dismiss (Doc. #91)

Defendants DeSano, Healy, Mastriano, and Marcello (the

"moving Defendants") seek dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. See Moving Defendants' 12(b)(6) Motion to Dismiss at 1. Plaintiffs filed an objection to this motion on the basis of lack of jurisdiction pending appeal. See Objection of Plaintiffs, to Defendants' Motion to Dismiss for Want of Jurisdiction Pending Appeal.

**1. Law**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, see Paradis v. Aetna Cas. & Sur. Co., 796 F.Supp. 59, 61 (D.R.I. 1992); Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F.Supp.2d 491, 493 (D.R.I. 1998), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F.Supp. 277, 279 (D.R.I. 1995). The court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996); accord Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Arruda v. Sears, Roebuck & Co., 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.'").

The court, however, is not required to credit "bald assertions, unsupportable conclusions, and opprobrious epithets." Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989)(internal quotation marks omitted)(quoting Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)). Rule 12(b)(6) is

forgiving, but it "is not entirely a toothless tiger." Campagna v. Massachusetts Dep't of Envtl. Prot., 334 F.3d 150, 155 (1st Cir. 2003)(quoting Dartmouth Review v. Dartmouth Coll., 889 F.2d at 16). A plaintiff must allege facts in support of "each material element necessary to sustain recovery under some actionable legal theory." Dartmouth Review v. Dartmouth Coll., 889 F.2d at 16 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

**2. Amended Complaint**

Plaintiffs' Amended Complaint contains six numbered paragraphs, a Prayer for Relief, a Prayer for Process, a demand for trial by jury, and a certificate of service. See Amended Complaint at 1-6. The first two paragraphs contain a jurisdictional statement and the addresses of the parties. See id. ¶¶ 1-2.

In ¶ 3, Plaintiffs allege that:

> On and about August 13, 2003, the defendants, attorney John A. DeSano, attorney Bernard P. Healy, Arthur T. Marcello, and Albert Mastriano, under color of state law, did then and there in the Town of Barrington, R.I., conspired [sic] with a local official[,] one Chief John LaCross of the Barrington Police Department, and reached an understanding to commit crimes against the constitutional rights of the plaintiffs, Mr. James & Olivia Marcello, by depriving them of their "Life, liberty, & Property" without due process of law.

Amended Complaint ¶ 3. They further state that this claim is made pursuant to 42 U.S.C. § 1983. See id.

Paragraph 4 contains an almost identical allegation, also made pursuant to 42 U.S.C. § 1983:

> On and about December 10, 2003, the defendants, attorney John A. DeSano, attorney Bernard P. Healy, Arthur T. Marcello, and Albert Mastriano, under color of state law, did then and there in the Town of Barrington, R.I., conspired [sic] with a local official[,] one Chief John LaCross of the Barrington Police Department, and reached

> an understanding to commit crimes against the constitutional rights of the plaintiffs, Mr. James & Olivia Marcello, by depriving them of their "Life, liberty, & Property" without due process of law.

Amended Complaint ¶ 4.

Plaintiffs further allege that "the defendants knowingly and willingly entered into an enterprise, (RICO), and further agreed that only the members of this said enterprise, (RICO), are to violate this statute." Amended Complaint ¶ 5. Plaintiffs make this claim pursuant to 18 U.S.C. § 1961. <u>See</u> <u>id.</u>

Finally, according to Plaintiffs:

> [O]n February 6, 2004, the Diamond Funding Corporation president treasurer in Cranston[,] Rhode Island, Ms. Ava Martinelli, engaged in a fraudulent scheme with said defendants in financing and assigning the mortgage to Mortgage Electronic Registration System in Flint, MI, of the said embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, R.I.

<u>Id.</u> ¶ 6. This alleged violation is also brought pursuant to 18 U.S.C. § 1961. <u>See</u> <u>id.</u>

### 3. Analysis

The First Circuit has stated that, "[m]odern notions of 'notice pleading'[8] notwithstanding, a plaintiff ... is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary

---

[8] Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief must contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). The moving Defendants argue that the Amended Complaint "fails to satisfy the threshold requirements of notice pleading because it does not set forth the necessary elements of either a Civil Rights action or a RICO action." Defendants, John A. DeSano, Bernard P. Healy, Albert Mastriano and Arthur T. Marcello's, Memorandum of Law in Support of Said Defendants' Motion to Dismiss ("Moving Defendants' 12(b)(6) Mem.") at 7. Plaintiffs[9] contend that they have sufficiently alleged a violation of their constitutional rights pursuant to § 1983. See Tape of 12/27/05 hearing.[10]

"The two essential elements of an action under 42 U.S.C. § 1983 are ... (i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." Chongris v. Bd. of Appeals of Andover, 811 F.2d 36, 40 (1st Cir. 1987)(citing Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981)); see also Forbes v. Rhode Island B'hood of Corr. Officers, 923 F.Supp. 315, 321 (D.R.I. 1996)(quoting Chongris v. Bd. of Appeals of Andover). At the December 27, 2005, hearing, Plaintiffs argued that "the Amended Complaint clearly indicates on two occasions deprivations of constitutional rights," Tape of 12/27/05 hearing, and that violation of the Fourteenth Amendment is "implied," id.

