IN THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

JAMES C. and OLIVIA A. MARCELLO

Plaintiffs

vs.

C.A. NO. 05-004 ML

JOHN A. DESANO, BERNARD P HEALY
JOHN LACROSS, ARTHUR T MARCELLO
ALBERT MASTRIANO & RHODE ISLAND

Defendant

**OBJECTION OF PLAINTIFFS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now come Plaintiffs, Mr. James C. and Olivia A. Marcello and, hereby objects to the proposed findings, recommendations or report of the Magistrate Judge dated March 23, 2006 and received on March 25, 2006, pursuant to Fed. R. Civ. P . 72(b); DRI LR 32(c)(2). A Memorandum of Law specifically identifying the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection is hereby incorporated.

Wherefore, Plaintiffs respectfully request that their objection be considered; that the Report and Recommendation of (1) Moving Defendants' 12(b)(6) Motion to Dismiss (Doc. #91) and Defendant LaCross's Second Motion to Dismiss for Failure to Attend Deposition (Doc. # 118) be granted, be Denied, and that Moving Defendants' Motion to Dismiss for failure to Attend Deposition (Doc. # 111) be denied, be uphold, and furthermore, that plaintiffs motion to set aside order of March 8, 2006 with Certificate of Affirmation (presumedly Doc. # 161 & 162) be granted permitting hearing on plaintiffs' Summary Judgment papers (Doc. #163 thru 166) and Defendants Summary Judgments (Doc. # 150) as justice may require.

Respectively Submitted,

PLAINTIFFS * In Pro se,

Mr. James & Olivia Marcello
152 Cross Rd
Stetson ME 04488
207 296 3433

**CERTIFICATION**

I, James C. Marcello, hereby certify tht I have mailed a true copy of the within by regular mail, postage prepaid, on April 3, 2006 specified below to the following:

MICHAEL DESISTO,ESQ
211 Angell St
Providence RI 02906

ROBERT SMITH,ESQ
155 S Main St
Providence RI 02903

THOMAS PALOMBO,ESQ,AAG
150 S Main St
Providence RI 02903

James C Marcello

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. and OLIVIA A. MARCELLO

Plaintiffs

vs. C.A. NO. 05-004 ML

JOHN A. DESANO, BERNARD P HEALY
JOHN LACROSS, ARTHUR T MARCELLO
ALBERT MASTRIANO & RHODE ISLAND

Defendants

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## INTRODUCTION

This Memorandum of Law supports the Objection to Magistrate Judge's Report and Recommendation filed by Plaintiff, Mr. James C. and Olivia A. Marcello, pursuant to Fed. R. Civ. P. 72(b) and DRI LR 32(c)(2).

Respectfully, Plaintiffs object to magistrate's proposed findings, recommendations or report issued. For specific reasons set forth and further additional evidence herein submitted, Plaintiffs respectfully request that their Objection be considered; that moving defendants' Motion to Dismiss (Doc. #91) and Defendant LaCross's 2nd Motion to Dismiss (Doc. #118) be denied; that moving Defendants Motion to Dismiss (Doc. # 111) be denied and unhelded; that plaintiffs Motion to Set Aside Order filed March 8, 2006 with Certificate of Affirmation (presumedly Doc. # 161 & 162) be granted permitting hearing on plaintiffs' Summary Judgment papers (Doc. # 163 thru 166) and Defendants Summary Judgment (Doc. #150); and such other and further relief as justice may require.

**OBJECTION**

There Are 6 Specific Portions of the Proposed Findings, Recommendation or Report to Which Objection is Made and the Basis for Such Objection:

**1st Specific Portion Identified:**

The Facts and Travel ¶ 1 at 3, lines 7 thru 12.

**1.1 Basis for Objection:**

"Under Color of State Law" [OMMITTED]

"Conspired with a Local Official one Chief John LaCross" [OMMITTED BY HYPHENE]

"Did then and There in the Town of Barrington"[OMMITTED]

**Argument for Objection:**

The ommission of the true wording of amended complaint causes an untrue appearance of element deficiency.

**LAW**

"Two elements are necessary for recovery under 42 USCS § 1983 plaintiff must prove: a) that defendant has deprived him of right secured by "Constitution and laws" of United States, b) and that defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory" (this second element requires that plaintiff show that defendant acted "under color of law." **[ADICKES V S.H. KRESS & CO. (1970) 398 US 144, 26 L Ed 2d 142, 90 S Ct 1598]**

**2nd Specific Portion Identified:**

The Facts and Travel ¶ 1 at 7, lines 4 thru 6.

