IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. and OLIVIA C. MARCELLO

Plaintiffs

vs. **C.A. NO. 05-004 ML**

JOHN A. DESANO, BERNARD P HEALY
JOHN LACROSS, ARTHUR T MARCELLO
ALBERT MASTRIANO & RHODE ISLAND

Defendants

**MOTION TO VACATE ORDER AND JUDGMENT**

Now come Plaintiffs, Mr. James C. and Olivia A. Marcello and, pursuant to Rule 60(b),etc., of the Federal Rules of Civil Procedure, respectfully move this court to vacate it's Memorandum and Order dated April 7, 2006 and Judgment dated April 10, 2006. As grounds, a Memorandum of Law is hereby incorporated herein.

Respectively Submitted,

PLAINTIFFS * In Pro se

James Marcello

James & Olivia Marcello
152 Cross Rd
Stetson ME 04488
207 296 3433

**CERTIFICATION**

I, undersigned, hereby certify that I mailed a conformed copy of the within on APRIL 28, 2006, by regular mail, postage prepaid to: MICHAEL DESISTO,ESQ, 211 Angell St, Providence, RI 02906; ROBERT SMITH,ESQ, 150 S Main St, Providence, RI 02903; and THOMAS PALOMBO,ESQ,AAG, 155 S Main St, Providence, RI 02903.

James Marcello

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. and OLIVIA A. MARCELLO

Plaintiffs

vs. **C.A. NO. 05-004 ML**

JOHN A. DESANO, BERNARD P HEALY
JOHN LACROSS, ARTHUR T MARCELLO
ALBERT MASTRIANO & RHODE ISLAND

Defendants

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ORDER AND JUDGMENT**

This Memorandum of Law supports the Motion to Vacate the Memorandum and Order dated April 7, 2006 and Judgment dated April 10, 2006 (Doc. #175) that adopted in it's entirety the March 23, 2006 Report and Recommendation granting the moving defendants 12(b)(6) motion to dismiss (Doc. #91) and defendant LaCross' motion to dismiss for failure to attend deposition (Doc. #118).

Respectfully, the Plaintiffs do not concurr with the order and judgment of this court; and that the court has abused it's discretion and committed errors of law; and that the court has overlooked and misapprehended facts and principle of law which would have a controlling effect; and that there was a miscarriage of justice on the former hearing.

For specific reasons set forth herein submitted, Plaintiffs respectfully request that the motion to vacate order and judgment be granted; that the court may reject, or modify the recommended decision, receive further evidence, and or recommit the matter to the magistrate judge with instructions to entertain the

summary judgment papers filed on both sides for proper determination of what genuine issues may or may not exist; and any other and further relief as justice may require.

**ARGUMENT**

There Are 4 Reasons Why The Plaintiffs Motion To Vacate Order and Judgment Should Be Granted:

1st Reason:

THERE WAS A MISCARRIAGE OF JUSTICE ON THE FORMER HEARING

Plaintiffs substantial rights were prejudiced when the court and defendants expected plaintiff to travel nealy 400 miles from Maine to Rhode Island to submit to deposition while defendant Chief LaCross failing to agee and submit to be deposed when properly served by plaintiff for same date and time. (SEE EXHIBIT I: Dep Not - 8/8/05). And when the court ordered plaintiff for telephone deposition why was not defendant LaCross ordered to submitt to being deposed by plaintiff ?

Plaintiffs substantial rights were prejudiced when the court at the October 27, 2005 denied the Plaintiffs' Petition for Order of Enforcement to Ms Betty Barney and Ms Ava Martinelli to answer the Civil Investigative Demand served certified on them. Title 18 USCA § 1961 says "...turn them (victims of RICO) into prsecutors dedicated to eliminating racketeering activity. ROTELLA V WOOD ....". Certainly Magistrate Judge David Martin could have treated the Civil Investigative Demand as a deposition and grant plaintiffs Petition for Order of Enforcment to obtain direct witness information of Betty Barney the home care nurse who witnessed the kiddnapping of plaintiffs' father from his

home by defendants attorney John A. DeSano, Albert Mastriano and Arthur T Marcello who grabbed him by the arms to flee from the police call made by Ms. Barney (See Oct. 27, 2005 Hearing Tape - Plain Marcello states) and induce apparently into signing purported will of 3/6/02 (See Def Exhibit A - [Doc. #150]). Surely the conviction of justice should in RICO crimes such as this be leaned toward this side greater than a dismissal for failure to answer a deposition call to Maine that in no way the defendant Chief LaCross who deliberately failed to arrest said defendants for kiddnapping Alzeimer home patient plantiff father Rudolph Marcello has been prejudice thereby SEE WILLIS V. STATE, 12 Ga. 449.

