IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES C. and OLIVIA A. MARCELLO

Plaintiffs

vs. CA NO. 05-004 ML

JOHN A. DESANO, BERNARD P HEALY
JOHN LACROSS, ARTHUR P MARCELLO
ALBERT MASTRIANO & RHODE ISLAND

Defendants

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO REINSTATE CAUSE BY AMENDMENT OF COMPLAINT**

Plaintiffs, Mr. James C. and Olivia A. Marcello, respectfully submit this brief Reply Memorandum of Law in response to Defendants' J. DeSano, B. Healy, A. Mastriano & A. Marcello" Memorandum in Opposition (Opp. Memo.) to the' Motion for Leave to Reinstate the Cause by Amendment of Complaint filed by the Plaintiffs.

In review of the record,the above named Defendants, outright contradict Judge Mary M Lisi's Memorandum and Order dated October 31, 2005 (See Doc. 89 - Memo & Order - See Attachment 1), as to the bare question of [Whether or Not an Order or Judgment of the Court Granting a Defendant's Motion to Dismiss under Rule 12(b)(6) Failure to State a Claim is a "Final Judgment" subject to appeal ?].

**DEFENDANTS' OPPOSITION MEMORANDUM**

The Defendants (Opp. Memo - See Attachment 2) claims that: (1)"In memorandum and order, dated April 7, 2006, Judge Lisi adopted Magistrate Judge Martin's March 23, 2006, report and recommendation in its entirety, granting defendants, John A.

DeSano, Bernard P. Healy, Albert Mastriano and Arthur P. Marcello's, 12(b)(6) motion to dismiss,...."; (2)"On April 10, 2006, the Court entered judgment for all defendants...."; (3) The plaintiffs have not appeal that final judgment." (see Opp. Memo ¶ 1 at 1 & Att: 2 highlighted). (4)"This case has been decided; final judgment has been entered; and the appeal period has long since run." (see Opp. Memo ¶ 2 at 2 & Att: 2 highlighted).

**MEMORANDUM AND ORDER**

Judge Lisi's (Memo & Order 10/31/05 - Doc.89 & Att: 1) states that: (1)...Order granting the Motion to Dismiss (Rule 12(b)(6) failure to state claim - Omitted) brought by the State of Rhode Island (Defendant - Omitted)...." (see Doc. 89 ¶ 2 at 2 & Att: 1 highlighted); (2) These orders, however, resolve interim questions on the way to an ultimate determination of the dispute and are not "final judgments" subject to appeal. (see Doc. 89 ¶ 4 at 2 con. ¶ 1 at 3 & Att: 1 highlighted); (3) A "final judgment" is generally "one which ends the litigation on the merits and leaves nothing the court to do but execute the judgment." Catlin v. U.S., 324 U.S. 229, 233 (1945). (4) The orders (granting defendant "State of RI" motion to dismiss Rule 12(b)(6) failure to state claim" - Doc. 47 & 25 - Omitted) referred to by Plaintiffs are merely rulings on motions, and do not dispose of the whole case, or even a particularly significant part of it; (5)"Courts of Appeals may only hear appeals from final judgments of the trial court,....". (6) Because the orders (granting defendant "State of RI' motion

to dismiss Rule 12(b)(6) failure to state claim - doc. 47 & 25 - Omitted) Plaintiffs attempt to appeal from are interloctory and not final, they may not be reviewed by the appeal court." (see Doc. 89 ¶ 1 at 3 & Att: 1 highlighted).

**ARGUMENT**

First, Plaintiffs recognize that Defendants pointed out that Judge Lisi's Memorandum and Order dated April 7, 2006 adopted Magistrate Judge Martin's March 23, 2006 report and recommendation (Opp. Memo at 1.), Defendants' Opposition Memorandum, however, fails to sight that Memorandum orders or decisions are regarded by the court as a final order, judgment, or decree, and appealable, and appeal therefrom was not required to be dismissed see PEOPLES BANK V. FEDERAL RESERVE BANK OF SAN FRANCSCO, C.C.A.Cal. 1945, 149 F.2d 850.

Second, Plaintiffs cannot "appeal that final judgment" as Defendants contend(Opp. Memo at 1) because interlocutory decisions are "...interim questions on the way to an ultimate determination of the dispute and are not "final judgments"subject to appeal" as Judge Lisi flavorfully expresses in her Memorandum and Order dated October 31, 2006 (see Doc. 89 ¶ 4 at 2 con. 3).

Finally, "final judgment has "not" been entered and the appeal period has "not" long since run" as Defendants argue (Opp. Memo at 2). No "final judgment" has been entered which has been made effective in manner prescribed by Federal Rules of civil Procedure, Rule 58 and 79, 28 U.S.C.A. and is reviewable in circuit Court of Appeals. see ST. LOUIS AMUSEMENT CO. V

PARAMOUNT FILM DISTRIBUTING CORP, C.C.A. No. 1946, 156, F.2d 400.

Therefore, for the reasons, set forth herein and in the initial Memorandum, Plaintiffs respectfully request that their FED.R.Civ.P.Rule 15 Motion for Leave to Reinstate the Cause by Amendment of Complaint be granted; that Plaintiffs may have leave to file an Amendment of Complaint with particularity; that the court may designate a time period for Plaintiffs to serve and file the Amendment of Complaint; that the Plaintiffs may have such other and further relief as the circumstance and justice may require.

Respectfully Submitted,

PLAINTIFFS * In Pro se

James Marcello

Mr. James & Olivia Marcello
152 Cross Rd
Stetson, ME 04438
207 296 3433

**CERTIFICATION**

I, the undersigned, hereby certify that I have mailed a conformed copy of the REPLY MEMORANDUM OF LAW with ATTACHMENTS 1 & 2, on AUGUST 5, 2006, by regular mail, postage prepaid to the following:

MICHAEL DESISTO,ESQ
211 Angell St
Providence, RI 02906

ROBERT SMITH,ESQ
155 S Main St
Providence, RI 02903

THOMAS PALOMBO,ESQ
150 S Main St
Providence, RI 02903

James Marcello