The Court cannot agree with Plaintiffs that the Amended Complaint "clearly indicates," Tape of 12/27/05 hearing, deprivations of their constitutional rights. Although it

---

[9] All oral arguments on behalf of Plaintiffs were made by James C. Marcello ("Mr. Marcello").

[10] Plaintiffs made no argument at the hearing regarding their RICO claims. See Tape of 12/27/05 hearing.

includes the phrase "under color of state law," Amended Complaint ¶¶ 3, 4, the Amended Complaint contains no factual allegations as to how any conduct of the moving Defendants was "committed under color of state law ...," Chongris v. Bd. of Appeals of Andover, 811 F.2d at 40. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Forbes v. Rhode Island B'hood of Corr. Officers, 923 F.Supp. at 321 (citation and internal quotation marks omitted). Defendants DeSano and Healy are identified as attorneys. See Amended Complaint ¶ 2. The only information given regarding Defendants Mastriano and Marcello is their respective addresses. See id. Presumably, Plaintiffs' claims stem from their allegations that the moving Defendants "conspired with a local official[,] one Chief John LaCross of the Barrington Police Department, and reached an understanding to commit crimes against the constitutional rights of the plaintiffs ...." Id. ¶¶ 3, 4. However, a conclusory allegation of conspiracy is insufficient to justify dragging the moving Defendants past the pleading threshold. See DM Research, Inc. v. Coll. of American Pathologists, 170 F.3d 53, 55 (1st Cir. 1999)(noting that "the factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold'")(quoting Gooley v. Mobil Oil Corp., 851 F.2d at 514)(alteration in original). The First Circuit has held that:

> It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts. The complaint contains frequent references to conspiracy, but it offers few insights into the specific nature of the alleged concerted action .... [T]he plaintiff has failed to plead facts supporting these vague claims, and

> the courts need not conjure up unpleaded facts to support these conclusory suggestions.

Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1997)(internal citations omitted).

Moreover, although Plaintiffs allege that they have been deprived of their "'Life, liberty, & Property' without due process of law," Amended Complaint ¶¶ 3, 4, they provide no factual allegations in the Amended Complaint as to what interest, if any, they have in the property located at 557 Maple Avenue, Barrington, Rhode Island, see Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 53 (1st Cir. 1990)("As a prerequisite to his due process claim, plaintiff must demonstrate the existence of a constitutionally cognizable property or liberty interest."); see also Lowe v. Scott, 959 F.2d 323, 334 (1st Cir. 1992)("In a § 1983 action, any claim of a violation of procedural due process necessarily includes a showing that the conduct complained of deprived the plaintiff of a cognizable property interest ...."). Indeed, the only specific references to the property in the Amended Complaint are a statement regarding the assignment of the mortgage of the "embezzled and fraudulently converted property of the plaintiffs located at 557 Maple Avenue, in the town of Barrington, R.I.," Amended Complaint ¶ 6, and a request that the "fraudulent sale of the property located at 557 Maple Avenue in Barrington R.I. be vacated ...," id., Prayer for Relief. While at the hearing Plaintiffs provided more detail regarding the property and suggested that counsel for the moving Defendants, Robert Smith ("Attorney Smith") knew the basis for Plaintiffs' claims, see Tape of 12/27/05 hearing, Plaintiffs "are obliged to set forth in their **complaint** 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory,'" Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989)

(quoting Gooley v. Mobil Oil Corp., 851 F.2d at 515 (bold added); see also Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)("To survive a motion to dismiss, a **complaint** must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'")(quoting Gooley v. Mobil Oil Corp.)(bold added). Similarly, although at the hearing Plaintiffs explained that "Life [and] liberty," Amended Complaint ¶¶ 3, 4, referred to the allegedly illegal arrest of Mr. Marcello, see Tape of 12/27/05 hearing, there are no allegations pertaining to such arrest in the Amended Complaint. Accordingly, the Court concludes that Plaintiffs have failed to set forth in the Amended Complaint factual allegations sufficient to sustain recovery under § 1983. See Dartmouth Review v. Dartmouth Coll., 889 F.2d at 16; Gooley v. Mobil Oil Corp., 851 F.2d at 515.

Plaintiffs' RICO claims fare no better. RICO "provides a private civil action to recover treble damages for injury 'by reason of a violation of' its substantive provisions." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481, 105 S.Ct. 3275, 3277, 87 L.Ed.2d 346 (1985)(quoting 18 U.S.C. § 1964(c)); see also 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee ...."). "In addition to establishing a violation of § 1962, a RICO plaintiff must prove both factual and proximate causation between the racketeering and a legally-cognizable injury." Lares Group, II v. Tobin, 47 F.Supp.2d 223, 229 (D.R.I. 1999).