**2.1 Basis for Objection:**

No reference made to (Doc. #161 & 162) [OMMITTED]

**Argument for Objection:**

The ommission of presumedly (Doc. #161) being plaintiffs Motion to Set Aside Order of Magistrate Judge Martin refusing and returning plaintiffs Summary Judgment papers that were filed on January 28, 2006 for reasons that case was closed by prior order of 1/20/06 (Doc. # 156 & 157) raised the question why this motion has not been acted upon and whether the Magistrate Report and Recommendation dated March 23, 2006 relating to hearing held on 12/27/06, nearly 3 months delayed, whether there is a question of procedural due process violation.

The ommission of presumedly (Doc. #162) being plaintifs Certificate of Affirmation indicates that the court received summary judgment papers of approximately 900 pages total triplicate and return on 1/30/06 to plaintiffs only 34 pages suggests s.j. papers of plaintiffs are still in court possession and been viewed for over 2 months and that a fair hearing held on said s.j. papers of plaintiffs **pursuant** to Rule 56 **prior** to this decision on recommendation pursuant to Rule 72 may weigh favorable to a judgment on plaintiffs behalf.

**ADDITIONAL & FURTHER EVIDENCE**

**RULE 72(b) OF FEDERAL RULES OF CIVIL PROCEDURE PROVIDES:**

"The district judge to whom the case is assigned shall make a de novo determination upon the record, or after **additional evidence**, of any portion of the magistrate judge's disposition to which specifice written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, **receive further evidence**, or recommit the matter to the magistrate judge with instructions."

**1st Additional Evidence**

Plaintiffs respectfully submit an **Original Certificate of Birth**, from Rhode Island Department of Health, of plaintiff **James C. Marcello** indicating born the son of **Rudolph N. Marcello**, who died intestate on September 28, 2002 leaving real estate property located at 557 Maple Avenue, Barrington, Rhode Island, the property in deprivation as alledged in ammend complaint ¶¶ 3 & 4 and "...embezzled and fraudulently converted...." ¶ 6. **(SEE EXHIBIT 1).**

**3rd Specific Portion Identified:**

The 3. Analysis ¶ 2 at 13, lines 8 thru 17.

**3.1 Basis for Objection:**

Proof of property interest not required in complaint

**Argument for Objection:**

Plaintiff indicated at 12/27/05 hearing that trying the complaint alone "we would all loose" see Tape of 12/27/05 hearing.

**LAW**

**42 USCS § 1983, n 1997 d. Minimum Allegation Required:**

"In 42 USCS § 1983 cases involving alledged violation of express sustantive constitutional right, it is only necessary to allege that there was deprivation of constitutional right under color of law; in **procedural due process cases,** however, plaintiff must allege and **proof at trial** that: (1) there was deprivation of constitutional right, (2) that it was under color of law, and (3) state remedy was inadequate, both in form and in sustance.**(HAAG V CUYAHOGA COUNTY (1985, ND OHIO) 619 F Supp 262, affd without op (1986, CA6 Ohio) 798 F2d 1414.)**

**2nd Additional Evidence:**

Plaintiffs respectfully submit their Motion for Summary Judgment 1/28/06 (Doc. # 160), Plaintiffs' Affidavit and Memorandum of Law in Opposition to a Motion for Summary Judgment (Doc. # 164), Plaintiffs' Affidavit and Consolidated Memorandums of Law in Opposition to and in Support of a Motion for Summary Judgment (Doc. #165), and a Motion to Set for Hearing the two Motions for Summary Judgment (Defendants & Plaintiffs) and Objections thereto (Doc. # 166).

**3rd Additional Evidence:**

Plaintiffs respectfully submit their **(ADDENDUM P.1-258),** by which three copies were forwarded to this court on 1/28/06 along which summary judgments papers above stated, which court never returned to plaintiff on refusal order of Magistrate 1/30/06

**4th Additional Evidence:**

: Plaintiffs respectfully submit a "Deed from the Estate of : Nicholas F Marcello a/k/a Rudolph N Marcello" to plaintiff James C Marcello, the property located at 557 Maple Avenue Barrington R.I., conveyed and received for record in Barrington Town Land Evidence on **July 8, 2003, at 1:12 pm**. **(SEE EXHIBIT** 2).

**4rd Specific Portion Identified:**

Page 14 ¶ 2

**4.1 Basis for Objection:**

Law improperly quoted:

**LAW (PROPER)**

**42 USCS § 1983, 2081 f. Dismissal of Complaint:**

"Dismissal under Rule 12(b) is precluded in cases where qualified immunity of persons charged with violating 42 USCS § 1983 is in issue, since such immunity is present only where actions were taken in good faith and upon reasonable belief, and these are questions of fact Barbaccia v County of Santa Clara (1978, ND Cal) 451 F Supp 260."