The Plaintiffs substantial rights were prejudiced when the court denied Plaintiffs Motion for Joinder of Necessary Party dated 6/20/05 refiled 6/30/05 of the necessary parties Mr. Nuno C. Neves and Natalia Paiva-Neves (Doc. #32); Order Denying Joinder (Doc. #42). Court claims no basis in law or fact. Nuno and Natalia Paiva-Neves purchased stolen real estate property from defendant Arthur T. Marcello because he had no Authorization Order to Sell Real Estate from a probate court of competent jurisdiction as required by RIGL § 33-19-3. No objections to this assertion was made by any defendants in this proceedings; and the "Neves" are mention in the prayer for relief of plaintiffs' amended complaint see (Doc. #20). Maintaining the "Neves" at large, certainly protects the defendants from being inplicated SEE IN RE MAY, 49 L.T. Rep. N.S. 770.

2nd Reason:

PRINCIPLE OF LAW WITH CONTROLLING EFFECT HAS BEEN OVERLOOKED

On December 20, 2005, the U.S. Court of Appeals for the First Circuit sent a Briefing Notice that appellant's (plaintiff - Marcellos) brief is due on January 30, 2006 (SEE EXHIBIT II: Briefing Notice). On December 23, 2005 entered Judgment dismiss appeal, etc (SEE EXHIBIT III: Judgment), this was three days before U.S. District Court of RI hearing on 12/27/05. Appellant - Marcellos timely filed their Brief on January 19, 2006. A Mandate was issued on January 17, 2006 thirteen days before the time fixed by the appellate court for timely filing of appellants brief (SEE EXHIBIT IV: Mandate). On January 19, 2006 this U.S. District Court two days after Mandate suddenly Orders a Dismissal on a purported disobeyance of an order. Suspeciously, the premature judgment of the First Circuit on December 23, 2005 and the sudden Order of Dismissal by U.S. District Court of RI on January 19, 2006 two days after Mandate certainly serves a wonderfull service of preventing not only the Marcellos Brief on appeal from being entertained, but, serves an obstruction of justice for the Marcellos Motion for Summary Judgment filed January 28, 2006 (SEE EXHIBIT V: Order - Returning Marcellos Summary Judgment).

Was not this similar circumstance of preventing the Plaintiffs - Marcellos' Motion for Summary Judgment practiced in the Providence Superior Court of RI in the case (Marcello v Neves CA NO. 04-3972) on March 29, 2005 when the court stated quote: "I am not in receipt of any motion (summary judgment)

filed on behalf of the plaintiff, nor did our search of the Clerk's office reveal any, nor was it filed with an omnibus form to be scheduled for hearing today." (SEE EXHIBIT VI: Transcript Hearing at page 1, lines 17-20 / 21 pages NOT entirety included). Subsequent to close of hearing, clerk pulled plaintiffs motion for summary judgment from clerk's office (SEE EXHIBIT VII: Affidavit of Marcello in Support of Petition for Removal - June 8, 2005).

"The right to civil jury trial is not violated where there is no genuine dispute as to material facts and the court grants summary judgment See N.J. GUY V. PETTY, 646 A.2d 546, 275 N.J. Super. 536." Certainly the defendants cannot obtain summary judgment dismissing plaintiffs complaint where there is clearly genuine dispute as to material facts. "However, summary judgment may not be used to impair the right of trial by jury, See MISS. ALLEN V. MAYER, 587 So.2d 255." The Rule 12(b)(6) failure to state claim treated as summary judgment under Rule 56, as used by Defendant State of RI and Defendants DeSano, Healy, Marcello, Mastriano, is a back-door approach to impair the right of trial by jury as demanded by plaintiffs. The question is whether defendants attorney DeSano, attorney Healy, et al are corrupting the process of this court "Court may be enterprise witin meaning of RICO (18 USCA §§ 1961 et seq.) where participants engaged in patterns of activity designed to corrupt operation of court's own process,.... See AVERBACH V RIVAL MFG. CO. (1987, CA3 Pa)....".

3rd Reason:

THE ORDER AND JUDGMENT IS VOID

Because Defendant Chief LaCross failed to obtain permission from the U.S. District Court of RI during an appeal period as required by Rule 27(b) of the Federal Rules of Civil Procedure for purposes of deposing Plaintiff James Marcello, the proceedings held on December 27, 2005 and the Report and Recommendation dated March 23, 2006 resulting from said proceeding held for the determination of Defendant LaCross' Motion to Dismiss for plaintiffs failure to attend deposition are Coram Non Judice and Void. In the Rhode Case Law: "IN RE COLLEGE ST., 11 R.I. 472 "Invalidity of the judgment for want of jurisdiction of the question determined and to give the particular relief granted, rendering the judgment void, as distinguished from merely voidable, or erroneous, is ground for vacating it, at any time before or after expiration of the term. The court on 12/27/05 lacked jurisdiction of the question determinedand to give the particular report and recommendation whereby the subsequent order 4/7/06 and judgment 4/10/06 is Void.