To sustain a civil RICO claim under § 1962, a plaintiff must allege each of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."

Sedima, S.P.R.L. v. Imrex Co., 473 U.S. at 496, 105 S.Ct. at 3285 (footnote omitted); see also Lares Group, II v. Tobin, 47 F.Supp.2d at 229; Kernus v. Morrison, No. CIV. A. 94-3179, 1996 WL 180005, at *4 (E.D. Pa. Apr. 15, 1996); Curtis v. Duffy, 742 F.Supp. 34, 39 (D. Mass. 1990). An enterprise "may consist of 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" Lares Group, II v. Tobin, 47 F.Supp.2d at 229 (quoting 18 U.S.C. § 1961(4)). "The enterprise must form an entity 'separate and apart' from the pattern of racketeering activity with which it is charged." Id. (quoting Libertad v. Welch, 53 F.3d 428, 441-42 & n.10 (1st Cir. 1995)).

> In order to engage in a "pattern of racketeering activity," each defendant must commit at least two acts of racketeering, as specified in 18 U.S.C. § 1961(1).[11]

---

[11] Section 1961(1) contains the following definitions:

> (1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization

or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery, and trafficking in persons), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons) , sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying,

> These are commonly called "predicate acts." Plaintiff must also allege that the acts are related and amount to or pose a threat of continued criminal activity.

Kernus v. Morrison, 1996 WL 180005, at *5 (citations omitted); see also Curtis v. Duffy, 742 F.Supp. at 38.

It is clear from the Amended Complaint that Plaintiffs have failed to allege the required elements for a civil RICO claim. Plaintiffs refer twice to RICO, see Amended Complaint ¶ 5 (alleging that "the defendants knowingly and willingly entered into an enterprise, (RICO), and further agreed that only the members of this said enterprise, (RICO), are to violate this statute"), and twice to allegations being "made pursuant to [18 U.S.C. § 1961]," id. ¶¶ 5, 6. Plaintiffs at best mention only one element, enterprise. See id. ¶ 5. However, the Amended Complaint contains no factual allegations regarding what conduct constitutes a RICO violation, how the enterprise forms an entity apart from the pattern of racketeering activity, what predicate

---

> selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B) ....

18 U.S.C. § 1961(1). Section 1961(5) states that a "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity ...." 18 U.S.C. § 1961(5).

acts make up the pattern of racketeering activity, and how those acts are related and amount to or pose a threat of continued criminal activity. Even assuming that the necessary predicate acts are embezzlement and fraud, see Amended Complaint ¶ 6 (referring to the "embezzled and fraudulently converted property"); see also id., Prayer for Relief (referring to the "fraudulent sale of the property"), these do not appear to fit within the racketeering activities listed in 18 U.S.C. § 1961(1). Moreover, Plaintiffs have not pled fraud with particularity as required by Fed. R. Civ. P. 9(b).[12] See Curtis v. Duffy, 742 F.Supp. at 38 ("The complaint in a civil RICO case must comply with the requirement of Fed. R. Civ. P. 9(b) that fraud be pleaded with particularity."); see also Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18-19 (1st Cir. 2002)(noting that Fed. R. Civ. P. 9 requires fraud to be pled with particularity). The Court, therefore, concludes that Plaintiffs have failed to plead in the Amended Complaint the elements required to sustain recovery under RICO. See Stachon v. United Consumers Club, Inc., 229 F.3d 673, 674-75 (7th Cir. 2000) (affirming dismissal under Fed. R. Civ. P. 12(b)(6) of RICO claim for failure to plead required element); Kernus v. Morrison, 1996 WL 180005, at *11 ("The facts plaintiffs allege in their amended complaint, together with all reasonable inferences that can be drawn therefrom, viewed in the light most favorable to the plaintiffs, fail to support any of plaintiffs' claims of RICO violations."); Curtis v. Duffy, 742 F.Supp. at 39 (holding that "the complaint fails to state a claim for violation of RICO or conspiracy to

---

[12] "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

violate RICO" and granting defendants' motion to dismiss).

As for Plaintiffs' remaining arguments, the Court need discuss them only briefly. Plaintiffs contended at the December 27, 2005, hearing that dismissal under Fed. R. Civ. P. 12(b)(6) is precluded when a qualified immunity defense is present and that such defense has been raised by Defendant LaCross. See Tape of 12/27/05 hearing (citing Barbaccia v. County of Santa Clara, 451 F.Supp. 260, 267 (N.D. Cal. 1978)("Qualified immunity exonerates actions taken in good faith and upon a reasonable belief, questions of fact which preclude a 12(b)(6) dismissal.")). However, the Court of Appeals for the First Circuit has clearly stated that the applicability, or absence of qualified immunity "should be determined at the earliest practicable stage in the case." Cox v. Hainey, 391 F.3d 25, 29 (1st Cir. 2004); see also Wilson v. City of Boston, 421 F.3d 45, 52 (1st Cir. 2005)(noting that "[t]ypically, a § 1983 defendant raises the qualified immunity issue either in a motion to dismiss under Fed.R.Civ.P. 12(b)(6) or a motion for summary judgment under Fed.R.Civ.P. 56")(citing Cox v. Hainey). This is because "[q]ualified immunity serves not only as a defense to liability but also as an entitlement not to stand trial or face the other burdens of litigation. Seen in this light, many of the benefits of qualified immunity are squandered if an action is incorrectly allowed to proceed to trial." Cox v. Hainey, 391 F.3d at 29. (internal citations and quotation marks omitted). Moreover, Plaintiffs overlook the fact that Moving Defendants' 12(b)(6) Motion to Dismiss is not brought by Defendant LaCross, the only Defendant claiming qualified immunity.