**Argument for Objection:**

On August 13, 2003 Defendant Chief John LaCross **STOLE** the original true copy of (EXHIBIT 2) from plaintiff James Marcello while at property address; further concealed, and refused to return while plaintiff in transport to 6th District Ct of RI for arrangment on charge, because it evidence to a reasonable person Pl Marcello's Constitutional Rights were established at time of deprivation and Df LaCross acted in bad faith.

**5th Additional Evidence:**

Plaintiffs respectfully submit two <u>True Copies Attested</u> of "Notice of Intent to Dispute Interrupting Adverse Possession Pursuant to RIGL § 34-7-6" attested and received for record on March 17, 2006 at 3:08 pm, in the Land Records of Barrington, page 1 "The Notice" and page 2 "The Return of Service" served on Claimant (Defendant Arthur T Marcello) [Inst: 925 Bk: 969 Ps: 69 & 69A] **(SEE EXHIBIT 3)**; and on Claimant (Nuno & Natalia Paiva-Neves - See amend compl at prayer for relief ¶ 4 at 6) [Inst: 925 Bk: 969 Ps: 68 & 68A] **(SEE EXHIBIT 4).**

The face of Notice reads:

"NOTICE IS HEREBY GIVEN, THAT I, JAMES C. MARCELLO, the legal owner of the property located at : 557 Maple Avenue, Barrington, Rhode Island, INTENDS TO DISPUTE any and all rights of title arising from your claim or use, to my property above stated, by possession under the provisions of this chapter.

BE IT FURTHER KNOWN, that this notice, served and recorded, shall be deemed an interruption of the use and prevent the acquiring of any right thereto by the continuance of the use for any length of time thereafter....

**Argument and Law:**

In the State of Rhode Island, and embezzlement and/or larceny of real estate property, such as complained of plaintiffs, carries a maximum penalty of up to three times the value of the property so embezzled and/or larceny and up to twenty years imprisonment **(SEE RIGL § 11-41-3 Embezzlement and Fraudulent Conversion)**; However, upon the failure of the true

**Argument and Law: (Con.)**

owner to suit out for recovery, the embezzlement and/or laceny of real estate property matures into "Conclusive Title by Peaceful Possession under Claim of Title pursuant RIGL § 34-7-1. Why you might add, well RIGL § 12-12-17(b) Statute of Limitations says: "(b) The statute of limitations for the following offenses shall be ten years: larceny under § 11-41-2 (receiving stolen goods), § 11-4-3 (embezzlement and fraudulent conversion),...."

**Opinion:**

It appears, by the continues conduct of the Defendant State of Rhode Island, that they are maintaining a continues Constitutional Violation of Due process against the plaintiffs in sueing out to regain their property, that it appears to be aiding the ten year presciptive period for the defendants in achieving such a goal of title by prescription, dispite the fact that Defendant State of RI claims no involvement

Therefore, the need for such notice is required.

**5th Additional Evidence:**

The Plaintiffs respectfully direct the courts attention to the 12/27/05 hearing where plaintiff Marcello stated that his Constitutional Rights were established on September 28, 2002, the day of his father's death, by the RIGL § 33-1-1(1) Real Estate Descending By Intestacy to Children or Descendants...., this was not mention in the report and recommendation, see Tape of 12/27/06, clearing showing the deprivations dates of August 13, and December 10, of 2003, as

alleged in the amended complaint ¶¶ 3 & 4, clearly show that Plaintiffs Constitutional Rights of legal ownership of property loated at 557 Maple Avenue Barrington, Rhode Island were clearly established at the time of the deprivations.

**LAW**

**RIGL § 33-1-1(1). Real Estate Descending by Intestacy to Children ....Provides:**

"Whenever any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in equal protions to his or her kindred, in the following course:

(1) first to his children or their descendants, if there are any.

**LAW**

**42 USCS § 1983, 89 Miscellaneous:**

"Plaintiff in 42 USCS § 1983 action <u>has</u> <u>burden</u> of showing that constitutional right alledgly violated was <u>clearly</u> <u>estabished</u> <u>at</u> <u>time</u> <u>of</u> <u>alledged</u> <u>misconduct</u>, for purposes of opposition to officers' motion for summary judgment on basis of qualified immunity, and <u>plaintiff</u> <u>must</u> <u>identity</u> <u>body</u> <u>of</u> <u>law</u> which would prove that right was so clearly established that reasonable officer would be alerted to its constitutional parameters. **ELDER V HOLLOWAY (1991, CA9 Idaho)** 975 F2d 1388, revd, remanded on other grounds (1994) 510 US 510, 127 L Ed 2d 344, 114 S Ct 1019, 94 CDOS 1296, 93 Daily Journal DAR 2274, 7 FLW Fed S 768.