4th Reason:

COURT ABUSED IT'S DISCRETION AND COMMITTED ERRORS OF LAW

First, Defendant Chief LaCross Qualified immunity plea cannot served as a devise not to stand trial when he has not moved for summary judgment or motion to dismiss under Rule 12(b)(6) and utilized it were complaint of deprivation of "liberty" illegal arrest and false imprisonment for purpose

of aiding a larceny of real estate property "deprivation of property" is properly submitted to a jury where mixed question of law and fact that should be sent to jury as finders of fact See BRISK V MIAMI BEACH (1989, SD Fla) 726 F Supp 1305 as the report and recommendation implies at page 19 par.2.

Second, Defendant Chief LaCross could not claim qualified immunity as defense in 42 USCA § 1983 action where he failed to follow clearly established constitutional law of which he should have known See FIELDS V OMAHA (1987, CA8 Neb) 810 F2d 830 as the court contends that qualified immunity "should be determined at the earliest practicable stage in the case" (report at 19 ¶ 2). Certainly the the purported Landlord tenant eviction case filed by co-defendant attorney Bernard Healy on June 6, 2003 in 6th Distict Ct of RI where a default judgment was entered only on docket sheet with the Notice to Vacate Premise was not signed by any person clearly is Void and does not support a writ of execution for defendant LaCross, Constable Harris, and the entire Barrington Police Depart, Jones Moving and Storage and others unknown to brake the close of 557 Maple Avenue Barrington Rhode Island and arrest persons (plaintiffs) who are the legal owners and provide a free access to defendants Arthur T Marcello, Albert Mastriano, John DeSano, and Bernard Healy to convenient larceny of real and personal property. Defendant LaCross certainly knew this at the time where the record of the court shows as a matter of law that he acted in bad faith and is not entitle to qualified immunity (See Plaintiffs Exhibit I: "6th Dist Ct of RI Record filed by Bernard

P Healy Defendant on 6/6/03" and Exhibit II: "Counterfeit Writ of Execution used by Defendant LaCross on 8/13/03 Deprivation date of plaintiff" attached to Plaintiffs Reply Memorandum of law in Support of Objection to Magistrate Judge's Report and Recommendation dated April 10, 2006).

Third, the determination of the issue of defendant Chief LaCross' qualified immunity defense in 42 USCA § 1983 is purely a legal question to be determined by trial judge prior to trial See ARRINGTON V MCDONALD (1986, CA6 Mich) 808 F2d 466 as the report and recommenation indicate "should be determined at the earliest practicable stage in the case." (citing Cox v. Hainey) (report at 19 ¶ 2).

Forth, Defendant Chief LaCross' cannot obtain a dismissal of the action, (as his obtained a dismissal on is motion to dismiss for failure to attend deposition in absence of permission to depose during appeal as required by Rule 27(b) ), by simply raising the defense; the burden of pleading qualified immunity defense rests with defendant Chief LaCross, and plaintiff - Marcellos are under no obligation to allege that defendant Chief LaCross acted in bad faith See HOLLAND V BREEN (1985, DC Mass) 623 F Supp 284 as the report and recommendation indicates "...many of the benefits of qualified immunity are squandered if an action is incorrectly allowed to proceed to trial (report at 19 § 2). Good faith or qualified immunity defense is affirmative defense which law enforcement official (as Defendant Chief LaCross is) must plead and proof See SPRAGUE V BURLEY (1985) 109 Idaho 656, 710 P2d 566.

## CONCLUSION

Accordingly, and with all due respect to the court, the Memorandum and Order 4/7/06 and Judgment 4/10/06 stemming from the hearing held on December 27, 2006 and Report and Recommendation of March 23, 2006 thereof is Coram Non Judice and Void. Therefore, for the reasons set forth above, Plaintiffs, Mr. James C. and Olivia A. Marcello, respectfully request that their Motion to Vacate Order and Judgment pursuant to Rule 60(b), etc., of the Federal Rules of Civil Procedure be granted; that the court may vacate the order and judgment; that the court may reject, or modify the recommended decision, receive further evidence, and or recommit the matter to the magistrate judge with instructions to entertain the summary judgment papers filed on both sides for proper determination of what genuine issues may or may not exist; and any other and further relief as justice may require.

Respectively Submitted,

PLAINTIFFS * In Pro se

James Marcello

James & Olivia Marcello
152 Cross Rd
Stetson ME 04488
207 296 3433

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum of Law by first class mail, postage prepaid, on this 28th day of APRIL, 2006, to: MICHAEL DESISTO,ESQ 211 Angell St, Providence,RI 02906; ROBERT SMITH,ESQ, 155 S Main St, Providence,RI 02903; and THOMAS PALOMBO,ESQ,AAG, 150 S Main St, Providence,RI 02903.

James Marcello