Finally, although they did not raise this ground at the hearing, Plaintiffs asserted in their written objection that this Court had been divested of its jurisdiction over the matter

pending resolution of Plaintiffs' appeal(s), see Objection of Plaintiffs, to Defendants' Motion to Dismiss for Want of Jurisdiction Pending Appeal at 1. The Court rejects this argument. "The district court maintains jurisdiction as to matters not involved in the appeal ...." Farmhand, Inc. v. Anel Eng'g Indus., Inc., 693 F.2d 1140, 1145 (5th Cir. 1982); see also Memorandum and Order of 10/31/05 (Doc. #89) at 2-4 (noting that Plaintiffs were attempting to appeal interlocutory orders, not final judgments, which were not reviewable by the Court of Appeals; that Plaintiffs' attempted appeal(s) did not qualify as exceptions to the final judgment rule; and that, therefore, Plaintiffs' appeal(s) had no basis in law). Accordingly, the Court has jurisdiction over Moving Defendants' 12(b)(6) Motion to Dismiss.

The Court concludes that the Amended Complaint fails to state a claim upon which relief can be granted. See Arruda v. Sears, Roebuck & Co., 310 F.3d at 23 ("Although a court, faced with a Rule 12(b)(6) motion, must mine the factual terrain of the complaint and indulge every reasonable inference in the pleader's favor, it cannot uphold a complaint that fails to establish an essential nexus between the underlying events and the theory of relief."); DM Research, Inc. v. Coll. of American Pathologists, 170 F.3d at 55 ("T]he price of entry ... is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."); Gooley v. Mobil Oil Corp., 851 F.2d at 515 (holding that because facts pled did not outline a viable claim, plaintiff's complaint could not "pass Rule 12(b)(6) muster"); Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980)("We have little difficulty

upholding the district court's dismissal of the complaints. Although pro se complaints are to be read liberally, these complaints are so hopelessly general that they could give no notice of [the plaintiff's] claims."). Accordingly, Moving Defendants' 12(b)(6) Motion to Dismiss should be granted, and I so recommend.

**B. Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition (Doc. #118)**

Defendant LaCross moves for an order dismissing Plaintiffs' Amended Complaint for the failure of Plaintiff James C. Marcello ("Mr. Marcello") to attend his deposition. See Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition at 1. Plaintiffs did not file an objection to this motion. See Docket.

**1. Law**

Fed. R. Civ. P. 37(b)(2) states in relevant part: "If a party ... fails to obey an order to provide ... discovery ... the court in which the action is pending may make such orders in regard to the failure as are just ...." Fed. R. Civ. P. 37(b)(2). Among the sanctions authorized is an "order striking out pleadings or parts thereof ... or dismissing the action ...." Fed. R. Civ. P. 37(b)(2)(C); see also Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999)("Rule 37(b)(2)(C) specifically provides for dismissal if a party fails to comply with an order to provide discovery ...."); United States v. Palmer, 956 F.2d 3, 6-7 (1st Cir. 1992)("[I]n the ordinary case, where sanctions for noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is dismissal of the complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant."); Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976)

("[I]n an appropriate case a district court has power ... to nonsuit a plaintiff[] for failure to comply with the court's orders or rules of procedure."). However, "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991) (quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990))(alteration in original); cf. Coyante v. Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997)("discovery abuse, while sanctionable, does not require as a matter of law imposition of most severe sanctions available")(citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st Cir. 1990)); Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir. 1977)("isolated oversights should not be penalized by a default judgment").

Nevertheless, "[t]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir. 1999); see also Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001)(holding that district court acted "well within its discretion in dismissing the case after repeated violations of its orders and after having warned plaintiff of the consequences of non-compliance"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-11 (1st Cir. 1991)(finding "plaintiff's conduct evidenced a deliberate pattern of delay and disregard for court procedures that was sufficiently egregious to incur the sanction of dismissal"). "[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); accord Young v.

Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Torres-Vargas v. Pereira, 431 F.3d at 393; accord Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'") (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).

When noncompliance with an order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d at 81 (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d at 46). The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d at 392.