**5th Specific Portion Indentified:**

¶ 1 at 34, lines 1 thru 2

**5.1 Basis for Objection:**

No right to deposition pending appeal

**Argument for Objection:**

Plaintiffs worked faithfully on appeals (05-2456 / 05-2739 / 05-2838 ) Brief of Plaintiffs-Appellants out on: 1/19/06, No Brief of Defendants filed; on appeals (06-1003 / 06-1004 ) Brief of Plaintiffs-Appellants out on: 2/21/06, No Brief of Defendants filed. Furthermore, there were approximately 31 docket entries in 1st Circuit, only 3 motions were Defendants and 20 were motions of Plaintiffs and 9 Court.

The opinion of the court regarding the deposition of plaintiff, Rule 27(b) requires a party to seek permission during pendency of appeal, and Defendant LaCross fail to acquire permission to due so, simple because lower court is divested of jurisdiction pending appeal from a final decision as the order 9/9/05 granting Defendant State of RI motion to dismiss R12(b)(6) failure to state claim

**LAW**

**28 USCA § 1291 Note 114 Failure to state claim:**

"Motion to dismiss for failure to state claim upon which relief could be granted would be refarded as motion for summary judgent dismissing action, where matters outside pleading were presented to and not excluded by court, and order granting such motion was final decision from which appeal could be taken Lone Star Cement Corp. v. F.T.C., C.A.Wash. 1964, 339 F. 2d 505.

**6th Specific Portion Indentified:**

¶ 2 at 14, line 16

**6.1 Basis for Objection:**

Plaintiffs' RICO claims (do) fare better as court contends not to.

**Argument for Objection:**

Plaintiffs refer court to examine the Plaintiffs Summary Judgment - Statement of the Case P.1 thru 16 see (Doc. #160 -165) to examine detailed information of numerous crimes committed by Defendants in pursuit to conspire to violate RICO Statute.

This case involves an estate, and involves a fraudulent scheme to falsely imprison plaintiff to obtain his real estate property.

**LAW**

"A fraudulent scheme to obtain real property is a larceny, a racketeering activity RI CASE LAW: National Credit Union Administrative Blvd v. Regine 795 F. Supp 59 (D.R.I. 1992)"

**LAW**

"A decedant's estate constitutes an "enterprise" within that statutory definition of that term. RI CASE LAW: Boyajian v. Defusco (In re Giorgio), 81 Bankr. 766 (D.R.I.), aff'd, 862 F.2d 933 (1st Cir. 1988)."

**LAW**

"For a conviction for conspiracy to violate the Rhode Island Racketeer Influenced and Corrupt Organization (RICO) statute, a defendant must agree to become a member of the enterprise

and only agree that members of enterprise violate the Rhode Island RICO statute. RI CASE LAW: State v Porto, 591 A.2d 791 (R.I. 1991)."

## CONCLUSION

Therefore, Plaintiffs respectfully request that their right to Jury Trial may not be Violated; for the reasons set forth above, Plaintiffs Mr. James & Olivia Marcello respectfully request that their Objection be considered; that moving Defendants' Motion to Dismiss (Doc. # 91) and Defendant LaCross's 2nd Motion to Dismiss (Doc. # 118 be denied; that moving Defendants Motion to Dismiss (Doc. # 111) be denied and upheld; and Furthermore; that Plaintiffs Motion to Set Aside Order filed March 8, 2006 with Certificate of Affirmation (presumedly Doc. # 161 & 162) be granted permitting hearing on plaintiffs' Summary Judgment papers (Doc. # 163 thru 166) and Defendants Summary Judgment (Doc. #150); and such other and further relief as justice may require.

Respectively Submitted,

PLAINTIFFS * In Pro se

Mr. James & Olivia Marcello
152 Cross Rd
Stetson ME 04488
207 296 3433

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum of Law by first class mail, postage prepaid pre-paid, on this 3rd day of APRIL, 2006, to: MICHAEL DESISTO,ESQ, 211 Angell St, Providence,RI 02906, ROBERT SMITH,ESQ, 155 S Main St, Providence,RI 02903, THOMAS PALOMBO,ESQ,AAG, 150 S Main St, Providence,RI 02903.