**2. Background**

On June 21, 2005, counsel for Defendant LaCross, Michael DeSisto ("Attorney DeSisto"),[13] sent Mr. Marcello a letter requesting that he provide convenient dates and times for a proposed deposition of Mr. Marcello at Attorney DeSisto's Providence office during the month of July, 2005. See Motion for Protective Order (Doc. #30), Addendum (Letter from Attorney DeSisto to Mr. Marcello of 6/21/05). Plaintiffs on June 30, 2005, filed a Motion for Protective Order, which was denied in

[13] Defendant LaCross is represented by attorneys Michael DeSisto and Marc DeSisto. Hereafter, any mention of "Attorney DeSisto" refers to Michael DeSisto.

part and granted in part on July 19, 2005, see Order Denying in Part and Granting in Part Plaintiffs' Motion for Protective Order (Doc. #35). The Court denied the motion to the extent that it sought to prohibit Attorney DeSisto from conducting Mr. Marcello's deposition and granted the motion to the extent that it sought to have the deposition conducted at the courthouse instead of Attorney DeSisto's office.[14] See id. at 3-4. On July 28, 2005, Plaintiffs filed a Motion to Vacate Order Denying/ Granting in Part Plaintiffs' Motion for Protective Order (Doc. #36). That motion was denied by Judge Lisi on August 12, 2005. See Order of 8/12/05 (Doc. #41).

The deposition was subsequently noticed for September 8, 2005, at 1:30 p.m. in Courtroom C, John O. Pastore Federal Building. See Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition, Attachment ("Att."), Exhibit ("Ex.") 1 (Notice to Take Deposition). According to Attorney DeSisto, he had spoken with Mr. Marcello on July 25, 2005, and agreed to schedule the latter's deposition for September 8, 2005, at 1:30 p.m. See id., Att. (Statement of Counsel in the Scheduled Deposition of James Marcello) at 3. Attorney DeSisto confirmed the scheduled deposition in a subsequent letter to Mr. Marcello dated July 28, 2005, and they had some conversations thereafter. See id. However, in the last such conversation, on September 6, 2005, Mr. Marcello indicated that he did not plan to attend the

[14] The Court granted this part of the Motion for Protective Order because Attorney DeSisto's office was not within easy walking distance of downtown Providence. Mr. Marcello had indicated that he was dependent upon public transportation and would be taking the bus to Providence.

deposition.[15] See id. Mr. Marcello did not appear for the scheduled deposition. See id. at 4. On September 20, 2005, Defendant LaCross moved for dismissal because of Mr. Marcello's failure to attend the deposition. See Motion of Defendant, John LaCross, to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition ("Defendant LaCross's First Motion to Dismiss for Failure to Attend Deposition") (Doc. #55). The motion sought an order dismissing the Amended Complaint or, alternatively, an order compelling Mr. Marcello to attend his deposition. See Defendant LaCross's First Motion to Dismiss for Failure to Attend Deposition.

The Court conducted a hearing on October 25, 2005, at which time Attorney DeSisto agreed to limit the relief sought by the motion to an order requiring Mr. Marcello to attend his deposition. See Tape of 10/25/05 hearing; see also Order Requiring James Marcello to Attend Deposition within Thirty Days (Doc. #85) ("Order of 10/25/05") at 1. In opposing the motion, Plaintiffs argued that: (1) Attorney Smith, representing the other four Defendants, had not asked for permission to question him; (2) that he would not have time to depose Defendant LaCross if Attorney Smith were allowed to question him; (3) that such questioning was unfair and oppressive; and (4) that such questioning had not been mentioned in Attorney DeSisto's original letter to Mr. Marcello regarding the deposition. See Tape of

---

[15] Attorney DeSisto further reported that Mr. Marcello had noticed the deposition of Defendant LaCross to follow immediately Mr. Marcello's deposition on September 8, 2005, see Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition, Attachment ("Att.") (Statement of Counsel in the Scheduled Deposition of James Marcello) at 4; see also Notice of Intention to Take Deposition (Doc. #40), and that Defendant LaCross was available for deposition at that time, see Defendant LaCross's Mem., Att. (Statement of Counsel in the Scheduled Deposition of James Marcello) at 4.

10/25/05 hearing; see also Order Granting Motion for Permission to Question Deponent (Doc. #107) at 3. The Court found that Mr. Marcello's failure to attend the scheduled deposition was unjustified and granted Defendant LaCross's motion to the extent that Mr. Marcello was ordered to submit to being deposed by counsel for Defendant LaCross by November 25, 2005. See Order of 10/25/05 at 2. The Court further directed that the deposition be conducted by telephone if feasible, but that if Attorney DeSisto determined a telephonic deposition was not feasible or satisfactory Mr. Marcello must appear for deposition in person in accordance with the Order Denying in Part and Granting in Part Plaintiffs' Motion for Protective Order; that counsel for the other Defendants could attend the deposition of Mr. Marcello, but they could not question Mr. Marcello without first seeking the Court's permission; and that following his deposition Mr. Marcello could take the deposition of Defendant LaCross, but Mr. Marcello would be responsible for the cost of the deposition of Defendant LaCross. See id. The Order of 10/25/05 concluded with the following statement: "**Lastly, Mr. Marcello is advised that if he fails to submit to being deposed by counsel for Defendant LaCross by November 25, 2005, Plaintiffs' claims against Defendant LaCross may be dismissed.**" Id.

On or about November 2, 2005, Attorney DeSisto renoticed Mr. Marcello's telephonic deposition for November 17, 2005, at 1:30 p.m. See Memorandum in Support of Motion of Defendant John LaCross to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition ("Defendant LaCross's Mem."), Ex. A (Notice to Take Deposition). On November 3rd, the Motion of Defendants, John A. DeSano[,] Bernard P. Healy, Albert Mastriano and Arthur Marcello, for Permission to Interrogate James C. Marcello (Doc. #92) ("Motion for Permission to Question") at his deposition was

filed. The motion was referred on November 14, 2005, to this Magistrate Judge who, having learned that the deposition was scheduled for November 17th, attempted to schedule a telephonic hearing on the motion. See Order Granting Motion for Permission to Question Deponent at 1. Although the deputy clerk was able to reach counsel for Defendants, she was unable to reach Mr. Marcello despite placing a total of eleven telephone calls to him on November 14th and 15th. See id. at 1-2. The Court then rescheduled the hearing for 1:30 p.m. on November 17, 2005, immediately prior to the scheduled telephonic deposition of Mr. Marcello. See id. at 2.

Attorney DeSisto, Attorney Smith, and a court reporter appeared at 1:30 on the 17th, but Mr. Marcello did not answer his telephone. See id.; see also Tape of 11/17/05 hearing. Attorney DeSisto reported that his office had received a telephone call from Mr. Marcello at 10:58 that morning in which he had said something about a continuance and "Rule 27(b)."[16] Order Granting Motion for Permission to Question Deponent at 2; see also Tape of

[16] Rule 27(b) of the Federal Rules of Civil Procedure provides that:

> If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions .... If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by Rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the district court.

Fed. R. Civ. P. 27(b).

11/17/05 hearing. Attorney DeSisto further reported that since receiving the message he had tried unsuccessfully to reach Mr. Marcello. See id. The deputy clerk again attempted, without success, to reach Mr. Marcello by telephone. See id. The Court stated that it appeared Mr. Marcello did not intend to be deposed as scheduled and that counsel could take any steps deemed necessary. See id. The Court further noted that while it was up to Attorney DeSisto to determine whether to try to reschedule the deposition, if Mr. Marcello were to contact Attorney DeSisto the deposition could be scheduled before the November 25, 2005, deadline.[17] See Tape of 11/17/05 hearing.

The Court then turned to the Motion for Permission to Question. The Court deemed it advisable to address the Motion for Permission to Question immediately so that the parties would know what questioning would be permitted should the deposition occur. See Order Granting Motion for Permission to Question at 3; see also Tape of 11/17/05 hearing. The Court granted the Motion for Permission to Question, see Order Granting Motion for Permission to Question at 4; see also Tape of 11/17/05 hearing, and stated that Attorney Smith could question Mr. Marcello at any deposition scheduled by Attorney DeSisto once Attorney DeSisto had completed his questions, see id.

Subsequently, Plaintiffs filed a Notice of Unauthorized

---

[17] Attorney DeSisto did, in fact, make a last attempt to schedule Mr. Marcello's deposition before the November 25, 2005, deadline, sending Mr. Marcello a letter on November 18, 2005, stating that Attorney DeSisto was "available – subject to the availability of Attorney Smith and a court reporter – to schedule your deposition on or before November 25, 2005. Please contact me to schedule your deposition by this date." Memorandum in Support of Motion of Defendant John LaCross to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition ("Defendant LaCross's Mem."), Ex. B (Letter from DeSisto to Marcello of 11/18/05). Mr. Marcello did not respond. See Tape of 12/27/05 hearing.

Depsition (Doc. #108), a Motion to Vacate Order Requiring James Marcello to Attend Deposition within (30) Days for Being Void for Want of Jurisdiction Pending Appeal (Doc. #113), and a Motion to Vacate Order Granting Motion for Permission to Question Deponent for Being Void for Want of Jurisdiction Pending Appeal (Doc. #114). The latter motions, in which Plaintiffs argued that the Court's orders were void "for want of jurisdiction pending Plaintiffs' appeal from final decision of this court's order dated September 9, 2005[,] granting the Defendant State of Rhode Island's motion to dismiss," Order Denying Plaintiffs' Additional Motions to Vacate Orders[18] (Doc. #124) (alteration in original), were denied on December 2, 2005, see id.

Defendant LaCross filed the instant motion to dismiss on November 29, 2005. See Docket. The Court conducted a hearing on December 27, 2005, and the motion was taken under advisement. See Tape of 12/27/05 hearing; see also Docket.

**3. Analysis**

The Court has no difficulty in concluding that dismissal is the appropriate sanction here. It is clear that Plaintiffs have "manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence ...," Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir. 1999), as illustrated by the preceding history.

Initially, the Court notes that Mr. Marcello's Motion for Protective Order was granted only to the extent that his deposition was to be conducted at the courthouse rather than at Attorney DeSisto's office. See Order Denying in Part and Granting in Part Plaintiffs' Motion for Protective Order at 4.

---

[18] Plaintiffs had filed a previous motion to vacate orders on the same ground, which was denied on November 29, 2005. See Order Denying Plaintiffs' Motion to Vacate Order (Doc. #116); see also n.5.

It was denied in all other respects. See id. at 1-4. Plaintiffs filed a motion to vacate this order, which motion was denied by Judge Lisi on August 12, 2005. See Order of 8/12/05 (Doc. #41). Thus, Mr. Marcello was put on notice-twice-that the Court had rejected his other arguments against being deposed by Attorney DeSisto prior to the scheduled September 8, 2005, deposition. Yet, Mr. Marcello did not attend the deposition. See Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition, Att. (Statement of Counsel in the Scheduled Deposition of James Marcello); see also Order of 10/25/05 at 1.

The Court questioned Mr. Marcello at length at the October 25, 2005, hearing as to why he did not attend the scheduled deposition in light of the fact that the Court had twice rejected his arguments in opposition to such deposition. See Tape of 10/25/05 hearing. The Court found that Mr. Marcello's failure to attend the September 8, 2005, deposition was unjustified and ordered Mr. Marcello to submit to being deposed by Attorney DeSisto by November 25, 2005. See id.; see also Order of 10/25/05 at 2. As noted previously, the Court warned Mr. Marcello in writing that "**if he fail[ed] to submit to being deposed by counsel for Defendant LaCross by November 25, 2005, Plaintiffs' claims against Defendant LaCross may be dismissed.**" Order of 10/25/05 at 2. Mr. Marcello failed to do so. See Tape of 12/27/05 hearing.

At the December 27, 2005, hearing, after tracing the history of his attempts to depose Mr. Marcello, Attorney DeSisto argued that the action had commenced in January of 2005, that the lack of discovery had hindered his client's defense of the case, and that Mr. Marcello's failure to attend the deposition had been willful and called for dismissal. See Tape of 12/27/05 hearing.

Although Plaintiffs had filed no written objection to the motion, see Docket, Mr. Marcello made several arguments in opposition to it. First, he stated that he had had to disconnect his telephone because he was being "harassed." Tape of 12/27/05 hearing. Second, he noted that he had appealed the denial of his Motion to Vacate Order Requiring James Marcello to Attend Deposition within (30) Days for Being Void for Want of Jurisdiction Pending Appeal. See id.; see also Docket. Finally, he contended that because he had appealed the Memorandum and Order granting the State of Rhode Island's motion to dismiss, Rule 27(b) required a party seeking a deposition to file a motion for leave of court to do so, that Attorney DeSisto had not requested such permission, and that Mr. Marcello had filed with the Court a Notice of Unauthorized Deposition. See Tape of 12/27/05 hearing; see also Doc. #108.

The Court rejects Mr. Marcello's arguments for the following reasons. First, although Mr. Marcello stated that his telephone had been disconnected, he was able to call Attorney DeSisto's office on the morning of November 18th and leave a message. See Tape of 11/17/05 hearing. The message did not mention having had his telephone disconnected. See id. When Attorney DeSisto and the deputy clerk tried to reach Mr. Marcello, they did not get a recording stating that the telephone had been disconnected. See id. Rather, the phone simply rang and rang. See id. Moreover, Mr. Marcello did not respond to Attorney DeSisto's November 18, 2005, letter, seeking to reschedule the deposition before November 25, 2005. See id.

Second, the Court is not persuaded by Mr. Marcello's argument that he had a basis to resist being deposed until his appeal of the denial of his Motion to Vacate Order Requiring James Marcello to Attend Deposition within (30) Days for Being Void for Want of Jurisdiction Pending Appeal had been decided.

Mr. Marcello was on notice that this position was tenuous at best. His Motion for Stay of Proceedings (Doc. #76) pending disposition of his appeal of the dismissal of the State of Rhode Island had been denied. See Order of 10/21/05 (Doc. #83). His request to proceed in forma pauperis on that appeal (Doc. #73) had also been denied. See Memorandum and Order of 10/31/05 (Doc. #89). Judge Lisi clearly stated that:

> Plaintiffs are attempting to appeal interlocutory orders denying certain of their motions and granting a motion to dismiss the claims made against several Defendants. These orders, however, resolve interim questions on the way to an ultimate determination of the dispute and are not "final judgments" subject to appeal. A "final judgment" is generally "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." The orders referred to by Plaintiffs are merely rulings on motions, and do not dispose of the whole case, or even a particularly significant part of it. Courts of appeals may only hear appeals from final judgments of the trial court, subject to a few narrow exceptions. Because the orders Plaintiffs attempt to appeal from are interlocutory and not final, they may not be reviewed by the appeal court.

Memorandum and Order of 10/31/05 at 2-3 (internal citations omitted). Judge Lisi concluded that Plaintiffs' appeal had no basis in law and, therefore, certified that it had not been taken in good faith. See id. at 3. Accordingly, Mr. Marcello's reliance on the fact that he had appealed the denial of his motion to vacate the order requiring him to submit to deposition by November 25, 2005, is misplaced. Mr. Marcello apparently believes that if he disagrees with the Court's rulings, he does not have to abide by them. He is wrong.

Finally, Mr. Marcello misapprehends Rule 27(b). It does not require that other Defendants, whose claims have not been dismissed, must first obtain the court's permission before seeking to depose him. The rule states that if an appeal has

been taken from a judgment of a district court, the court may allow the taking of depositions to perpetuate witness testimony on motion of a party for leave to conduct such depositions. See Fed. R. Civ. P. 27(b). As Judge Lisi clearly noted in her Memorandum and Order of 10/31/05, Plaintiffs had appealed interlocutory orders, not final judgments. See Memorandum and Order of 10/31/05 at 2-3. Accordingly, Rule 27(b) is inapplicable. Moreover, Mr. Marcello did not raise this argument at the October 25, 2005, hearing when the court could have addressed it.

Having rejected Mr. Marcello's arguments, the Court concludes that his failure to submit to scheduled depositions on September 8, 2005, and November 17, 2005, was unjustified. Hardly "isolated oversights," Affanato v. Merrill Bros., 547 F.2d at 141, Mr. Marcello deliberately chose not to attend, see Tape of 10/25/05 hearing; Tape of 12/27/05 hearing, in violation of two court orders, see Order Denying in Part and Granting in Part Plaintiffs' Motion for Protective Order; Order of 10/25/05; see also Torres-Vargas v. Pereira, 431 F.3d at 393 ("[A] party flouts a court order at his peril."). Moreover, Plaintiffs were aware that proceedings had not been stayed pending their appeals, see Order of 10/21/05, and had been adequately warned that if Mr. Marcello did not attend his deposition on or before November 25, 2005, they risked dismissal of their claims against Defendant LaCross, see Order of 10/25/05; see also Serra-Lugo v. Consortium-Las Marias, 271 F.3d at 6 (holding that district court acted "well within its discretion in dismissing the case after repeated violations of its orders and after having warned Plaintiff of the consequences of non-compliance"). The Court, therefore, finds that dismissal is appropriate in these circumstances, see Torres-Varga v. Pereira, 431 F.3d at 392, and

that Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition should be granted. I so recommend.

**C. Moving Defendants' Motion to Dismiss for Failure to Attend Deposition (Doc. #111)**

Defendants DeSano, Healy, Mastriano, and Marcello (the "moving Defendants") also move to dismiss the Amended Complaint for the "repeated failure of plaintiff, James C. Marcello[,] to attend his deposition ...." Moving Defendants' Motion to Dismiss for Failure to Attend Deposition at 1. Plaintiffs object to the motion, again on the basis of lack of jurisdiction pending appeal. See Objection of Plaintiffs, to Defendant's [sic] Motion to Dismiss for Want of Jurisdiction Pending Appeal (Doc. #121).

The Court concludes that Moving Defendants' Motion to Dismiss for Failure to Attend Deposition should not be granted. The involvement of the moving Defendants in the events relative to the deposition of Mr. Marcello was far less extensive than that of Defendant LaCross. Counsel for Defendant LaCross, Attorney DeSisto, originally noticed the deposition. See Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint for Failure to Attend Deposition, Att., Ex. 1 (Notice to Take Deposition). Attorney DeSisto renoticed Mr. Marcello's telephonic deposition for November 17, 2005, at 1:30 p.m. See Defendant LaCross's Mem., Ex. A (Notice to Take Deposition). Although counsel for the moving Defendants appeared for the depositions scheduled for September 8, 2005, and November 17, 2005, the only motion filed by the moving Defendants relative to the deposition of Mr. Marcello prior to the instant motion was the Motion for Permission to Question (Doc. #92).

Moreover, the Court's Order of 10/25/05 advised Mr. Marcello that "**if he fails to submit to being deposed by counsel for Defendant LaCross by November 25, 2005, Plaintiffs' claims**

**against Defendant LaCross may be dismissed.**" Order of 10/25/05 at 2. Plaintiffs were not warned, in either the Order of 10/25/05 or the Order Granting Permission to Question Deponent, that Mr. Marcello's failure to submit to deposition by November 25, 2005, might result in Plaintiffs' claims against the moving Defendants also being dismissed.

Accordingly, the Court finds that Moving Defendants' Motion to Dismiss for Failure to Attend Deposition should be denied. I so recommend.

**IV. Conclusion**

For the reasons stated above, I recommend that: (1) Moving Defendants' 12(b)(6) Motion to Dismiss (Doc. #91) and Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition (Doc. #118) be granted and that Moving Defendants' Motion to Dismiss for Failure to Attend Deposition (Doc. #111) be denied. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
March 23, 2006